

1   Jeffrey G. Randall (CA Bar No. 130811)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2   525 University Avenue
Palo Alto, CA 94301
3   (650) 470-4500

4   Allan M. Soobert
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
5   1440 New York Avenue
Washington, DC 20005
6   (202) 371-7000

7   David Peyman (CA Bar No. 234268)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
8   300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
9   (213) 687-5000

10   Attorneys for Defendants
eBay Inc. and Half.com, Inc.

11



FILED

FEB 0 2 2007

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

12

13      IN THE UNITED STATES DISTRICT COURT

14      SOUTHERN DISTRICT OF CALIFORNIA

15      '07 CV 231 IEG

16   MERCEXCHANGE, L.L.C.,        )     Miscellaneous Case No. _____

17            Plaintiff,    )     (Case No. 2:01-CV-736 Pending in the United
                        )     States District Court for the Eastern District of
18           v.             )     Virginia)
                        )
19   eBAY INC. AND HALF.COM, INC.,    )     DEFENDANTS eBAY INC.'S AND
                        )     HALF.COM, INC.'S MEMORANDUM
20          Defendants.    )     IN SUPPORT OF THEIR EX PARTE
                        )     MOTION FOR AN ORDER
21                          )     SHORTENING THE TIME FOR
                        )     BRIEFING AND A HEARING

22

23

24   I.     **INTRODUCTION**

25       Defendants eBay Inc. and Half.com, Inc. (together, "eBay"), hereby move *ex parte* for an

26   order shortening the time for briefing and a hearing on their concurrently filed Motion to Compel

27   Fish & Richardson P.C. to Comply with a Subpoena *Duces Tecum. See* Civil Rule 7.1(e)(5).

28

                1       DEFENDANTS' MEM. SUPPORTING EX PARTE MTN FOR
ORDER SHORTENING TIME FOR BRIEFING AND HEARING
Case No. _____

Dockets.Justia.com

## II.    BACKGROUND

The above-captioned case is on remand following a trial and appeals in the Court of Appeals for the Federal Circuit and the United States Supreme Court, and the United States District Court for the Eastern District of Virginia ("EDVA Court") has permitted the parties to take additional discovery—during a very limited time period—to update the record.  In its order dated December 18, 2006, the EDVA Court permitted documentary discovery requests to be served by January 12, 2007, with objections and responses due by February 2, 2007.  *See MercExchange, L.L.C. v. eBay Inc.*, 2006 U.S. Dist. LEXIS 91059 at *29-30 (E.D. Va. Dec. 18, 2006) (the "Discovery Order") (attached as Exh. 1 to Declaration of David Peyman ("Peyman Decl.")).  Each party then may take up to five depositions to be concluded by March 2, 2007.  *Id.*  Pursuant to the Discovery Order, eBay timely filed its subpoena *duces tecum* on Fish & Richardson on January 12, 2007, requesting production by January 24, 2007.  Peyman Decl. Exh. 2.  To date, Fish & Richardson has not produced any documents or a privilege log.

## III.    ARGUMENTS

Good cause exists for shortening time.  If the motion were briefed and heard pursuant to Civil Rule 7.1(e)(1), the earliest possible hearing date would be Monday, March 5, 2007—three days *after* the close of discovery on March 2.  Moreover, the due dates for the parties' opposition and reply briefs under Civil Rule 7.1(e)(2)-(3)—February 19 and 26, 2007, respectively—must be adjusted to give the Court time to review the papers and hold an expedited hearing if appropriate, to give Fish & Richardson time to comply with any order, and to allow eBay time to review the documents for use in depositions before March 2.

Moreover, eBay has diligently pursued discovery and could not have filed its motion in time to permit a standard briefing and hearing schedule.  eBay timely served the subpoena on January 12, 2007, pursuant to the Discovery Order.  On January 26, 2007—two days after the requested production date—eBay wrote Fish & Richardson asking to meet and confer to discuss Fish & Richardson's objections and failure to produce any documents.  After waiting in vain

DEFENDANTS' MEM. SUPPORTING EX PARTE MTN FOR
ORDER SHORTENING TIME FOR BRIEFING AND HEARING
Case No. _____

1  another week for Fish & Richardson to produce documents or meet and confer, eBay noticed its

2  motion to compel.[1]

3  **IV.    CONCLUSION**

4      In order to ensure this matter is heard and documents are produced in time for the parties to

5  use them in depositions before March 2, eBay respectfully asks the Court to issue an order

6  shortening time for briefing on eBay's motion to compel as follows:

7      •    Opposition Due ................................................................February 7, 2007;

8      •    Reply Due .......................................................................February 9, 2007.

9  Given the extremely short discovery period and looming discovery cutoff in this matter, eBay asks

10  the Court to hear this matter as quickly as possible after February 9, depending on the Court's

11  availability.

12

13  Dated: February 2, 2007          Respectfully submitted,

14

15

16      David Peyman (CA Bar No. 234268)

17      Attorneys for Defendants
    eBay Inc. and Half.com, Inc.

18

19

20

21

22

23

24

25

26

27  [1] Only *after* receiving notice of eBay's motion to compel on February 1, 2007, did Fish & Richardson reply to eBay's request for a meet-and-confer dated January 26, 2007.

28

    3    DEFENDANTS' MEM. SUPPORTING EX PARTE MTN FOR ORDER SHORTENING TIME FOR BRIEFING AND HEARING Case No. _____

# EXHIBIT 1

LEXSEE 2006 U.S. DIST. LEXIS 91059

**MERCEXCHANGE, L.L.C., Plaintiff, v. eBAY, INC. and HALF.COM, INC., Defendants.**

**Civil Action No. 2:01cv736**

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA, NORFOLK DIVISION**

*2006 U.S. Dist. LEXIS 91059*

**December 18, 2006, Decided**

**PRIOR HISTORY:** *MercExchange, L.L.C. v. eBay.com, 188 Fed. Appx. 993, 2006 U.S. App. LEXIS 17505 (Fed. Cir., 2006)*

**COUNSEL:** [*1] For Mercexchange, L.L.C., Plaintiff: Brian Mark Buroker, Emerson Vincent Briggs, III, Jennifer Ann Albert, Scott L. Robertson, LEAD ATTORNEYS, Hunton & Williams, Washington, DC; David Michael Young, Thomas J. Cawley, LEAD ATTORNEYS, Hunton & Williams, McLean, VA; Gregory N. Stillman, LEAD ATTORNEY, Hunton & Williams, Norfolk, VA; Kenneth Reed Mayo, LEAD ATTORNEY, Reed Mayo Law Firm PC, Virginia Beach, VA; Seth Paul Waxman, LEAD ATTORNEY, Wilmer Cutler Pickering Hale & Dorr LLP, Washington, DC; Thomas Jefferson Scott, Jr., LEAD ATTORNEY, Hunton & Williams LLP, Washington, DC.

For eBay, Inc., Defendant: Allan Madis Soobert, LEAD ATTORNEY, Skadden Arps Slate Meagher & Flom LLP, Washington, DC; Charles Patrick Ebertin, Jeffrey Scott Karr, Jeffrey Graham Randall, Matthew James Brigham, Michael Christopher Hendershot, LEAD ATTORNEYS, Cooley Godward LLP, Palo Alto, CA; Robert William McFarland, Steven R. Zahn, LEAD ATTORNEYS, McGuire Woods LLP, Norfolk, VA.

For Half.com, Inc., Defendant: Allan Madis Soobert, LEAD ATTORNEY, Skadden Arps Slate Meagher & Flom LLP, Washington, DC; Jeffrey Scott Karr, Jeffrey Graham Randall, Matthew James Brigham, Michael Christopher Hendershot, LEAD [*2] ATTORNEYS, Cooley Godward LLP, Palo Alto, CA; Robert William McFarland, Steven R. Zahn, LEAD ATTORNEYS, McGuire Woods LLP, Norfolk, VA.

For Pierre Omidyar, Interested Party: Robert William McFarland, LEAD ATTORNEY, McGuireWoods LLP, Norfolk, VA.

**JUDGES:** Jerome B. Friedman, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** Jerome B. Friedman

**OPINION:**

**ORDER AND OPINION**

On November 17, 2006, the court conducted a hearing to address four motions filed by eBay, Inc. and Half.com, Inc. (collectively "eBay"): (1) "Motion to Strike New & Irrelevant Evidence"; (2) "Motion Strike Nahan Declaration"; (3) "Motion for Leave to Submit Motion to Enforce the Court's Protective Order"; and (4) "Motion to Enforce Court's Protective Order." For the reasons set out herein, the court **DENIES** both eBay's motion to strike new evidence and motion to strike the Nahan declaration; however, such ruling requires that both eBay and MercExchange be afforded the opportunity to perform limited discovery in order to update the record to the present time. Additionally, the court **GRANTS** eBay's motion for leave to submit the protective order motion and **GRANTS** in part, and **DENIES** in part, the substantive [*3] protective order motion.

**I. Factual and Procedural Background**

2006 U.S. Dist. LEXIS 91059, *3

In an effort to avoid repeating a detailed depiction of the facts and procedural posture of the instant litigation, the limited background pertinent to the instant motions is as follows: subsequent to the grant of summary judgment in favor of eBay based on a finding of invalidity on the asserted claims of the '051 patent and a jury verdict awarding damages to MercExchange based on eBay's infringement of the '265 patent, on August 6, 2003, this court entered an order and opinion denying MercExchange's motion for an injunction. n1 *MercExchange, L.L.C. v. eBay, Inc., Inc., 275 F. Supp. 2d 695 (E.D. Va. 2003)*. On appeal, the Federal Circuit vacated this court's grant of summary judgment on the '051 patent and reversed the denial of MercExchange's motion for a permanent injunction. *MercExchange, LLC v. eBay, Inc., 401 F.3d 1323 (Fed Cir. 2005)*. The Supreme Court granted certiorari to address the proper standard for entry of a permanent injunction and ultimately vacated the Federal Circuit's injunction ruling, defining the traditional four-part equitable test as the proper standard for the [*4] injunction calculus in patent cases. *eBay Inc. v. MercExchange, L.L.C., 126 S. Ct. 1837, 164 L. Ed. 2d 641 (2006)*.

n1 In short, the '051 patent covers auction style transactions where prospective buyers bid on an item whereas the '265 patent covers fixed price transactions such as eBay's "buy-it-now" sales option where the seller sets a fixed purchase price.

This matter has now been remanded to this court for consideration of MercExchange's renewed motion for a permanent injunction, as well as for an eventual trial on the '051 patent. The two primary motions presently under consideration by the court are: (1) MercExchange's renewed motion for a permanent injunction; and (2) eBay's motion to stay the proceedings in light of the Patent and Trademark Office (PTO) reexamination of both the '265 and '051 patents. The four motions that are addressed in this order are secondary motions that are relevant to this court's consideration of the motion for an injunction and motion to stay. Because the court previously denied [*5] MercExchange's motion for an injunction in an order dated August 6, 2003, the court's references to "new" evidence or "recent" developments refer to occurrences subsequent to this court's August 6, 2003, ruling, whereas references to "backfilled" evidence refer to facts that existed as of August 6, 2003, yet were

not made part of the record.

## II. eBay's Motion to Strike New and Irrelevant Evidence

eBay's motion to strike was filed in response to numerous exhibits, including expert declarations, filed by MercExchange in support of its renewed motion for a permanent injunction. n2 Although eBay conceded at the hearing on this matter that injunctive relief's prospective nature requires the court to consider present circumstances in determining whether or not to grant an injunction, eBay contends that MercExchange has improperly submitted numerous exhibits seeking to backfill the record and re-litigate issues already decided by this court. Furthermore, eBay challenges the fact that two of the expert declarations submitted as exhibits to MercExchange's motion were submitted by previously undisclosed experts. As to the portions of MercExchange's exhibits that relate to recent [*6] factual developments, consisting primarily of MercExchange's business relationship with uBid, Inc. (uBid), eBay contends that such evidence is duplicative and irrelevant.

n2 It should be noted from the outset that eBay has also filed voluminous exhibits in support of its motion to stay.

In contrast, MercExchange contends that it is not trying to backfill the record, but rather, the portions of the exhibits discussing prior events are merely included to present a factual background that is relevant to this court's decision as to whether or not to enter an injunction. With respect to the previously undisclosed experts, MercExchange argues that the legal standard applicable to the court's injunction decision has been called into question by eBay and that such declarations were submitted to clarify the irreparable harm that MercExchange will suffer in case the court concludes that a presumption of irreparable harm no longer exists. Finally, as to uBid, MercExchange argues that such evidence is both relevant and significantly [*7] different from evidence previously advanced, and thus, is not duplicative.

Although the parties disagree on virtually every factual and legal issue relevant to the instant matter, they agree that the decision as to whether to "reopen the record" on remand lies squarely within this court's

discretion. See *United States v. Virginia, 88 F.R.D. 656, 662 (E.D. Va. 1980)* (recognizing that it is "well-established that, in the absence of error affecting the introduction of evidence at trial, the decision whether to reopen the evidence at a later stage of the proceedings rests with the trial judge"). Although the court's exercise of such discretion is dependant upon a careful case-by-case analysis, the type of relief sought on remand unquestionably has a significant impact on the court's decision as prospective equitable relief, such as an injunction or a stay of the proceedings, necessitates that the court consider the facts as they exist at the time of remand and not as they existed several years in the past. See *Lyons Partnership, L.P. v. Morris Costumes, Inc., 243 F.3d 789, 799 (4th Cir. 2001)* ("A prospective injunction is entered only on the basis [*8] of current, ongoing conduct that threatens future harm.") (emphasis added). The current facts are so vital to the court's decision when such form of relief is sought as the court is not only charged with determining the equitable relief appropriate on the date of the court's order, but is also expected to fashion relief that appears appropriate for extension into the future; such task can hardly be faithfully completed in reliance on a record that is nearly three and half years old and established prior to a significant factual development. See *Continental Airlines, Inc. v. United Airlines, Inc., 277 F.3d 499, 503 (4th Cir. 2002)* (remanding for reconsideration of an injunction involving airport security screening equipment and recognizing that, "on remand, the district court and the parties will undoubtedly have to deal with [the ramifications of September 11th] in considering any prospective relief"); see also *Direx Israel, Ltd. v. Breakthrough Medical Corp., 952 F.2d 802, 819 (4th Cir. 1991)* ("[W]e reverse the grant of the injunction herein and remand the case for further proceedings consistent with the rulings herein, without prejudice [*9] to the right of the plaintiff to premise its motion on new or changed circumstances."); *Huminski v. Corsones, 396 F.3d 53, 94 (2d Cir. 2005)* ("Upon remand, the district court should consider whether, under present circumstances, permanent injunctive relief is required and, of course, the terms of any such injunction.").

Based on the prospective nature of the relief sought, as well as the significant time lapse subsequent to this court's denial of MercExchange's original motion for an injunction, as set forth in greater detail below, the court denies eBay's motion to strike the exhibits submitted in support of MercExchange's renewed motion for an injunction. First, such evidence is not improper in the absence of a formal motion; second, the majority of such exhibits do not appear to be an attempt to improperly backfill the record and to the extent that such exhibits are in conflict with the court's prior factual findings they will be disregarded; and third, information relating to MercExchange's business relationship with uBid is not duplicative nor untimely. Because the court is willing to accept submissions by both parties that update the court on factual developments [*10] occurring after 2003, the court will permit limited discovery in order to afford the parties the traditional protections of the adversarial system.

**A. MercExchange's failure to file a written motion to reopen the record does not require that MercExchange's exhibits be stricken.**

eBay's motion to strike first seeks to have MercExchange's exhibits stricken on procedural grounds, arguing that new evidence is not properly before the court both because MercExchange failed to file a formal motion to reopen the record and because the opinions of both superior courts failed to suggest that the record be reopened on remand. First, from a legal standpoint, eBay fails to cite any caselaw directly on point suggesting that such new evidence must be stricken in absence of formal motion by MercExchange. Additionally, eBay's allegation that MercExchange failed to file such motion is hypocritical in light of the fact that eBay also failed to file a motion to reopen the record prior to submitting recent PTO reports and other factual exhibits in support of its motion to stay. Second, from a practical standpoint and as conceded by eBay, common sense dictates that a dispute over prospective relief [*11] requires consideration of the facts as they exist at the time of the hearing, not as they existed over three years ago, and this court does not require a superior court to instruct it to apply such common sense requirement. Furthermore, although MercExchange did not file a formal motion seeking to reopen the record, it is clear from the transcript of a telephone status conference conducted by this court on July 28, 2006, that MercExchange announced its intent to introduce additional evidence reflecting factual developments occurring subsequent to trial. The following exchange occurred during such call:

> Mr. Stillman (MercExchange):
> In terms of scheduling, obviously time is
> of the essence with respect to our request

2006 U.S. Dist. LEXIS 91059, *11

for injunctive relief. But nonetheless, we would like the opportunity to supplement the record, the evidentiary record, on that request to bring it current, to make the Court aware of what MercExchange has been about in the three plus years since the jury entered its verdict, and to get some guidance from you about scheduling and how we would go about doing that.

*The Court:*
All right. Mr. Randall.

*Mr. Randall (eBay):*
Your Honor, our view [*12] is that based on the re-exam proceedings -- and the re-exam was initially granted in June of 2004, so it's been going on for two years. There have been two significant rejections of all claims. . . . So we are asking that the Court first consider our motion to stay.

(July 28, 2006 Conf. Call p.6). The excerpt cited above not only establishes that the court and both parties understood that MercExchange would be submitting exhibits reflecting recent factual developments in conjunction with its renewed motion for an injunction, but also highlights the fact that eBay's motion to stay relies almost exclusively upon recent factual developments, that is, the PTO reexamination proceedings. As a result, the court, in its discretion, concludes that reopening the record for the limited purpose of admitting evidence relevant to the parties' motion for an injunction and motion to stay and targeted at the period subsequent to August 6, 2003, is proper notwithstanding the fact that a formal motion was not filed by MercExchange.

**B. The court will disregard the portions of exhibits attempting to introduce facts predating August 6, 2003, that were not previously made part of the record [*13] and those portions attempting to recast the prior record in a manner inconsistent with this court's findings of fact.**

As stated above, the court's decision to reopen the record for the limited purpose of permitting the parties to update the court on factual developments occurring subsequent to this court's August 2003 order does not permit the parties to backfill the record by presenting evidence that was previously available yet not advanced either at trial or in support of MercExchange's initial

motion for an injunction. n3 Likewise, the court's decision to reopen the record does not permit the parties to recast the prior record in a manner inconsistent with the findings of fact associated with the court's denial of MercExchange's original motion for an injunction. Notably, significant portions of the declarations challenged by eBay advance facts and opinions aimed at proving that MercExchange intended to commercialize its inventions from their infancy even though this court's prior findings suggest otherwise. Furthermore, any impropriety contained in such declarations is compounded by the fact that eBay has not had the opportunity to depose the individuals in relation to their [*14] newly submitted declarations. n4

> n3 As discussed below in Part III, the one exception to the August 6, 2003, cutoff date is that the court, in its discretion, will permit the parties to investigate the fraud alleged by MercExchange with respect to eBay's meeting with Kenneth Nahan and the introduction of the Newman video. The court permits such inquiry even though the pertinent facts predate the court imposed cutoff date because eBay produced the Newman video shortly before trial and after the close of discovery; thus, MercExchange may not have previously been permitted sufficient time to fully investigate such matter.

> n4 As previously mentioned, two of the expert declarations were submitted by experts not previously identified by MercExchange.

For example, MercExchange has submitted a recent declaration of Thomas Woolston, MercExchange's president, that purports to document MercExchange's history from its founding until the present. Although the court is willing to consider the portions of such report that [*15] document factual developments occurring subsequent to August 6, 2003, the portions of the declaration advancing Mr. Woolston's portrayal of events prior to such time should have been submitted, if at all, either at trial or in support of MercExchange's original motion for an injunction. Similarly, although the recently submitted expert declaration of Larry Evans, who testified at trial on behalf of MercExchange, permissibly cites trial testimony, it repeatedly offers the opinion that "[f]rom the outset, Mr. Woolston sought to commercialize his patents" (Evans Decl. P 32); such

2006 U.S. Dist. LEXIS 91059, *15

conclusion appears to vary from, and may even be in contravention of, this court's prior finding that "the evidence of the plaintiff's willingness to license its patents, its lack of commercial activity in practicing the patents, and its comments to the media as to its intent with respect to enforcement of its patent rights, are sufficient to rebut the presumption that it will suffer irreparable harm if an injunction does not issue." *MercExchange, 275 F. Supp. 2d at 712.* n5 Although the Supreme Court concluded that neither this court nor the Federal Circuit "correctly applied the traditional [*16] four-factor framework that governs the award of injunctive relief," *eBay Inc., 126 S. Ct. at 1840,* remand permits MercExchange the opportunity to argue that applying the "correct" legal framework to the previous record, as supplemented by interim factual developments, an injunction is warranted; it does not provide the opportunity to recast the prior record. To clarify, the undisturbed record led this court to conclude that prior to 2003, MercExchange exhibited a "willingness to license its patents" a "lack of commercial activity in practicing the patents" and that its "numerous comments to the media before, during, and after this trial indicat[e] that it did not seek to enjoin eBay but rather sought appropriate damages for the infringement." *MercExchange, 275 F. Supp. 2d at 712.* Although MercExchange has every right to argue that such factual findings, applied to the proper legal test, warrant an injunction, or, that such factual findings when considered in light of recent developments, both factual and legal, warrant an injunction, it will not be presented the opportunity to challenge such factual findings. Thus, MercExchange may argue that this [*17] court was legally incorrect in concluding that a willingness to license or lack of commercial activity suggest that an injunction is not warranted; however, it may not attempt to argue that it was never willing to license or that it never had a lack of commercial activity practicing the patents.

        n5 Set forth below is a more complete quote from this court's August 6, 2003, order and opinion discussing MercExchange's lack of commercial activity. The order stated:
                The defendants next argue that there was evidence adduced at trial proving that the plaintiff is willing to license or sell its patents. On this point, the defendants are correct. Substantial evidence was

adduced at trial showing that the plaintiff does not practice its inventions and exists merely to license its patented technology to others. Indeed, the plaintiff has made numerous comments to the media before, during, and after this trial indicating that it did not seek to enjoin eBay but rather sought appropriate damages for the infringement. The Federal Circuit has observed that "the lack of commercial activity by the patentee is a significant factor in the calculus" of whether the patentee will suffer irreparable harm absent an injunction. *High Tech Medical Instrumentation, Inc. v. New Image Indus., Inc., 49 F.3d 1551, 1556 (Fed. Cir. 1995).* In the case at bar, the evidence of the plaintiff's willingness to license its patents, its lack of commercial activity in practicing the patents, and its comments to the media as to its intent with respect to enforcement of its patent rights, are sufficient to rebut the presumption that it will suffer irreparable harm if an injunction does not issue. Moreover, the plaintiff never moved this court for a preliminary injunction. If it believed that it was suffering irreparable harm by the defendants' continued infringement of its patents, such a motion would have been appropriate. This fact, while certainly not dispositive of the issue, lends additional weight in support of the defendants' arguments that the plaintiff will not be irreparably harmed absent an injunction.

*MercExchange, 275 F. Supp. 2d at 712* (footnote omitted).

[*18]

    In order to preserve the admissible portions of

2006 U.S. Dist. LEXIS 91059, *18

MercExchange's submissions, as well as avoid the delay associated with ordering that MercExchange's experts rewrite their reports without the portions that attempt to recast facts predating August 6, 2003, the court will simply disregard any opinion or argument seeking to re-litigate the court's prior factual findings. n6 The court in no way suggests that it will not entertain counsels' arguments as to how the previous record, established through trial and this court's prior injunction ruling, as well as any interim factual updates, should be applied to the correct legal framework; rather, the court will simply not reconsider its past factual findings regarding the time period prior to August 6, 2003. As a result, counsel for both parties are invited to refer to the prior record, as well as recent factual developments, and argue that such facts, when applied to the proper legal standard, warrant an injunction; however, the court will give no weight to arguments, opinions, or exhibits that attempt to add to, modify, or recast the court's prior factual findings. n7

> n6 The court suggests that both parties re-familiarize themselves with this court's August 6, 2003, order prior to the hearing on the motion for an injunction and motion for a stay as the factual findings of the court dealing with the time period prior to August of 2003 remain undisturbed.

[*19]

> n7 Although the court does not condone the submission of declarations from previously undisclosed experts, the court recognizes MercExchange's justification for such submissions, namely, that the legal standard for issuing an injunction was in flux throughout the appeal of this matter and appears to remain uncertain today in that the Supreme Court did not expressly address whether the presumption of irreparable harm upon a showing of validity and infringement survives the Supreme Court's decision; however, the court does not believe that an expert primer on irreparable harm suffered by small companies whose patents are infringed offers any significant support for MercExchange's position. First, the Supreme Court cautioned the lower courts about avoiding categorical rules, and the expert declaration offered by Lori Pressman, one of the experts not previously disclosed,

presents virtually no information with respect to MercExchange nor relevant post trial developments, but rather, presents an opinion painted with a very broad brush suggesting that small companies holding patents will always be irreparably harmed absent the right to exclude. Similarly, portions of the other expert reports, such as the Evans declaration, make similar generalizations concluding: "An individual inventor or small company that lacks the financial resources to take on the big guy in high-stakes patent litigation should not be forced to grant compulsory licenses" (Merc. Injunct. Memo Ex.17 P 103). Again, the court will not strike such declarations in light of the fact that MercExchange will be given the opportunity to conduct limited discovery, including depositions of some of such experts if it chooses; however, the court will afford little weight to exhibits espousing categorical rules or seeking to highlight the woes of the small patent holder while ignoring this court's prior findings.

[*20]

**C. References to uBid are not duplicative nor untimely.**

As can be inferred from the discussion above, the court rejects eBay's contention that references to MercExchange's business relationship with uBid, a factual development occurring subsequent to August 6, 2003, are duplicative or untimely. First, such references are not untimely as MercExchange did not have a business relationship with uBid when the initial motion for an injunction was filed, and thus, evidence regarding uBid is not backfill of the record, but rather, is precisely the type of evidence updating the court on recent developments that is vital to the court's injunction calculus. See *Lyons, 243 F.3d at 799* ("A prospective injunction is entered only on the basis of current, ongoing conduct that threatens future harm.") (emphasis added). Second, although eBay effectively demonstrates that the non-exclusive license entered into between uBid and MercExchange is not particularly lucrative and appears similar to Mercexchange's past non-exclusive licenses, the declaration of Timothy Takesue, the Merchandising Executive Vice President of uBid, highlights the fact that the terms of such contract [*21] are not very favorable to MercExchange primarily because eBay is infringing on

2006 U.S. Dist. LEXIS 91059, *21

MercExchange's '265 patent and that an exclusive license n8 or merger has been contemplated but has not come to fruition due to eBay's infringement. The sworn claims that eBay's infringement on the '265 patent is directly hindering MercExchange's business opportunities distinguishes uBid from most of MercExchange's past licencing partners, as the trial record establishes that some of MercExchange's past difficulties commercializing its patents were not a result of eBay's infringement. Furthermore, sworn testimony from a uBid executive establishing that a merger between MercExchange and an internet auction website that directly competes with eBay was contemplated, yet foreclosed as a result of eBay's infringement distinguishes the business relationship with uBid from past licencing agreements. Thus, uBid is not unique based on the terms of the current non-exclusive license, but rather, the potential for an exclusive license or merger and the apparent value of such relationship to both uBid and MercExchange if an injunction prevented eBay from offering "buy-it-now" sales on its website while uBid, a direct [*22] competitor, was able to offer such option on its website. n9 As a result, the court will not strike MercExchange's submissions advancing evidence with respect to uBid; however, as previously mentioned, the court will reopen the record in a limited manner in order to permit eBay to perform depositions and further investigate the MercExchange/uBid business relationship.

n8 eBay argues that the terms of several of MercExchange's prior licenses would preclude MercExchange from granting an exclusive license to uBid. Such argument, even if correct, ignores the reality that uBid appears to place virtually the entire value of an exclusive license to the '265 patent on the ability to utilize such patent while preventing eBay from doing so. Thus, even if technically MercExchange could not grant uBid an exclusive license to the '265 patent covering every field of use, a nearly exclusive license that prevents MercExchange from granting further licenses to uBid's competitors, especially to eBay, ultimately appears to have the same effect and value as what MercExchange and uBid refer to as an "exclusive license."

[*23]

n9 The recurring issue underlying nearly

every dispute presently before the court is whether or not eBay has designed around the '265 patent; if it has, then an exclusive license is of virtually no value to uBid, nor is an injunction of much value to MercExchange. Although eBay has offhandedly referred to its purported design around both in court and in its briefs, eBay appears to have failed to advance any evidence nor even make the express, yet uncorroborated, claim that it has in fact designed around the '265 patent.

**D. Although the court will permit additional discovery, such discovery is limited in scope and time.**

Although the court recognizes the necessity of updating the record with recent factual developments, the court will not permit the parties to backfill or recast facts in a manner inconsistent with this court's prior findings. However, even though portions of the challenged declarations plainly ignore this court's prior factual findings and at times advance opinions that appear more appropriate for counsel to argue, the court declines to strike such reports because the court [*24] recognizes, first, that its prior factual findings were limited, and second, that the expert reports generally do not attempt to backfill the record by adding new facts, but rather, merely cite trial testimony in an attempt to highlight MercExchange's version of pre-2003 events. Thus, rather than striking such reports, the court will simply disregard and give no weight to any portions of such reports that the court deems to be inconsistent with its prior factual findings.

In light of the court's decision not to strike such reports, nor strike references to uBid, the court must permit some form of discovery to ensure that the parties have a fair opportunity to investigate and challenge evidence advanced by the opposing party. n10 As discussed at the hearing on this matter, eBay relies on *Lussier v. Runyon, 50 F.3d 1103 (1st Cir. 1995)* for the proposition that "once the record is closed, a district court, absent waiver or consent, ordinarily may not receive additional factual information of a kind not susceptible to judicial notice unless it fully reopens the record and animates the panoply of evidentiary rules and procedural safeguards customarily available to [*25] litigants." *Id. at 1105-06* (emphasis added). Adding some context to such quote, in Lussier the district court was

2006 U.S. Dist. LEXIS 91059, *25

"[d]issatisfied with the trial evidence" regarding the plaintiff's future disability benefits, so the court, in an effort to accurately calculate plaintiff's damages, ordered the parties to file a status report concerning certain disability payments that plaintiff would receive in the future. *Id. at 1113.* Plaintiff, "though objecting vigorously to the directive," submitted some evidence relating to his interim disability payments, whereas the defendant offered no information. Id. Subsequently, the court, apparently exasperated with defendant's failure to submit requested information, used the plaintiff's forced submission to calculate the present value of plaintiff's future disability benefits, reduced plaintiff's damages based on such calculation, and "paid lip service" to the fact that it had "reopened the record." *Id. at 1113, 1115 n.16.* On appeal, the First Circuit concluded that although the district court claimed to have reopened the record, its actions failed to approach the proper method of reopening the [*26] record as the court, "over the plaintiff's objection, engaged in a unilateral pursuit of additional evidence without affording the parties the standard prophylaxis that generally obtains at trial . . . [including] the right to object to evidence, the right to question its source, relevance, and reliability, the right to cross-examine its proponent, and the right to impeach or contradict it." *Id. at 1115 n.16.*

n10 Although MercExchange firmly opposes reopening discovery as doing so delays resolution of its motion for an injunction, it was MercExchange that submitted numerous expert reports, some nearly forty pages in length with hundreds of pages of exhibits, and a declaration in support of a new allegation that eBay committed a fraud on this court. The court's decision to consider such materials necessitates that eBay be permitted the opportunity to investigate them.

Although this court's views are in alignment with the First Circuit's, the court does not agree with eBay's broad categorization [*27] of the Lussier opinion standing for the proposition that if the record is reopened, it must be reopened without limitation. Rather, Lussier espouses the proposition that a court, no matter what its motivations, may not undertake the unilateral pursuit of extra-record evidence nor under any circumstances consider evidence advanced by one party concerning disputed material facts that the opposing party is not presented an opportunity to

challenge. *Id. at 1113;* see also *Black v. TIC Investment Corp., 900 F.2d 112, 116 (7th Cir. 1990)* ("Where new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the movant an opportunity to respond."). Such requirement is a "fundamental principle of our jurisprudence" as "[o]urs is a system that seeks the discovery of truth by means of a managed adversarial relationship between the parties, [and] [i]f we were to allow judges to bypass this system, even in the interest of furthering efficiency or promoting judicial economy, we would subvert this ultimate purpose." *Lussier, 50 F.3d at 1113-14.* Thus, a district [*28] court may, in its discretion, "reopen the record" in a limited manner with respect to a targeted issue, so long as the parties are presented an equal and fair opportunity to investigate the facts and challenge the opposing party's evidence through traditional adversarial means. See, e.g., *Black, 900 F.2d at 116* (remanding and explaining that a late filed affidavit could either be considered or disregarded by the district court; however, if accepted, the court must afford the opposing party the opportunity to respond); *Chamberlain v. Denny's, Inc., 206 F.R.D. 418, 419-20 (D. Md. 2002)* (permitting the plaintiffs to file an affidavit from an individual improperly omitted from a prior discovery request because "the evidence to be presented by the witness [tardily identified] was particularly significant and dealt with a key issue in the case"; however, because such individual "had not been previously identified as a witness in the case, the Court granted defendant the right to depose him and ascertain pertinent facts relating to his observations . . .").

Here, the court's denial of eBay's motion to strike MercExchange's exhibits necessitates that, in [*29] order to preserve the adversarial system, the court reopen the record and permit the parties additional time to perform limited discovery into the new evidence submitted to the court. As requested by eBay at the hearing on this matter, the parties are permitted to perform additional depositions as well as serve document requests; however, all discovery requests must be confined to the investigation into events occurring subsequent to this court's denial of MercExchange's initial motion for an injunction. Furthermore, because the court's decision to reopen the record is not made without consideration of MercExchange's interest in a speedy resolution of its motion for an injunction and the extensive discovery previously conducted, the court will limit each party to five depositions, lasting no longer than six hours each,

2006 U.S. Dist. LEXIS 91059, *29

and all depositions must be concluded by March 2, 2007. Additionally, all document requests must be served no later than January 12, 2007, and objections or responses are due no later than February 2, 2006. In the event that discovery disputes arise, the parties must contact Magistrate Judge James Bradberry no later than February 6, 2007, to determine an expedited discovery [*30] dispute procedure. Such limited time-frame should be more than sufficient to afford the parties, which each have extensive legal teams spanning multiple law firms, adequate time to investigate the pertinent issues, yet at the same time will allow for a hearing on the motion for an injunction and motion to stay to be conducted in the near future. Following the conclusion of discovery, the parties will be permitted until March 16, 2007, to file a supplemental brief, not to exceed twenty pages, in support of its motion and in opposition of the opposing party's motion. n11 The court anticipates that such briefs will focus primarily on the updated discovery and the impact of such discovery on the pending motions.

> n11  The court is cognizant of MercExchange's desire for the speedy resolution of its motion and the court begrudgingly permits the parties until March 2, 2007, to complete additional discovery, which, along with two weeks for supplemental briefing, delays resolution of this matter until at least March 16, 2007. The court originally intended to permit the parties a significantly shorter period to conduct discovery; however, due to the close proximity of the issuance of this order to the December holiday season, realistically, the court recognizes that neither the lawyers nor the deponents would be able to comply with such a schedule without modification.

[*31]

The court's decision to limit discovery is permitted by *Federal Rule of Civil Procedure 26(b)(2)* which states: "By order, the court may alter the limits in these rules on the number of depositions and interrogatories or the length of depositions under *Rule 30*. By order or local rule, the court may also limit the number of requests [for admission]." *Fed. R. Civ. P. 26(b)(2)*. Thus, pursuant to such rule and in recognition of the already well-developed record, there will be no interrogatories and no requests for admission during the limited

discovery period; however, as discussed above, the court will permit both eBay and MercExchange to perform five depositions and to serve document requests relevant to the time period beginning August 6, 2003. The propriety of the court's limits on discovery is further bolstered by the fact that eBay stated at oral argument that it was not seeking never-ending discovery, but intended on submitting document requests, as well as performing a limited number of depositions including corporate depositions of uBid, MercExchange, and possibly Altitude Capital. n12 Although MercExchange [*32] has not requested the right to conduct depositions or serve document requests, the court will permit each party the same discovery rights. To reiterate, the permissible discovery must relate to developments subsequent to August 6, 2003, that are relevant to MercExchange's motion for an injunction and eBay's motion to stay the proceedings.

> n12  The court sees minimal relevance in exploring the details of Altitude Capital's alleged capitalization of MercExchange because even if MercExchange recently received a multi-million dollar influx from such source, considering the totality of the circumstances and the damages at stake in this litigation, such fact appears to have little impact on the determination of whether or not an injunction should issue. However, the court will permit the parties to choose how to allocate their five permitted depositions, so long as the depositions seek to obtain information relating to events occurring subsequent to this court's August 6, 2003, order.

### III. eBay's Motion to Strike [*33] the Nahan Declaration

eBay's challenge to the sworn declaration submitted by Kenneth Nahan prompted a separate motion to strike because such declaration was not filed in support of MercExchange's injunction motion, but rather, was filed as an exhibit to MercExchange's response in opposition to eBay's motion to stay the proceedings. MercExchange submits the Nahan declaration in support of its claim that, at trial, eBay perpetrated a fraud on the court and, therefore, is not deserving of a favorable ruling in equity. The fraud alleged by MercExchange involves eBay's failure to disclose that it had a meeting with Mr. Nahan prior to trial at which eBay was allegedly informed that

2006 U.S. Dist. LEXIS 91059, *33

the Newman video, an exhibit introduced by eBay at trial, was confidential. eBay contends that such claim is false, irrelevant, and untimely; furthermore, eBay denies all allegations of fraud.

eBay attempts to suppress the Nahan declaration based on arguments similar to those discussed in the previous section of this order, specifically, both that MercExchange did not file a motion seeking to reopen the record and that MercExchange previously had the opportunity to file such declaration or call Mr. Nahan [*34] as a witness and its failure to do so makes the declaration untimely. Additionally, eBay highlights the fact that, at trial, MercExchange challenged the admissibility of the Newman video and objected to statements suggesting that such video was public, making submission of the Nahan declaration duplicative and unwarranted. MercExchange counters by pointing out that although the facts regarding eBay's meeting with Mr. Nahan may have previously been in existence, eBay did not produce the Newman video until after the close of discovery and eBay never informed MercExchange or the court of its meeting with Mr. Nahan. MercExchange contends that is it disingenuous for eBay to have concealed the confidential nature of the video, as well as its meeting with Mr. Nahan, and then fault MercExchange for failing to uncover such intentional concealment.

Along with the claims duplicative to the motion to strike the injunction exhibits, eBay also seeks to have portions of the Nahan declaration stricken for containing inadmissible hearsay. n13 Furthermore, eBay contends that the Nahan declaration should be stricken because MercExchange failed to provide evidence corroborating Mr. Nahan's confidentiality [*35] claims. n14 In response to the hearsay claim, MercExchange argues that all statements made by eBay's counsel are not hearsay under *Rule 801(d) of the Federal Rules of Evidence* as they represent statements by a party opponent. With respect to the lack of corroboration, MercExchange contends that because it was eBay's burden at trial to prove that the Newman video was public, neither MercExchange or Mr. Nahan need to provide corroboration to establish the confidentiality of the video.

n13 Numerous paragraphs of the Nahan declaration include references to what Mr. Nahan was told by counsel for both MercExchange and eBay. Additionally, two paragraphs contain information apparently relayed from eBay's counsel, to Mrs. Nahan, to Mr. Nahan.

n14 MercExchange has provided what purports to be a control log and several sample unsigned confidentiality agreements in an attempt to corroborate Mr. Nahan's claims that the Newman video was maintained as confidential. eBay challenges the authenticity, relevancy and admissibility of such exhibits.

[*36]

As discussed in detail in Part III above, the court will not strike any of MercExchange's exhibits, including the Nahan declaration, based on the lack of a formal motion to reopen the record. As to the timing of the Nahan declaration, eBay's failure to produce the Newman video until after the close of discovery supports MercExchange's claim that it never had the opportunity to fully investigate the facts surrounding the video. That being said, the Nahan declaration, submitted by MercExchange in opposition to eBay's motion to stay, appears to be rather far afield from the primary issues before the court, and although certainly relevant to the court's equity calculus, the court recognizes not only that the declaration includes hearsay, but that Mr. Nahan has minimal corroboration for his position and that MercExchange has submitted conflicting affidavits. n15 Considering which party carries the burden, although MercExchange is correct that at trial the burden was on eBay to prove that the video was in the public domain, thus potentially invalidating MercExchange's patents, at this stage in the proceedings it is MercExchange that is attempting to prove that eBay committed a fraud [*37] on the court, and therefore, it is MercExchange that carries the burden to establish not only that the video was in fact confidential, but that eBay knew it was confidential and represented otherwise to the court.

n15 eBay submits affidavits from Douglas Graham and Karen Bacon, past officers of Honicorp Inc. (Honicorp), Mr. Nahan's company. Such affidavits are offered in support of eBay's claims that the Newman video was not confidential and that eBay's counsel was informed prior to trial that the Newman video was not confidential.

Based on the considerations discussed above, the court denies eBay's motion to strike the Nahan declaration as although MercExchange's allegation of fraud may be somewhat tangential to the primary issues before the court, it is true that if eBay has perpetrated a fraud on the court it is undeserving of a ruling in equity. The court does, however, recognize both that several statements within the Nahan declaration appear to be inadmissible hearsay and that MercExchange's evidence [*38] attempting to corroborate Mr. Nahan's statements is not compelling. Likewise, although the past Honicorp officers' affidavits, advanced by eBay, characterize the video as non-confidential, such affidavits suffer from a similar infirmity as the Nahan affidavit as portions are plainly hearsay. Therefore, as with the portions of the expert reports that the court deems improper, the court will give no weight to hearsay statements contained in any affidavit before the court and will give the weight the court deems appropriate to the portions of the declarations that are properly before the court.

In anticipation of the court's denial of eBay's motion to strike the Nahan declaration, eBay has requested both in its memoranda and at oral argument that, in that alternative, it be afforded the opportunity to depose Mr. Nahan as well as file declarations in opposition of the Nahan declaration. However, as previously noted, eBay has in fact already filed two declarations in opposition of the Nahan declaration, and therefore, eBay's request to submit additional declarations is denied. n16 As for eBay's request to depose Mr. Nahan, the previous section of this order indicated that the court is [*39] permitting both parties the opportunity to perform five additional depositions and if eBay chooses to use one if its five depositions on Mr. Nahan, it may do so. Likewise, MercExchange is permitted to allocate two of its depositions to the two Honicorp officers that offered declarations in opposition of the Nahan declaration if it chooses to do so. The court clarifies that the issue regarding the Newman video is the only issue pre-dating the court's August 6, 2003, denial of MercExchange's injunction motion that the parties are permitted to investigate during discovery, and that such investigation is being permitted only as a result of eBay's tardy submission of the Newman video after the close of trial discovery.

n16 Such declarations are attached as exhibits 18 and 20 to eBay's reply brief in support of its

motion to stay. Exhibit 18 is a sworn statement offered by Douglas Graham, the president of Honicorp from 1991-1993 and it suggests both that the Newman video was not confidential and that Graham told eBay it was not confidential in March, 2003 (eBay Reply to Mo. to Stay Ex.18).

[*40]

## IV. eBay's Motion for Leave to Submit a Motion to Enforce the Protective Order

Unlike eBay's motions to strike, which are directly related to the motion for an injunction and motion to stay, eBay's motion to enforce the court's protective order is somewhat discrete; thus, eBay properly filed a request to file such motion rather than simply filing it. Furthermore, although eBay was correct to request permission to file a motion to enforce the protective order, eBay's allegations with respect to the protective order are at least tangentially related to the two primary motions before the court because eBay alleges improper participation in the PTO reexamination proceedings; such proceedings are plainly pertinent to both the motion to stay and motion for an injunction. Additionally, if the court were to deny eBay leave to file such motion the court would potentially be permitting violations of the protective order to go unchecked. Finally, the parties have already fully briefed the motion to enforce the protective order, and thus, even though this court previously instructed the parties not to file additional motions, at this stage there is little justification for the court not [*41] to reach the merits of the fully briefed motion. Therefore, eBay's motion for leave to submit its motion to enforce the protective order is granted.

## V. eBay's Motion to Enforce the Protective Order

On March 8, 2002, this court entered a stipulated protective order submitted by the parties; although the court did not draft such order, its final provision states that the court may modify the protective order "at any time upon a showing of good cause" (March 8, 2002 Order P 21). eBay's instant motion to enforce the protective order was prompted by the fact that experts originally engaged by MercExchange to testify at the trial on this matter have made submissions to the PTO on behalf of MercExchange in support of the validity of the '265 and '051 patents. Such experts, prior to being permitted to view eBay's confidential business information, signed sworn statements indicating that they

2006 U.S. Dist. LEXIS 91059, *41

read and understood the terms of the protective order, agreed to be bound by the conditions of such order, and would not use or disclose any confidential information except for purposes explicitly allowed by the order. eBay contends that the protective order bars such experts from having any involvement [*42] in the PTO reexamination of the patents at issue in the instant litigation, whereas MercExchange contends that the paragraph of the protective order directed at outside experts does not bar such involvement. eBay's motion seeks relief in three forms: first, eBay requests that this court order MercExchange's experts, Drs. Weaver, Palmer, and Frieder, to cease all participation in patent prosecution activities on behalf of MercExchange; second, that MercExchange be ordered to withdraw all declarations submitted to the PTO by such experts and all new or amended claims supported by such declarations; and third, that MercExchange maintain a log, for in camera inspection, of all documents relating to communications with, or analysis by, its experts regarding patent prosecution efforts.

After carefully considering the merits of eBay's motion, the court determines that MercExchange has not violated the terms of the protective order, and thus, it is not proper for this court to order MercExchange to withdraw any expert declarations or related claims. n17 However, the court also concludes that the spirit of the protective order suggests that experts who accessed eBay's confidential information [*43] should not be participating in the PTO reexamination of the very patents that constituted the core of the litigation such experts were involved. As a result, the court determines that there is "good cause" to modify the protective order to require that, from this point forward, any expert with prior access to eBay's proprietary information shall no longer participate in the PTO reexamination of any of the patents at issue in the instant litigation. n18 The court reaches such determination in spite of the fact that there has been no showing that confidential information has been misused because the addition of fifty-two claims to one of the patents constituting the core of the instant litigation creates the very real potential for the unintentional misuse of confidential information.

n17 For brevity's sake, the court avoids an extensive discourse into the textual analysis of the protective order and deems it sufficient to explain that although eBay is correct that the protective

order states that under "no circumstances shall any person who accesses [confidential] material" participate in patent prosecution activities, MercExchange's position that the protective order's structure limits the application of such broad language to law firms and their employees is more persuasive than eBay's contention that it covers all individuals, including experts. (March 8, 2002 Order P 4).

[*44]

n18 MercExchange argues that much of the information previously marked as confidential became public at trial, thereby losing its confidential status. The court recognizes, however, that because summary judgment was granted on the '051 patent, vast amounts of proprietary information were not publicly displayed at trial. Likewise, even though the '265 patent was litigated in open court, a significant amount of eBay's confidential information subject to review by MercExchange's experts was not revealed at trial. Therefore, any expert viewing any of eBay's information that remains confidential must cease involvement in the PTO reexamination.

The court's decision to prohibit MercExchange's trial experts from future involvement in the PTO reexamination is based on several factors balanced by the court including: (1) the apparent minimal burden on MercExchange to retain alternative experts who did not personally examine eBay's confidential information if future reports or consulting is necessary; n19 (2) the reality that the ex parte nature of the PTO reexamination process prevents eBay from effectively [*45] monitoring disclosures made by experts that viewed confidential information coupled with the fact that it is not within the province of this court to provide monitoring or oversight of submissions to the PTO; and (3) as several cases cited by eBay effectively demonstrate, it is oftentimes impossible for an individual, even with the noblest of intentions, to delineate between ideas that they may advance as a result of their own creation, and those influenced by past exposure to confidential information. The high risk of inadvertent disclosure of confidential information due to the difficultly in mentally segregating

the origin of ideas, n20 as well as the inability of both eBay and this court to police experts' communications with the PTO, is precisely why the court believes that an absolute bar from participation in the reexamination of the very patents at the heart of the instant litigation is necessary. n21

n19 See, e.g., *U.S. Steel Corp. v. United States, 730 F.2d 1465, 1468 (Fed. Cir. 1984)* (recognizing that forcing the plaintiffs to rely on newly retained counsel "would create an extreme and unnecessary hardship"); *Motorola, Inc. v. Interdigital Tech. Corp., No. 93-488-LON, 1994 U.S. Dist. LEXIS 20714, at *15 (D. Del. Dec. 19, 1994)* (unpublished) ("Courts have also considered the hardship to the client if counsel is disqualified or restricted in some manner.").

[*46]

n20 In U.S. Steel Corp., the Federal Circuit explained: "Inadvertence, like the thief-in-the-night, is no respecter of its victims. Inadvertence or accidental disclosure may or may not be predictable. To the extent that it may be predicted, and cannot be adequately forestalled in the design of a protective order, it may be a factor in the access decision." *730 F.2d at 1468.*

n21 Although MercExchange cites several cases in support of its contention that broad language in a protective order prohibiting involvement in patent prosecution for similar patents or in a similar field for a set number of years is disfavored, two significant factual distinctions exist between such cases and the instant matter. See, e.g., *Trading Techs. Int'l v. Espeed, Inc., No. 04 C 5312, 2004 U.S. Dist. LEXIS 19429, 2004 WL 2534389, at *1 (N.D. Ill. Sept. 24, 2004)* (unpublished) (refusing to bar the plaintiff's attorney who is "primarily a litigator" from being involved in prosecuting patents on plaintiff's behalf for a specified number of years because: (1) such attorney is generally only "incidentally involved in patent applications" and "acts as an advocate, not as a drafter of specifications and claims"; and (2) the court had no reason to doubt that such attorney would "conscientiously keep in mind and act to uphold his professional obligations"); *AFP Advanced Food Products LLC v. Snyder's of Hanover Mfg., No. Clv.A. 05-3006, 2006 U.S. Dist. LEXIS 426, 2006 WL 47374, at *2 (E.D. Pa. Jan. 6, 2006)* (unpublished) ("Barring AFP's attorneys from prosecuting similar patents for two years following this suit, without some tangible reason or good cause other than the general threat of inadvertent misuse of discovered materials, is the exact type of overly broad and generalized fear rejected in [various past federal cases]."). The two primary differences between the instant dispute and such cases are, first, that the cited cases involve barring lawyers from involvement in patent prosecution, not experts, and not only must a court presume a heightened level of ethical conduct on the part of lawyers as compared to experts, but also, requiring a party to replace counsel they have a longstanding relationship with creates a much greater burden than requiring a party to hire different experts. See *Safe Flight Instrument Corp. v. Sundstrand Data Control, Inc., 682 F. Supp. 20, 23 (D. Del. 1988)* ("[C]ounsel who are admitted to the Bar of this Court are officers of the Court and are bound by the Code of Professional Responsibility."). Second, the patent prosecution activities that eBay seeks to bar in the instant motion do not involve "similar patents" or future patents in a "similar field," but rather, involve the reexamination and addition of claims to the very patents constituting the core of the instant litigation.

[*47]

Although, as previously mentioned, it does not appear that MercExchange's experts have improperly relied upon eBay's proprietary information, the post-trial addition of fifty-two claims to the '051 patent creates a very real and expressly identifiable potential for misuse of confidential information as MercExchange attempts to redefine the scope of such patent and defend the validity of both the '051 patent and the '265 patent after preliminary PTO findings suggest that such patents may be invalid. In *In re Papst Licensing, GmbH, Patent Litig., 2000 U.S. Dist. LEXIS 6374, No. MDL 1278, 2000 WL 554219 (E.D. La. May 4, 2000)* (unpublished), the court concluded:

2006 U.S. Dist. LEXIS 91059, *47

[I]t is clear that the advice and participation of the Papst parties' counsel in preparation and prosecution of patent applications related to the patents in suit is an intensely competitive decisionmaking activity and would be informed by access to the Non-Papst parties confidential information. Counsel's ability to file new claims in existing and pending patents based on the confidential information discovered during the course of this litigation poses an unacceptable opportunity for inadvertent disclosure and misuse. [*48] Although the court is confident that counsel for the Papst parties maintains the highest ethical and professional standards, the risk of inadvertent disclosure and misuse and the difficulty of distinguishing the source of the Papst parties' basis for filing new claims are great.

2000 U.S. Dist. LEXIS 6374, at [WL] *4 (emphasis added). n22 Similarly, in *Mikohn Gaming Corp. v. Acres Gaming Inc., 50 U.S.P.Q.2d 1783 (D. Nev. 1998)*, the law firm representing the defendant in district court was also prosecuting patent applications on behalf of defendant that were "part of the very core of th[e] suit," and the court found that were such firm given access to plaintiff's proprietary technology it "would be in the 'untenable position' of having to either refuse his client legal advice on competitive design matters or violate the protective order's prohibition against revealing [plaintiff's] technical information." *Id.* at 1785-86. The court noted that "[n]o matter how much good faith [such lawyers] might exercise, it is unrealistic to expect that . . . knowledge of [plaintiff's] secret technology would not or could not influence the nature of his advice to [defendant]"; [*49] therefore, the court concluded that the defendant's patent prosecution firm could not view the plaintiff's confidential information. n23 *Id.* at 1786. Finally, in *Motorola, Inc. v. Interdigital Tech. Corp.*, No. 93-488-LON, 1994 U.S. Dist. LEXIS 20714 (D. Del. Dec. 19, 1994) (unpublished), the district court noted that because the defendant's attorneys were currently prosecuting patent applications related to the very patents at issue in the lawsuit, if such attorneys were permitted to view plaintiff's "voluminous confidential information" than they "would have to constantly challenge the origin

of every idea, every spark of genius." *1994 U.S. Dist. LEXIS 20714, at 14-15*. The court characterized such segregation of ideas as a "sisyphean task, for as soon as one idea would be stamped 'untainted,' another would come to mind," and the "level of introspection that would be required is simply too much to expect, no matter how intelligent, dedicated, or ethical the [defendant's] attorneys may be." *1994 U.S. Dist. LEXIS 20714, at *15*. As a result, the court barred the defendant's lawyers and employees that viewed plaintiff's confidential information from participating in patent prosecution. [*50] *1994 U.S. Dist. LEXIS 20714, at 17-18*.

n22 Notably, the quote from *In re Papst Licensing* talks only of counsel's "ability to file new claims" as part of the reexamination process, whereas here, new claims were in fact filed.

n23 This court is aware of the District of Maryland's recent decision in *MedImmune, Inc. v. Centocor, Inc., 271 F. Supp. 2d 762 (D. Md. 2003)*, which permitted patent prosecution counsel to view the opposing party's confidential information during the course of discovery. However, the facts of *MedImmune* are inapposite from both Mikohn and the instant facts, and were expressly recognized as such in the MedImmune opinion, which explained that, unlike Mikohn, there was no showing that "patent counsel was currently prosecuting patents on the exact same subject matter of the litigation." *Id.* at 775 n.14 (emphasis added). Furthermore, the instant matter is readily distinguishable from *Interactive Coupon Mktg. Group v. H.O.T! Coupons, L.L.C., No. 98 C 7408, 1999 U.S. Dist. LEXIS 12437, 1999 WL 618969 (N.D. Ill. Aug. 9, 1999)* (unpublished) which barred patent prosecution counsel from viewing confidential information because counsel "has represented and is likely to represent [the plaintiff] in the prosecution of numerous related patents, and . . . is deeply involved in representing the client in multiple, related infringement cases in the context of a fluid, developing technology." *1999 U.S. Dist. LEXIS 12437, at [WL] *3* (emphasis added). Unlike Interactive Coupon, here, it is not past or potential future patent prosecution, nor merely "related" patents at issue, but rather, here, the court seeks to prevent experts that accessed eBay's confidential information

2006 U.S. Dist. LEXIS 91059, *50

from participating in the reexamination of the very patents constituting the core of the litigation.

[*51]

Unlike *Papst*, *Mikohn*, and *Motorola*, here, the issue is not whether attorneys actively participating in patent prosecution may view confidential information; n24 rather, the issue is whether experts that previously participated in litigation as trial experts and accessed confidential information during the course of such engagement may later participate in the reexamination of the very patents they were retained to opine on. Although this court recognizes the difference between an expert's involvement and an attorney's involvement, including the differences in the ability to influence strategic decisionmaking, the court notes that segregating patent prosecution and patent litigation to two separate law firms would lose its intended purpose if consultants that qualify as experts in the field of claimed inventions were permitted to view an opposing party's confidential information, work closely alongside litigation counsel, and then subsequent to trial, crossover and work alongside patent prosecution counsel during the reexamination of the very same patents. Furthermore, here, the impropriety of such crossover is multiplied by the fact that MercExchange has added fifty-two claims [*52] to one of the patents at the core of the litigation. Although the court does not dispute MercExchange's legitimate desire to continue reexamination with aid from experts familiar with the facts of this case and the patents at issue, if, as MercExchange contends, its experts' involvement in the reexamination is truly limited to disputes about the scope of prior art and other matters plainly distinct from eBay's confidential information, than MercExchange will suffer little prejudice in being required to rely on alternative experts that have not accessed eBay's confidential information.

n24 MercExchange has properly segregated trial representation and patent prosecution to two separate law firms.

In summary, although MercExchange's construction of the previously entered protective order appears correct, the court at this time modifies such order to prohibit MercExchange's outside experts and independent consultants that viewed eBay's confidential information from any further involvement in the PTO reexamination

[*53] of the patents subject to the instant litigation. Such remedy is "broad enough to protect [eBay's] confidential information, yet seeks to minimize the hardship to [MercExchange]" as the court's prohibition applies only to the patents at issue in the instant lawsuit. *Motorola, 1994 U.S. Dist. LEXIS 20714, at *18.* Although modifying the protective order based on good cause, the court denies eBay's request that any past submissions, or claims founded on such submissions, be ordered withdrawn from the PTO as the court is mindful of its responsibility not to disrupt the PTO's administrative proceeding, MercExchange's and eBay's interest in a timely resolution of both the instant litigation and the PTO reexamination, and the fact that MercExchange's experts' submissions were not in violation of the protective order as written. Furthermore, as suggested by the above findings, the court denies eBay's request that MercExchange maintain a log for in camera review of all expert submissions to the PTO, as past submissions were not improper, and future submissions will not occur in light of this court's ruling.

**V. Conclusion**

Based on the prospective nature of the relief [*54] sought in MercExchange's motion for an injunction and eBay's motion for a stay of the proceedings, as well as the fact that both parties rely heavily on factual developments occurring subsequent to this court's denial of MercExchange's original motion for an injunction, the court deems it necessary to reopen the record and permit the parties to investigate recent factual developments through the adversarial process. Although the court recognizes that permitting the parties to perform additional depositions and submit document requests will delay the resolution of the pending motions, an apparent detriment to MercExchange, the court notes that it was MercExchange that chose to submit numerous expert declarations and other exhibits in support of its injunction motion, and MercExchange simply cannot have the benefit of the court considering such submissions without the associated detriment of eBay being permitted time to investigate them.

Although the court's decision to reopen the record is properly limited to developments occurring after August 6, 2003, the date this court denied MercExchange's initial motion for an injunction, the court will permit inquiry into eBay's production of [*55] the Newman video in light of its pre-trial meeting with Kenneth Nahan.

2006 U.S. Dist. LEXIS 91059, *55

Although the facts regarding such matter predate August 6, 2003, the court recognizes that eBay produced the Newman video after the close of trial discovery and that MercExchange never had the opportunity to fully investigate such matter.

The court grants eBay's motion to file its motion to enforce the protective order; however, after considering the substantive motion, the court determines that MercExchange's experts have not in fact violated the protective order as written. However, after considering the briefs and oral arguments, the procedural posture of both this case and the PTO reexamination proceedings, and the intended goals of the protective order, the court agrees with eBay that trial experts and consultants that viewed eBay's confidential information should not be permitted to participate in the PTO reexamination proceedings of the very same patents at the heart of the litigation. As a result, the court, for good cause shown, modifies the protective order to require that, from this point forward, any non-party expert or outside consultant that viewed eBay's confidential information cease participation [*56] in the PTO reexamination of the patents at issue in the instant litigation.

In summary, both of eBay's motions seeking to strike newly submitted evidence are **DENIED**. As a result of such denial, the court **PERMITS** both parties until March 2, 2007, to perform additional discovery into eBay's knowledge and representations regarding the Newman video as well as all relevant factual developments occurring subsequent to August 6, 2003. As previously discussed, in recognition of the already well-developed record, there will be no interrogatories or requests for admission; however, both parties are permitted to conduct five depositions, each lasting no longer than six hours. Additionally, document requests may be served by both parties no later than January 12, 2007, and objections or responses to such requests are due no later than February 2, 2007. Finally, each party is afforded until March 16, 2007, to submit a single supplemental brief in support of its motion and in opposition of the opposing party's motion; such brief is limited to 20 pages in length.

The court **GRANTS** eBay's motion for leave to submit the protective order motion and **GRANTS** in part, and **DENIES** [*57] in part, the substantive protective order motion. Specifically, the court **GRANTS** the portion of the motion requesting that experts that viewed eBay's confidential information be prohibited from further involvement in the PTO reexamination of the patents at issue in this litigation and **DENIES** the remainder of such motion.

The Clerk is **REQUESTED** to mail copies of this Order to counsel of record.

**IT IS SO ORDERED.**

Jerome B. Friedman

UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
December 18, 2006

# EXHIBIT 2

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

| Southern | | California |
|---|---|---|
| | DISTRICT OF | |

MercExchange, L.L.C.

V.

eBay Inc. and Half.com, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  2:01-CV-736
Pending in E.D. Va.

TO:  Fish & Richardson
12390 El Camino Real
San Diego, CA 92130

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See the attached Schedule A

| PLACE     Skadden, Arps, Slate, Meagher & Flom LLP<br>300 South Grand Avenue, Suite 3400, Los Angeles, CA 90071 | DATE AND TIME<br>1/24/2007 10:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | 1-11-07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jeff Randall of Skadden, Arps, Slate, Meagher & Flom, LLP (Def. Atty.)
525 University Ave., Suite 1100, Palo Alto, CA 94301 Tel. 650-470-4580

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

---

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____                    _____

DATE                                                      SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**SCHEDULE A**

Pursuant to Federal Rules of Civil Procedure 34 and 45, defendants eBay Inc. and Half.com, Inc. ("eBay") hereby request that Fish & Richardson produce for eBay's inspection and copying, each and every document and thing in its possession, custody, or control identified and described in the following Document Requests, such items to be produced on January 24, 2007 at 10:00 am PST at the offices of eBay's counsel, Skadden, Arps, Slate, Meagher, & Flom, 300 South Grand Avenue, Suite 3400, Los Angeles, CA 90071, unless otherwise agreed.

I.    **DEFINITIONS AND INSTRUCTIONS**

1.    "MercExchange" refers to plaintiff MercExchange, L.L.C. and its parents, subsidiaries, affiliates, officers, principals, agents, divisions, departments, partners, predecessors, and successors thereof.

2.    "uBid" refers to plaintiff uBid and its parents, subsidiaries, affiliates, officers, principals, agents, divisions, departments, partners, predecessors, and successors thereof.

3.    "Altitude Capital" refers to plaintiff Altitude Capital and its parents, subsidiaries, affiliates, officers, principals, agents, divisions, departments, partners, predecessors, and successors thereof.

4.    "Reexamination experts" refers to Alfred Weaver, Jonathan Palmer, Ophir Frieder, Jack Grimes, Michael McKeon, Robert. H. Tomlinson, Jr., and Kenneth Nahan.

5.    The term "patents in suit" refers to U.S. Patent No. 5,845,265, U. S. Patent 6,085,176, and U.S. Patent 6,202,051.

6.    The "protective order" refers to the protective order entered on March 8, 2002 in the case of MercExchange, L.L.C. v. eBay Inc. and Half.com, Inc., including, without limitation, the protective order as modified by Judge Friedman in his December 18, 2006 Order.

7.      The term "prior art" refers to any printed publication, article, periodical, book, paper, poster, slide, video, film, overhead, e-mail, document, and thing, in whole or in part, relevant to the patentability of any of the claims of the patents in suit, including, but not limited to, any events, acts, or conditions of patentability in 35 U.S.C. §§ 102 and 103.

8.      "Fish & Richardson" refers to Fish & Richardson and any attorney or employees associated with the firm.

9.      The term "person" means any natural person and any other cognizable entity, including (without limitation) corporations, proprietorships, partnerships, joint ventures, consortiums, clubs, associations, foundations, governmental agencies or instrumentalities, societies, and orders.

10.     The term "communication" means any transmission of information from one person to another by any means.

11.     The phrases "relate to," "relating to," or "relates to" shall be construed to mean evidencing, constituting, referring to, comprising, illustrating, recording, memorializing, supporting, or discussing.

12.     "Document" is used in the comprehensive sense set forth in Federal Rule of Civil Procedure 34(a) and refers to any document either dated after August 6, 2003 or related to developments or events occurring after August 6, 2003.

13.     If you withhold any document because of a claim of privilege, set forth, in writing, the privilege claimed and the facts on which you rely to support the claimed privilege, and furnish a list identifying each document for which privilege is claimed, together with the following information as to each such document:  a brief description of its nature and subject matter, including the title and type of document; its date; the name and title of the author(s); the

2

name and title of the person(s) to whom the document is addressed including all persons who received copies; the name and title of the person(s) to whom the document was sent; the number of pages; and the request to which the document is otherwise responsive.

3

## II.    DOCUMENT REQUESTS

### REQUEST NO. 1

All documents relating to communications with the reexamination experts from March 8, 2004 to the present.

### REQUEST NO. 2

All documents relating to any reexamination expert report or declaration drafted from March 8, 2004 to the present.

### REQUEST NO. 3

All documents relating to any communications with MercExchange or any reexamination expert regarding the protective order.

### REQUEST NO. 4

All documents relating to the expert declarations filed with the Patent Office during the reexaminations of the patents in suit (from March 8, 2004 to the present), including, but not limited to, materials used to draft the expert declarations, notes, and drafts.

### REQUEST NO. 5

All documents relating to communications with the Patent Office from March 8, 2004 to the present.

### REQUEST NO. 6

All documents relating to materials filed with the Patent Office or received from the Patent Office since August 6, 2003 that do not appear in the public file wrappers of the patents in suit.

4

**REQUEST NO. 7**

All documents relating to information or materials that either Fish & Richardson or the reexamination experts had access to during the prosecution of the reexaminations of the patents in suit (from March 8, 2004 to the present), which were designated by eBay as "Confidential/Attorneys' Eyes Only" under the protective order.

**REQUEST NO. 8**

Complete file histories for U.S. Patent Application Nos. 09/203,286; 09/253,014; 09/670,562; and 09/557,617.

**REQUEST NO. 9**

All documents relating to any prior art addressed by MercExchange in any of its responses to Office Actions issued by the Patent Office in the reexaminations of the patents in suit (from March 8, 2003 to the present), including, but not limited to, analyses, memoranda, and claim charts.

**REQUEST NO. 10**

All documents relating to uBid or Altitude Capital.

5