
John Steele (SBN 122872)
FISH & RICHARDSON P.C.
500 Arguello Street
Redwood City, CA 94063
Telephone: (650) 839-5095
Facsimile: (650) 839-5071

Jennifer Schmied (SBN 216605)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-4748
Facsimile: (858) 678-5099

Attorneys for Third-Party
Fish & Richardson P.C.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCEXCHANGE, L.L.C.,<br><br>Plaintiff,<br><br>v.<br><br>eBAY INC. AND HALF.COM, INC.,<br><br>Defendants. | Misc. Case No. 07-cv-00231-IEG-POR<br><br>(Case No. 2:01-CV-736 Pending in the United States District Court for the Eastern District of Virginia)<br><br>**FISH & RICHARDSON'S OPPOSITION TO DEFENDANTS EBAY INC. AND HALF.COM'S MOTION TO COMPEL FISH & RICHARDSON P.C. TO COMPLY WITH A SUBPOENA *DUCES TECUM***<br><br>Date:  February 15, 2007<br>Time:  TBD<br>Judge: Hon. Louisa S. Porter<br>Ctrm:  H |

I.   INTRODUCTION

Fish & Richardson P.C. ("Fish") is not a party to the instant action. Fish, instead, is a third-party from whom Defendants eBay Inc. and Half.com, Inc. ("Defendants") seek documents pursuant to a subpoena ("Subpoena"). The documents sought, however, consist of privileged/work-product protected documents and documents outside the scope of the limited

FISH & RICHARDSON'S OPPOSITION TO DEFENDANTS EBAY INC. AND HALF.COM'S MOTION TO COMPEL FISH & RICHARDSON P.C. TO COMPLY WITH A SUBPOENA DUCES TECUM
Misc. Case No. 07-cv-00231-IEG-POR

Dockets.Justia.com

discovery allowed by the United States District Court for the Eastern Virginia. Fish has been instructed by Plaintiff MercExchange, L.L.C.'s ("Plaintiff") counsel not to produce documents pursuant to the Subpoena served by Defendants on these grounds.

Fish has attempted on many occasions to meet and confer with Defendants on this matter, contrary to Defendants' assertions in their motion. It is through no fault of Fish that Defendants are approaching their deadline by which to complete discovery. Fish has participated in good faith and is not to blame for Defendants' predicament.

## II. FISH HAS ATTEMPTED TO MEET AND CONFER WITH DEFENDANTS' COUNSEL ON MULTIPLE OCCASIONS

Contrary to Defendants' assertions throughout their motion to compel, Fish has attempted on multiple occasions to meet and confer in good faith on Defendants' Subpoena. To begin, in Fish's letter of January 16, 2007 objecting to Defendants' Subpoena, Fish specifically concluded by stating "Once you've had a chance to review these objections, please feel free to give me a call if you wish to pursue the matter further." (See Exhibit 4 to Declaration of David Peyman in Support of Motion to Compel ("Peyman Dec.").) Defendants did not respond until January 26, 2007. (See Exhibit 3 to Peyman Dec.) This was two days after the time by which they requested that Fish produce documents. (See Exhibit 2 to Peyman Dec.)

It was in their January 26 letter that Defendants requested a meet and confer. (See Exhibit 3 to Peyman Dec.) Fish readily complied. While Defendants contend that it was not until they gave Fish notice of their intent to file the motion to compel that Fish contacted Defendants, the truth of the matter is that on three separate occasions, prior to that time, Fish attempted to contact Defendants to meet and confer, each time requesting a return phone call. (Declaration of John Steele in Support of Opposition to Motion to Compel ("Steele Dec."), ¶ 2.) On each occasion, Defendants failed to return Fish's calls. (*Id.*) Following service of Defendants' motion, Fish attempted again to contact Defendants' counsel. It was not until February 6, 2007 that Defendants returned Fish's five telephone calls in an attempt to meet and confer. (Declaration of Jennifer D. Schmied in Support of Opposition to Motion to Compel ("Schmied Dec."), ¶2.) This, of course, was five days after they filed their motion to compel.

2

While Defendants would like to make Fish out to be the bad guy, such is not the case. Fish has continually attempted to meet and confer on Defendants' Subpoena and has acted in good faith since the day it was served.

### III. IT IS FISH'S UNDERSTANDING THAT ANY AND ALL DISCOVERY DISPUTES SHOULD FIRST BE DIRECTED TO MAGISTRATE JUDGE JAMES BRADBERRY OF THE FORUM COURT FOR EXPEDITED CONSIDERATION

Fish has been provided with a copy of the United States District Court Eastern District of Virginia's order ("Order") allowing Defendants and Plaintiff to conduct limited discovery. Pursuant to the Order, should discovery disputes arise, "the parties must contact Magistrate Judge James Bradberry. . . to determine an expedited discovery dispute procedure." (See Exhibit A to Request to Take Judicial Notice at p. 16.)

It is Fish's understanding that prior to filing their motion to compel with this Court, Defendants were obligated to first contact Magistrate Judge Bradberry. Fish is informed and believes that Defendants did not contact Magistrate Judge Bradberry before involving this Court. (Schmied Dec., ¶ 3.) Fish is also informed and believes that on February 9, 2007, Plaintiff filed for a protective order on the Subpoena and that the matter will be heard sometime during the week of February 12, 2007. (See Exhibit B to Request to Take Judicial Notice; Schmied Dec., ¶ 4.) In light of the fact that the parties were ordered to first contact Magistrate Judge Bradberry and that Plaintiff's counsel has filed for a protective order in Virginia, this Court may wish to defer to United States District Court Eastern District of Virginia on this matter.

### IV. DEFENDANTS' SUBPOENA EXCEEDS THE SCOPE OF ALLOWABLE DISCOVERY AND REQUESTS PRIVILEGED DOCUMENTS

Notwithstanding any of the above, Defendants' Subpoena ignores the limitations on the scope of discovery established by the Virginia court's Order. That court specifically limited the parties to discovery relevant to the two motions pending: Plaintiff's request for a permanent injunction and Defendants' request for a stay of all proceedings. (See Exhibit A to Request to Take Judicial Notice.)

Instead of seeking discovery within the scope of the Virginia court's Order, it appears that Defendants are attempting to use the Subpoena to relitigate an issue that the Virginia court already

3

resolved in its Order. (See Exhibit 2 to Peyman Dec., Request Nos. 1-4, 7.) Specifically, Defendants made an allegation that Plaintiff's trial expert witness, Dr. Weaver, violated the protective order in the case by serving declarations in Plaintiff's reexamination matters. (See Exhibit A to Request to Take Judicial Notice at pp. 22-23.) The Virginia court thoroughly considered and conclusively resolved this issue, holding that Plaintiff had not violated the protective order, and also modifying the protective order to preclude Dr. Weaver from any further involvement in the reexamination proceedings. (*Id.* at pp. 22-29.) Moreover, in response to a specific request from Defendants that Plaintiff provide a log of "all documents relating to communications with, or analyses by, its experts regarding patent prosecution efforts," the Virginia court overruled Defendants' request. (*Id.* at pp. 23, 29.)

Defendants now demand this very same information through their Subpoena upon Fish, and they also seek to relitigate this issue by requesting production of literally every communication pertaining to the reexaminations and specifically to the declarations filed in connection with the reexaminations. (Exhibit 2 to Peyman Dec., Request Nos. 1-4, 7). Nothing in the Order permits discovery of this nature and this Court should not permit Defendants to violate the Order or defeat the privileges attached to the documents.

Defendants' Subpoena also requests, inter alia, literally every communication relating to any of Plaintiff's patent prosecution or reexamination matters. (See e.g., Exhibit 2 to Peyman Dec., Request No. 5 ["[a]ll documents relating to communications with the Patent Office from March 8, 2004 to the present"].) Plaintiff's communications with its counsel regarding patent prosecution and reexamination matters have no relevance to the two issues pending before the Virginia court and are privileged. The issues of infringement and validity of Plaintiff's '265 Patent have been tried and affirmed on appeal and the Virginia court has not yet authorized the parties to resume discovery with respect to Plaintiff's '051 Patent.

Defendants argue that because they have invoked the PTO reexaminations of two MercExchange patents as a reason for the Virginia court to stay all proceedings, this somehow permits them to take wide-ranging discovery with respect to the conduct of the reexamination proceedings and, apparently, any other patent matter that Plaintiff has before the PTO. (See, e.g.,

4

Exhibit 2 to Peyman Dec., Request Nos. 5, 6, and 8.) However, the mere fact that Defendants proffer the reexaminations as a basis for granting a stay does not render discoverable all manner of information pertaining to the conduct of the reexamination proceedings. By law, Defendants have no right to participate in those *ex parte* reexamination proceedings (see 37 CFR 1.550(g))[1], or Plaintiff's other patent prosecution matters, and they have no cause for taking discovery in the Virginia court for the purpose of those collateral administrative proceedings. Thus, Defendants do not need "reexam discovery" in order to participate in the reexams because it is flatly prohibited from doing so. It also does not need discovery to understand the status of the proceedings because the PTO gives them notice of all actions.

Similarly, the Virginia court has no power to resolve those proceedings before the PTO. That court has before it the question whether to stay the case or not based on the fact that the reexaminations are ongoing but, stated simply, the parties are not going to "litigate" the reexaminations before that court.

Finally, Fish is informed and believes that Defendants' Subpoena violates the expert witness discovery procedures established for the underlying litigation. It is Fish's understanding that throughout the underlying litigation, the parties agreed that they would not require the exchange of draft reports of their expert witnesses, nor would they require production of the communications between counsel and their respective expert witnesses. (See Exhibit B to Request to Take Judicial Notice at pp. 12-13.) Fish further understands that Defendants did not provide drafts of their expert witnesses' reports, nor did they produce their communications with expert witnesses or even a privilege log with respect to their communications with their expert witnesses. (*Id.* at p. 13.) Defendants now insist that Plaintiff, through its counsel, must provide such drafts and communications. There is no legitimate reason why there should be a different rule for Defendants.

In short, all of Defendants' discovery requests to Fish are irrelevant to the issues before the Virginia court and clearly, much of this information is privileged in any event. For a more thorough discussion of this particular issue, please see Plaintiff MercExchange, L.L.C.'s Brief in Support of

---

[1] Defendants are kept abreast of the status of the *ex parte* reexamination proceedings by the PTO by getting notice of all office actions. (37 CFR 1.550(f).)

Motion to Enforce Court's December 18 Order and for Protective Order Concerning Defendants' Overbroad Discovery Requests and Attempted Enforcement of Subpoenas Duces Tecum, a copy of which is attached as Exhibit B to Fish's Request to Take Judicial Notice.

## V. CONCLUSION

As evidenced above, there are a number of issues with Defendants' arguments in their motion to compel and additional issues with the Subpoena itself. Fish should not be compelled to produce documents which the production thereof would violate the Virginia court Order and would require the production of privileged documents. At a minimum, this Court should defer ruling on Defendants' motion pending the outcome of Plaintiff's Motion to Enforce Court's December 18 Order and for Protective Order.

Dated: February 9, 2007                    FISH & RICHARDSON P.C.


By:  s/Jennifer D. Schmied
     Jennifer D. Schmied
     schmied@fr.com

Attorneys for Third-Party
Fish & Richardson P.C.

10706790.doc

# PROOF OF SERVICE

I am employed in the County of San Diego, my business address is Fish & Richardson P.C., 12390 El Camino Real, San Diego, CA 92130. I am over the age of 18 and not a party to the foregoing action.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for personal delivery, for mailing with United States Postal Service, for facsimile, and for overnight delivery by Federal Express, Express Mail, or other overnight service.

On February 9, 2007, I caused a copy of the following document(s):

FISH & RICHARDSON'S OPPOSITION TO DEFENDANTS EBAY INC. AND HALF.COM'S MOTION TO COMPEL FISH & RICHARDSON P.C. TO COMPLY WITH A SUBPOENA DUCES TECUM

to be served on the interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope, and addressed as follows:

| | |
|---|---|
| Jeffrey Randal, Esq.<br>Skadden, Arps, Late, Meagher & Flom, LLP<br>525 University Avenue<br>Palo Alto, CA 94301 | Attorneys for Defendants eBay, Inc. and half.com, inc. |
| Allan M. Soobert, Esq.<br>Skadden, Arps, Late, Meagher & Flom, LLP<br>1440 New York Avenue<br>Washington, DC 20005 | |
| David Peyman, Esq.<br>Skadden, Arps, Late, Meagher & Flom, LLP<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, CA 90071 | |
| Gregory N. Stillman, Esq.<br>Hunton & Williams<br>Suntrust Center #1000<br>Norfolk, VA 23510 | Attorneys for Defendants Mercexchange LLC |
| Scott L. Robertson, Esq.<br>Hunton & Wiliams<br>1900 K Street, NW<br>Washington, DC 20006 | |
| Seth P. Waxman, Esq.<br>Wilmer, Cutler, Pickering, Hale & Dorr<br>1875 Pennsylvania Avenue NW<br>Washington, DC 20006 | |

7

| | | |
|---|---|---|
| [X] | **BY CM/ECF:** | I caused such document(s) to be sent via electronic mail through the Case Management/Electronic Case File System with the U.S. District Court for the Southern District of California. |
| [ ] | **PERSONAL:** | Such envelope was delivered by hand to the offices of the addressee. |
| [ ] | **FACSIMILE:** | Such document was faxed to the facsimile transmission machine with the facsimile machine number stated above. Upon completion of the transmission, the transmitting machine issued a transmission report showing the transmission was complete and without error. |
| [X] | **FEDERAL EXPRESS:** | Such correspondence was deposited on the same day in the ordinary course of business with a facility regularly maintained by Federal Express. |
| [ ] | **OVERNIGHT DELIVERY:** | Such correspondence was given on the same day in the ordinary course of business to an authorized courier or a driver authorized by that courier to receive documents. |

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury that the above is true and correct. Executed on February 9, 2007, at San Diego, California.

*Catherine M. Campbell*
Catherine M. Campbell

10706790.doc