# EXHIBIT B

Dockets.Justia.com



HUNTON & WILLIAMS LLP
SUITE 1000
500 EAST MAIN STREET
NORFOLK, VIRGINIA 23510

TEL    757 • 640 • 5300
FAX    757 • 625 • 7720

GREGORY N. STILLMAN
DIRECT DIAL: 757-640-5314
EMAIL: GSTILLMAN@HUNTON.COM

FILE NO: 56614.14

February 9, 2007

**BY HAND**

Fernando Galindo, Clerk
United States District Court
Eastern District of Virginia
600 Granby Street
Norfolk, VA   23510-2449

### MERCEXCHANGE V. EBAY, INC., HALF.COM, INC. AND RETURNBUY, INC.
#### CIVIL ACTION NO. 2:01-CV-736

Dear Mr. Galindo:

Please file:

1)      Plaintiff MercExchange, L.L.C.'S Motion To Enforce Court's December 18 Order And For Protective Order Concerning Defendants' Overbroad Discovery Requests And Attempted Enforcement Of Subpoenas *Duces Tecum*;

2)      Plaintiff MercExchange, L.L.C.'S Brief in Support of Motion To Enforce Court's December 18 Order And For Protective Order Concerning Defendants' Overbroad Discovery Requests And Attempted Enforcement Of Subpoenas *Duces Tecum*; and

3)      Declaration of Gregory N. Stillman in Support of Plaintiff MercExchange, L.L.C.'S Brief in Support of Motion To Enforce Court's December 18 Order And For Protective Order Concerning Defendants' Overbroad Discovery Requests And Attempted Enforcement Of Subpoenas *Duces Tecum*.

Thank you for your cooperation.

Yours sincerely,

Gregory N. Stillman

01368/824
Enclosures
cc:    Robert W. McFarland, Esq.   *(via hand delivery)*
       Jeffrey G. Randall, Esq. *(via overnight mail)*
       Allan M. Soobert, Esq. *(via overnight mail)*
       Seth P. Waxman, Esq. *(via overnight mail)*

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA

MERCEXCHANGE, L.L.C.,

        Plaintiff,

                                     Case NO. 2:01-CV-736

v.

eBAY, INC., and HALF.COM, INC.,

        Defendants.

## PLAINTIFF MERCEXCHANGE, L.L.C.'S MOTION TO ENFORCE COURT'S DECEMBER 18 ORDER AND FOR PROTECTIVE ORDER CONCERNING DEFENDANTS' OVERBROAD DISCOVERY REQUESTS AND ATTEMPTED <u>ENFORCEMENT OF SUBPOENAS DUCES TECUM</u>

Pursuant to Fed. R. Civ. P. 26(c), 45(c), and this Court's Order of December 18, 2006, Plaintiff MercExchange, L.L.C. ("MercExchange") respectfully requests that the Court enter a protective order to limit defendants' overbroad, overreaching, and improper third party subpoenas *duces tecum* and discovery requests. MercExchange also requests that the Court preclude defendants from making further efforts to enforce their overbroad subpoenas upon third parties in other jurisdictions in a manner that violates this Court's Order of December 18, 2006.

The grounds for this motion are set forth in detail in the accompanying brief in support.

Dated: February 9, 2007

Respectfully submitted,

MERCEXCHANGE, L.L.C.,

By: _____

Gregory N. Stillman (VSB# 14308)
**HUNTON & WILLIAMS, LLP**
500 East Main Street
Suite 1000
Norfolk, Virginia 23510
Telephone (757) 640-5300
Facsimile: (757) 625-7720

Thomas J. Cawley (VSB# 04612)
David M. Young (VSB# 35997)
**HUNTON & WILLIAMS, LLP**
1751 Pinnacle Drive, Suite 1700
McLean, Virginia 22102
Telephone: (703) 714-7400
Facsimile: (703) 714-7410

Scott L. Robertson
Jennifer A. Albert
Brian M. Buroker (VSB # 39581)
**HUNTON & WILLIAMS, LLP**
1900 K Street, N.W.
Washington, D.C. 20006-1109
Telephone: (202) 955-1500
Facsimile: (202) 778-2201

Attorneys for Plaintiff
MercExchange, L.L.C.

2

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of February, 2007, I caused a copy of the foregoing **PLAINTIFF MERCEXCHANGE, L.L.C.'S MOTION TO ENFORCE COURT'S DECEMBER 18 ORDER AND FOR PROTECTIVE ORDER CONCERNING DEFENDANTS' OVERBROAD DISCOVERY REQUESTS AND ATTEMPTED ENFORCEMENT OF SUBPOENAS DUCES TECUM** to be served as follows:

### By Hand Upon:

Robert W. McFarland, VSB No. 24021
McGuire Woods, LLP
World Trade Center
101 West Main Street, Suite 900
Norfolk, VA 23510-1655
(757) 640-3700

### By Overnight Mail Upon:

Jeffrey G. Randall
Skadden, Arps, Slate, Meagher & Flom, LLP
525 University Avenue
Suite 1100
Palo Alto, CA 94301

Allan M. Soobert
Skadden, Arps, Slate, Meagher & Flom, LLP
1440 New York Avenue, NW
Washington, DC 20005

3

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA

**MERCEXCHANGE, L.L.C.,**

      **Plaintiff,**

                                          **Case NO. 2:01-CV-736**

**v.**

**eBAY, INC., and HALF.COM, INC.,**

      **Defendants.**

### PLAINTIFF MERCEXCHANGE, L.L.C.'S BRIEF IN SUPPORT OF MOTION TO ENFORCE COURT'S DECEMBER 18 ORDER AND FOR PROTECTIVE ORDER CONCERNING DEFENDANTS' OVERBROAD DISCOVERY REQUESTS AND ATTEMPTED ENFORCEMENT OF SUBPOENAS DUCES TECUM

### I.    INTRODUCTION

      Plaintiff MercExchange, L.L.C. ("MercExchange") respectfully requests that the Court enter a protective order to limit defendants' subpoenas *duces tecum* and discovery requests on the grounds that they exceed the scope of discovery permitted by the Court's Order of December 18, 2006.   MercExchange also requests that the Court preclude defendants from making further efforts to enforce their subpoenas in violation of Judge Friedman's Order.

      This Court's December 18 Order expressly limited discovery only to that which is relevant to the two motions pending before the Court, specifically, MercExchange's request for a permanent injunction against infringement of the '265 Patent, and defendants' request for an indefinite stay of proceedings.  In addition, this Court required the parties to contact Magistrate Judge Bradberry of this Court in the event of discovery disputes.

      Notwithstanding the plain provisions of the Court's Order, defendants launched a half-dozen subpoenas *duces tecum* in five jurisdictions that substantially overreach.  At least two of those subpoenas — issued upon MercExchange's law firm Fish & Richardson and its trial expert

witness Dr. Weaver — seek documents that have nothing to do with the pending motions. Examples of such overbroad requests include requests for virtually every document relating to any of MercExchange's patents or patent applications, and any documents pertaining to any possible infringement by defendants of any of MercExchange's patents. Defendants served subpoenas *duces tecum* upon MercExchange's law firm, Fish & Richardson, for virtually every document relating to MercExchange, including all of its confidential and privileged patent files. In an apparent effort to get a head start on discovery with respect to the yet-to-be-conducted '051 Patent trial, defendants served MercExchange's trial expert, Dr. Alfred Weaver, with a subpoena, even though he has no connection with the two motions pending before the Court.

As discussed *infra*, all of the subpoenas and document requests are substantially overbroad and, in the cases of the Fish & Richardson and Dr. Weaver subpoenas, are aimed entirely at documents having no legitimate relationship with the limited issues for which this Court permitted discovery. Defendants then filed five motions to compel in four separate courts across the country with respect to their subpoenas without making any genuine effort to meet-and-confer with counsel. In clear violation of this Court's Order, defendants also ignored this Court's mandate that they contact Magistrate Judge Bradberry with respect to these disputes.

## II.    BACKGROUND

As this Court is aware, this litigation was initiated in September 2001. MercExchange sued eBay for infringement of three patents, U.S. Patent No. 5,845,265 ("the '265 Patent"), U.S. Patent No. 6,085,176 ("the '176 Patent"), and U.S. Patent No. 6,202,051 ("the '051 Patent"). The case was litigated extensively, culminating in a five-week jury trial in April and May of 2003. The jury determined that defendants willfully infringed MercExchange's '265 Patent, and

the jury rejected defendants' invalidity defenses in their entirety.[1]  The District Court entered

judgment on the jury verdict in August 2003, but at that time denied MercExchange's post-trial

motion for permanent injunction against continued infringement.  *See generally MercExchange,*

*L.L.C. v. eBay, Inc.,* 275 F. Supp.2d 695, 711-15 (E.D. Va. 2003).  Defendants appealed the

infringement and validity verdicts to the Federal Circuit, and MercExchange cross-appealed this

Court's denial of the permanent injunction and the ruling of summary judgment of invalidity

with respect to the '051 Patent.  In March 2005, the Federal Circuit issued its ruling on the

appeal and affirmed the verdict of defendants' willful infringement and the validity of the '265

Patent.  *See generally MercExchange, L.L.C. v. eBay, Inc.,* 401 F.3d 1323 (Fed. Cir. 2005).  The

appellate court also reversed this Court's denial of permanent injunctive relief for

MercExchange, and it reversed this Court's holding of invalidity of the '051 Patent, directing

that the case be remanded for trial with respect to the '051 Patent.

eBay subsequently petitioned the United States Supreme Court for a *writ of certiorari*

solely with respect to the permanent injunction issue.  In May 2006, the Supreme Court issued its

ruling and held that both this Court and the Federal Circuit had failed to apply the correct

analysis with respect to that issue.  *eBay, Inc. v. MercExchange, L.L.C.,* ___ U.S. ___, 126 S. Ct.

1837, 1840 (2006).  The Court directed that this Court reconsider MercExchange's request for a

permanent injunction under the four-factor standard articulated in the Supreme Court's opinion.

*Id.* at 1839-41.

---

[1]  Before trial, this Court held that MercExchange's '051 Patent was invalid under
Section 112 of the patent laws.  As noted *infra,* that ruling was later reversed by the United
States Court of Appeals for the Federal Circuit.  The jury also held that defendants had infringed
the '176 Patent, but the Federal Circuit held that the asserted claims of that patent were invalid.

Meanwhile, ten months after the jury verdict in this case, and while the appeal was pending before the Federal Circuit, eBay belatedly petitioned the Patent and Trademark Office ("PTO") for a reexamination of the '265, '176, and '051 Patents.[2] Those reexamination proceedings remain pending before the PTO and no final decision has been reached. However, this Court's affirmed judgment of defendants' infringement and validity of the '265 Patent cannot be affected by the PTO's decision. Moreover, even if the PTO Examiners render a negative decision with respect to the validity of any of the claims of MercExchange's patents, MercExchange would have the opportunity to appeal that decision to the PTO's Board of Patent Appeals and ultimately the Federal Circuit, the same Court that has already held the '265 Patent to be valid.

Following the Supreme Court's decision and the return of the mandate of this case from the Federal Circuit, this Court conducted a scheduling conference with the parties to determine what issues remained for resolution. The parties identified a number of issues yet to be resolved in this litigation, not the least of which includes a trial on the '051 Patent as well as an accounting and possible enhancement of damages for defendants' post-verdict infringement of the '265 Patent. *MercExchange,* 275 F. Supp.2d at 714-15 (stating that Court would consider enhancing damages if defendants continued to infringe). Importantly, however, this Court determined that it would *not* proceed with respect to all of these issues but that, instead, it would consider only two issues at this time, first, MercExchange's renewed motion for a permanent injunction and, second, defendants' request that the entire proceeding be stayed pending the

---

[2] Of course, by this time defendants' invalidity defenses with respect to the '265 Patent had already been rejected by the jury, and the Federal Circuit had defendants' appeal of that verdict before it. The Federal Circuit affirmed that verdict in March 2005, even after defendants informed the appellate court that they had requested reexamination of the patent.

results of eBay's belatedly-sought reexamination.[3] Thus, for example, the Court determined that it would not yet proceed with the trial of the '051 Patent case, or the issue of an accounting or enhancement of damages for defendants' willful post-verdict infringement.

The parties then briefed the permanent injunction and stay issues to this Court. With its pleadings, MercExchange provided declarations addressed to the four-factor test for injunctions and specifically to the irreparable harm that would result to MercExchange if the Court did not enter an injunction, or if the Court were to stay the proceedings indefinitely without first enjoining defendants. MercExchange's trial expert, Dr. Alfred Weaver, was *not* one of those declarants.[4] Indeed, Dr. Weaver has no connection with either of the two motions pending before the Court. Rather, Dr. Weaver served as an expert witness at the trial of this case with respect to infringement and validity issues pertaining to the '265 Patent; these issues have been fully tried and affirmed on appeal. *See MercExchange,* 401 F.3d at 1327-31.

In this Court's Order and Opinion dated December 18, 2006, the Court held that it was proper for MercExchange to have submitted fresh evidence with respect to its need for a permanent injunction.[5] Exhibit A, Order and Opinion of Dec. 18, 2006 ("Post-Appeal Order") at 6-7. On defendants' request for discovery relating to this new evidence, however, the Court determined that it would permit very *limited* discovery. Specifically, the Court held, *"all*

---

[3] Reexamination proceedings have in some instances taken as many as ten years to resolve. eBay recently filed a request with the PTO seeking to initiate *another* reexamination proceeding, revealing that its reexamination gambit is nothing more than a delay tactic to prolong this litigation indefinitely.

[4] Dr. Weaver is a Professor of Computer Science at the University of Virginia.

[5] Although eBay contended that it was relevant that the PTO was considering post-trial reexaminations of the patents-in-suit, it argued that MercExchange's evidence should have been limited to that which existed at the trial of the case.

5

*discovery requests must be confined to the investigation into events occurring subsequent to this Court's denial of MercExchange's initial Motion for an injunction."* Post-Appeal Order at 15-16 (emphasis added). The Court further emphasized, "[t]o reiterate, the permissible discovery must relate to developments subsequent to August 6, 2003, that are relevant to MercExchange's motion for an injunction and eBay's motion to stay the proceedings." *Id.* at 17. The Court also held that "[i]n the event that discovery disputes arise, the parties *must* contact Magistrate Judge James Bradberry no later than February 6, 2007 to determine an expedited discovery dispute procedure." *Id.* at 16 (emphasis added).

Notwithstanding the discovery limitations and protocols in the Court's December 18 Order, defendants served subpoenas on, *inter alia,* MercExchange's trial expert Dr. Weaver, and MercExchange's law firm Fish & Richardson. Defendants also served subpoenas on Altitude Capital Partners, a firm that had invested in MercExchange, Ubid, an internet company with whom MercExchange had commercialized its patents, Kenneth Nahan, and Mr. Nahan's law firm Nordlicht & Hand.[6]

## III.    ARGUMENT

Defendants' subpoenas and their document requests upon MercExchange blatantly ignore the limitations on the scope of discovery established by this Court's Post-Appeal Order. This Court specifically limited the parties to discovery relevant to the two motions pending before the Court, MercExchange's request for a permanent injunction, and defendants' request for a stay of all proceedings. In light of the Court's decision to consider only these two motions, no issue of

---

[6] MercExchange's counsel, Hunton & Williams, represents Dr. Weaver, Mr. Nahan, Altitude Capital Partners, and Nordlicht & Hand in connection with these subpoenas. MercExchange is also authorized to represent that each of these respondents, as well as Fish & Richardson, join in this motion for a protective order.

6

infringement or validity is currently before the Court. Indeed, defendants' willful infringement of the '265 Patent stands conclusively adjudged.

With respect to MercExchange's law firm, Fish & Richardson, defendants have requested, *inter alia,* literally every communication relating to any of MercExchange's patent prosecution or reexamination matters. *See* Exhibit B (*e.g.,* request no. 5 ("[a]ll documents relating to communications with the Patent Office from March 8, 2004 to the present"). Moreover, it is apparent from the tone and substance of defendants' subpoena that defendants are attempting to relitigate their allegation that MercExchange violated the protective order in this case by having its trial expert file declarations in the reexamination matters. *See id.,* (request nos. 1-4, 7). However, this Court has already thoroughly considered and ruled on this issue in its Post-Appeal Order, and it did not grant leave for defendants to take discovery in order to pursue their unwarranted allegations. Post-Appeal Order at 22-29.

With respect to Dr. Weaver, the documents sought by defendants again have no relevance to the limited issues currently pending before the Court. Defendants appear to be under the misguided belief that this Court is giving them a new trial with respect to infringement of the '265 Patent. Certainly, that is not the case. There is an affirmed jury verdict that defendants willfully infringed MercExchange's '265 Patent, and no issue of defendants' infringement of that patent is before the Court at this time. Likewise, as discussed *infra,* the remainder of defendants' requests to Dr. Weaver are overbroad and improper.

Defendants' requests upon Altitude Capital are typically overbroad, but nonetheless this company has already made a production of responsive documents on the same day that defendants filed a motion to compel in the Southern District of New York. Respondents

Kenneth Nahan and Nordlicht & Hand are in the process of gathering responsive non-privileged documents and intend to produce them shortly.

**A.     The Court Should Enter A Protective Order Precluding Defendants From Enforcing Their Overbroad Subpoenas In The Issuing Courts.**

In an apparent effort to avoid this Court's limitations on the scope of discovery, defendants have filed five motions to compel in four other federal district courts across the country. Notwithstanding Judge Friedman's crystal-clear order mandating that the parties bring any discovery disputes before Magistrate Judge Bradberry by February 6, 2007 (Post-Appeal Order at 16), defendants never contacted this Court with respect to these issues in order that this Court might obviate the need to involve multiple federal district courts to resolve these matters. And regrettably, defendants have made highly misleading arguments to these Courts about the scope of discovery that this Court permitted. *See infra* at 9-10. Therefore, MercExchange requires immediate relief from this Court with respect to defendants' attempt to enforce subpoenas in the Western District of Virginia (Dr. Weaver) and the Southern District of California (Fish & Richardson) for documents that are wholly outside the scope of this Court's Post-Appeal Order.[7]

Moreover, defendants made no genuine effort to meet-and-confer with counsel before filing their salvo of "emergency" motions, even though MercExchange's counsel specifically requested the opportunity to meet and confer. *See* Exhibits C and D. Instead, defendants falsely contended to the other courts that MercExchange refused to meet and confer, when in fact it sought the opportunity to do so.

---

[7] The respective courts have set dates for hearing and/or deciding defendants' motions on February 14 (W.D. Va.), February 15 (S.D. Cal.), and February 20 (S.D.N.Y.).

Thus, as a threshold matter, MercExchange requests that the Court enter a protective order precluding defendants from seeking to enforce their overbroad subpoenas in other district courts in a manner that exceeds the scope of discovery permitted by the Post-Appeal Order. And clearly, this Court is in the best position to construe what its own order means. *Cf. Feller v. Brock,* 802 F.2d 722, 727-28 (4th Cir. 1986) ("[p]rudence requires that whenever possible, coordinate courts should avoid issuing conflicting orders"); *Fincher v. Keller Indus., Inc.,* 129 F.R.D. 123, 125 (M.D.N.C. 1990) (while issuing courts have authority to enforce subpoenas, "parties' discovery rights in [the issuing] district can rise no higher than their level in the district of trial"). And as discussed *infra,* defendants have attempted to mislead these other courts with respect to the scope of discovery permitted by this Court. While MercExchange recognizes that the issuing courts have jurisdiction to enforce subpoenas issued from those courts, defendants should not be entitled to violate this Court's Post-Appeal Order by enforcing the subpoenas in an overbroad manner.

**B.    Defendants' Subpoena Upon Dr. Weaver Is Overbroad, Improper, And Should Be Quashed**

The subpoena upon MercExchange's trial expert witness, Dr. Weaver, seeks solely information that is irrelevant to either of the issues pending before the Court. Defendants' subpoena upon Dr. Weaver is an intentionally intrusive subpoena intended to invade upon the attorney-client privilege with respect to issues that are not even pending before this Court. Exhibit E (Weaver subpoena).

Remarkably, in a brief that defendants filed in support of their motion to compel in the Western District of Virginia, defendants represented that this Court had expressly authorized discovery of Dr. Weaver. Exhibit F (Defs' W.D. Va. Br.) at 5 ("the Discovery Order specifically authorizes discovery of Dr. Weaver"); 6 (referring to "the EDVA Court's express authorization

9

to take discovery of Mr. Weaver"); 8 ("the EDVA Court has granted eBay the opportunity to fully investigate Mr. Weaver's involvement in the reexamination and his post-trial work for MercExchange"). Of course, defendants provided no citation for this proposition and there is none. This Court made no such ruling. To the contrary, this Court *denied* defendants' request that MercExchange provide a control log for Dr. Weaver's communications pertaining to this case. *See infra* at 14-15.

In an equally baseless argument, defendants further contended in their brief (and presumably will do so here) that because Dr. Weaver was MercExchange's primary trial expert on infringement, his documents are likely to be essential to the pending issues before the Court because "eBay has since designed around this Patent". Defs' W.D.Va. Br. at 4. Defendants further contended that they must "determine the basis for MercExchange's allegation that eBay continues to infringe the '265 Patent. As MercExchange's leading expert of [sic] this issue, Mr. Weaver's evidence it [sic] central to the determination of whether or not the EDVA Court will issue a permanent injunction." *Id.*

This argument from defendants is wholly lacking in merit. There is an *affirmed* jury verdict of defendants' willful infringement of the '265 Patent. *MercExchange,* 401 F.3d at 1327-31. Apparently, notwithstanding this affirmed verdict of infringement, defendants believe that MercExchange is under a burden to *again* prove that defendants infringe the '265 Patent in order to have a remedy for that infringement.

The infringement trial in this case is *over* with respect to the '265 Patent and defendants have exhausted their appeals. As such, under the law with respect to permanent injunctions, it is of no moment that defendants hint that they may have subsequently designed around the patent

claims.  A recent federal district court decision aptly summarizes the law with respect to this

point:

> [Defendant] first urges that the injunction should be denied because it has ceased
> to manufacture and sell the infringing product.  Cessation of production and sales
> *is not in and of itself sufficient "sound reason" to deny a permanent injunction.*
> W.L. Gore & Associates, Inc. v. Garlock, Inc., 842 F.2d 1275, 1282 (Fed. Cir.
> 1988) (*"The mere fact that [infringer] was no longer making or selling the
> infringing filament and packing products is not a sufficient ground for denying
> an injunction against future infringement."*)  *Rather, the request for an
> injunction should be denied only when "the evidence is very persuasive that
> further infringement will not take place."  Id.*  For example, where the infringer
> no longer had the manufacturing capacity to produce the infringing item, a
> permanent injunction was not appropriate.  *Id.*  In this case, the only evidence of
> [defendant's] cessation of infringement is its own statement that it has done so.  If
> this sufficed for the "very persuasive" evidence that infringement had
> permanently ceased, few permanent injunctions would issue.  As explained in
> *General Electric Co. v. New England Electric Mfg. Co.,* "The argument in such
> circumstances is very simple.  If the defendant be honest in his protestations an
> injunction will do him no harm; if he be dishonest, the court should place a strong
> hand upon him." 128 F. 738, 740 (2d Cir. 1904).

*Rosco, Inc. v. Mirror Lite Co.,* 2006 W.L. 2844400, * 4 (E.D.N.Y. Sept. 29, 2006) (emphasis

added) (attached as Exhibit G).

Accordingly, it is not only insufficient, it is legally irrelevant to the issues pending before

the Court that defendants suggest they may have ceased their willful infringement.

But defendants' arguments are all the more lacking in merit because, as this Court

observed in its December 18 Order, defendants presented no evidence or argument that they had

in fact designed-around the claims of the '265 Patent.  Although defendants publicly proclaimed

after the trial that they had designed around the patent, when it came time to brief the pending

issues before this Court, defendants failed to present any such evidence.  This Court took special

note of this, stating in its Post-Appeal Order, *"eBay appears to have failed to advance any

evidence nor even make the express, yet uncorroborated, claim that it has in fact designed

around the 265 Patent*." Order at 12, n.9 (emphasis added).  In light of their failure to so much

11

as proffer an argument that they have ceased infringement of the '265 Patent, their present contention that they require discovery from Dr. Weaver in order to get a grasp of MercExchange's infringement theories is wholly without merit.

Thus, contrary to what defendants have represented to the Western District of Virginia, there is no issue of infringement currently being considered by this Court. Defendants failed to present any evidence or argument that they no longer infringe the '265 Patent, and even had they done so, under the governing law that would not impact on whether a permanent injunction should enter. MercExchange is under no burden to prove for a second time that defendants infringe the '265 Patent in order to be entitled to a remedy for the willful infringement proven at trial.

And as with the subpoena upon Fish & Richardson, discussed *infra*, defendants appear to seek to relitigate their protective order motion by having Dr. Weaver produce discovery relating to his declarations in connection with the reexaminations. Exhibit E (request nos. 1-4). For all the same reasons discussed *infra* at 14-15, these discovery requests are improper and beyond the scope of discovery of the December 18 Order. This Court held that Dr. Weaver's declarations did not violate the protective order, and this Court expressly denied defendants' request that Dr. Weaver provide a control log with respect to his communications. Post-Appeal Order at 23, 29. For defendants to demand this same information via subpoena — and contend to another federal district court that this Court authorized that which it expressly denied — plainly ignores this Court's Order with respect to the issue.

Finally, defendants' subpoena upon Dr. Weaver violates the expert witness discovery procedures established for this litigation. Throughout this litigation, the parties agreed that they would not require the exchange of draft reports of their expert witnesses, nor would they require

production of the communications between counsel and their respective expert witnesses. Indeed, throughout the five and one-half year course of this litigation, defendants have never provided drafts of their expert witnesses' reports, nor did they produce their communications with expert witnesses or even a privilege log with respect to their communications with their expert witnesses. In a complete about-face, defendants now insist that MercExchange must provide such drafts and communications. There is no legitimate reason, however, why there should be one rule for MercExchange and a different rule for defendants.

C.    **The Subpoena Upon MercExchange's Law Firm, Fish & Richardson, Seeks Information That Is Irrelevant To The Issues Pending Before The Court And Should Be Quashed In Its Entirety.**

Defendants' subpoena upon MercExchange's law firm, Fish & Richardson, bears special scrutiny as it is clearly intended to intrude on information protected by the attorney-client privilege and work product doctrine. Defendants have requested, *inter alia,* literally every communication relating to MercExchange's patent prosecution or reexamination matters. *See* Exhibit A (*e.g.,* request no. 5 ("[a]ll documents relating to communications with the Patent Office from March 8, 2004 to the present").

MercExchange's internal communications with its counsel regarding patent prosecution and reexamination matters have no relevance to the two issues pending before the Court. The issues of infringement and validity of the '265 Patent have been tried and affirmed on appeal. And this Court has not yet authorized the parties to resume discovery with respect to the '051 Patent.

Defendants will undoubtedly argue that because they have invoked the PTO reexaminations of these two patents as a reason for this Court to stay all proceedings, this is the "camel's nose" that permits them to lift the tent off of all of MercExchange's communications with its patent counsel. However, the mere fact that defendants invoke the reexaminations as a

13

basis for granting a stay does not render relevant all manner of information pertaining to the conduct of the reexamination proceedings. Defendants have no right to participate in those *ex parte* reexamination proceedings (or MercExchange's other patent prosecution matters), and they have no cause for taking discovery in this Court for the purpose of those collateral administrative proceedings. Similarly, this Court has no power to resolve those proceedings before the PTO. The Court has before it the question whether to stay the case or not based on the fact that the reexaminations are ongoing but, stated simply, the parties are not going to "litigate" the reexaminations before this Court. Thus, all of defendants' discovery requests to Fish & Richardson are irrelevant to the issues before this Court. And clearly, much of this information will be privileged in any event.

It appears that defendants also intend to use this subpoena to relitigate another issue that this Court already resolved in its December 18 Order. Specifically, defendants made an unfounded allegation that MercExchange's expert witness Dr. Weaver violated the protective order in this case by serving declarations in the reexamination matters. With full knowledge that Dr. Weaver had served declarations in the reexamination proceedings, ***defendants waited for two years without raising any objection in any manner whatsoever***. Without any attempt to meet-and-confer, defendants then sprung a motion for alleged violation of the protective order on MercExchange and asked that the Court sanction MercExchange.

The Court thoroughly considered and conclusively resolved this issue in its December 18 Order, holding that MercExchange had not violated the protective order, but also modifying the protective order to preclude Dr. Weaver from any further involvement in the reexamination proceedings. Post-Appeal Order at 22-29. Moreover, in response to a specific request from defendants that MercExchange provide a log of "all documents relating to communications with,

or analyses by, its experts regarding patent prosecution efforts," the Court *overruled* defendants'
request. *Id.* at 23, 29.

Defendants now demand this very same information and they also seek to relitigate this
issue by requesting production of literally every communication pertaining to the reexaminations
and specifically to the declarations filed in connection with the reexaminations. Exhibit A at 4-5.
Nothing in this Court's Order permitted discovery of this nature, and the Court should not permit
it now.

### D.    Defendants Should Be Precluded From Exceeding The Scope Of This Court's Post-Appeal Order Through Their Subpoenas Upon Altitude Capital, Kenneth Nahan, and Nordlicht & Hand.

Defendants have moved in two other federal district courts to compel enforcement of
subpoenas upon Altitude Capital, Kenneth Nahan, and Nordlicht & Hand. Exhibits H, I and J
(attaching subpoenas). While each of these subpoenas is overbroad in various respects, each of
these respondents intends to produce responsive, non-privileged documents. Altitude Capital
produced responsive documents on February 5. Exhibit K. Mr. Nahan and Nordlicht & Hand
timely objected to the subpoenas, but are searching for responsive documents and they intend to
produce non-privileged documents to the extent they are found.

With respect to the scope of the latter two subpoenas, however, it appears defendants
intend to utilize this opportunity to relitigate another issue that is no longer before the Court,
specifically, the extent to which the so-called "Nahan or Honicorp system" constitutes prior art
to MercExchange's '265 Patent. Again, that issue has been conclusively resolved and is not
before the Court.

The sole issue before the Court pertinent to Mr. Nahan and his law firm Nordlicht &
Hand relates to a meeting they had with defendants' counsel shortly before the trial of this case.
*See generally* Post-Appeal Order at 17-21. After the close of discovery in this case and only one

15

month before trial, defendants' counsel produced a videotape relating to Mr. Nahan's "Honicorp" system, and they represented to MercExchange and the Court that this video of the Honicorp system was a public "infomercial." Over MercExchange's objection, the Court then allowed this tape into evidence at trial as possible prior art. After the Nahans read press accounts about the trial verdict, they contacted MercExchange's counsel and told them they had met with defendants' counsel before trial and had discussed the video. Mr. Nahan provided a declaration stating that he had told defendants' counsel before the trial that the video was confidential, *i.e.,* it was not a public "infomercial."[8]

MercExchange raised this issue as evidence of defendants' unclean hands, which weighed against defendants' request for the equitable relief of a stay of proceedings. In its December 18 Order, the Court permitted limited discovery with respect to this issue. Post-Appeal Order at 21. This Court made clear the limited purpose of the discovery, *viz.,* "such investigation is being permitted only as a result of eBay's tardy submission of the Newman video after the close of trial discovery." *Id.*

Thus, the issue before the Court is not whether defendants can now turn up some new evidence of prior art to belatedly bolster the defenses on which they lost at trial. Nor does it matter whether defendants can now dredge up some evidence of an earlier public disclosure of the Newman video or the Honicorp system generally. Rather, the issue is simply one of defendants' candor before this tribunal and what was communicated between the Nahans and defendants' counsel during their pretrial meeting. If defendants' representation to the Court was false when made, they cannot cure the falsity of their representation after the fact. Accordingly,

---

[8] Under well-settled patent law, if the video was confidential it could not constitute "prior art."

16

discovery of Mr. Nahan and Nordlicht & Hand should be limited to the communications between the Nahans and defendants' counsel.

## IV.    CONCLUSION

For all the foregoing reasons, MercExchange respectfully requests that this Court enter a protective order precluding defendants from enforcing their subpoenas in other federal district courts in a manner that violates this Court's December 18 Order. MercExchange further requests that this Court quash and/or limit the scope of the subpoenas in a manner consistent with the limitations of this Court's Order.

Dated: February 9, 2007

Respectfully submitted,

MERCEXCHANGE, L.L.C.,

By: _____

Gregory N. Stillman (VSB# 14308)
**HUNTON & WILLIAMS, LLP**
500 East Main Street
Suite 1000
Norfolk, Virginia 23510
Telephone (757) 640-5300
Facsimile: (757) 625-7720

Thomas J. Cawley (VSB# 04612)
David M. Young (VSB# 35997)
**HUNTON & WILLIAMS, LLP**
1751 Pinnacle Drive, Suite 1700
McLean, Virginia 22102
Telephone: (703) 714-7400
Facsimile: (703) 714-7410

Scott L. Robertson
Jennifer A. Albert
Brian M. Buroker (VSB # 39581)
**HUNTON & WILLIAMS, LLP**
1900 K Street, N.W.
Washington, D.C. 20006-1109
Telephone: (202) 955-1500
Facsimile: (202) 778-2201

Attorneys for Plaintiff
MercExchange, L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of February, 2007, I caused a copy of the foregoing **PLAINTIFF MERCEXCHANGE, L.L.C.'S BRIEF IN SUPPORT OF MOTION TO ENFORCE COURT'S DECEMBER 18 ORDER AND FOR PROTECTIVE ORDER CONCERNING DEFENDANTS' OVERBROAD DISCOVERY REQUESTS AND ATTEMPTED ENFORCEMENT OF SUBPOENAS DUCES TECUM** to be served as follows:

**By Hand Upon:**

Robert W. McFarland, VSB No. 24021
McGuire Woods, LLP
World Trade Center
101 West Main Street, Suite 900
Norfolk, VA 23510-1655
(757) 640-3700

**By Overnight Mail Upon:**

Jeffrey G. Randall
Skadden, Arps, Slate, Meagher & Flom, LLP
525 University Avenue
Suite 1100
Palo Alto, CA 94301

Allan M. Soobert
Skadden, Arps, Slate, Meagher & Flom, LLP
1440 New York Avenue, NW
Washington, DC 20005

19

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division


MERCEXCHANGE, L.L.C.,

        Plaintiff,

                                       Case No. 2:01-CV-736

v.

EBAY, INC. and HALF.COM, INC.,

        Defendants.


**DECLARATION OF GREGORY N. STILLMAN IN SUPPORT OF PLAINTIFF MERCEXCHANGE, L.L.C.'S MOTION TO ENFORCE COURT'S DECEMBER 18 ORDER AND FOR PROTECTIVE ORDER CONCERNING DEFENDANTS' OVERBROAD DISCOVERY REQUESTS AND ATTEMPTED ENFORCEMENT OF SUBPOENAS DUCES TECUM**

I, Gregory N. Stillman, declare:

1.      I am an attorney at the law firm of Hunton & Williams LLP, counsel of record for MercExchange, L.L.C. ("MercExchange") in this action.  I am a member in good standing of the State Bar of Virginia.  I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.      Attached as Exhibit A is a true and correct copy of this Court's Order and Opinion of December 18, 2006.

3.      Attached as Exhibit B is a true and correct copy of defendants' subpoena *duces tecum* upon Fish & Richardson.

4.      Attached as Exhibit C are true and correct copies of letters that I sent to defendants' counsel on January 19 and 22, 2007, requesting a meet-and-confer with respect to the present discovery issues.

5.      Attached as Exhibit D is a true and correct copy of an e-mail that I sent to defendants' counsel on January 23, 2007, requesting a meet-and-confer with respect to the present discovery issues.

6.      Attached as Exhibit E is a true and correct copy of defendants' subpoena upon Dr. Alfred Weaver.

7.      Attached as Exhibit F is a true and correct copy (without exhibits) of defendants' brief filed in the Western District of Virginia in support of their motion to compel enforcement of the subpoena upon Dr. Weaver.

8.      Attached as Exhibit G is a true and correct copy of the Westlaw opinion for *Rosco, Inc. v. Mirror Lite Co.,* 2006 W.L. 2844400, * 4 (E.D.N.Y. Sept. 29, 2006).

9.      Attached as Exhibit H is a true and correct copy of defendants' subpoena on Altitude Capital Partners.

10.     Attached as Exhibit I is a true and correct copy of defendants' subpoena upon Mr. Kenneth Nahan.

11.     Attached as Exhibit J is a true and correct copy of defendants' subpoena upon Nordlicht & Hand.

12.     Attached as Exhibit K is a true and correct copy of an email that I sent to defendant's counsel on February 5, 2007, regarding the production of documents on behalf of Altitude Capital Partners.

13.     Attached as Exhibit L is a true and correct copy of defendants' document requests served upon MercExchange.

Executed on February 9, 2007, at Norfolk, Virginia.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Gregory N. Stillman

2

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of February, 2007, I caused a copy of the foregoing **DECLARATION OF GREGORY N. STILLMAN IN SUPPORT OF PLAINTIFF MERCEXCHANGE, L.L.C.'S MOTION TO ENFORCE COURT'S DECEMBER 18 ORDER AND FOR PROTECTIVE ORDER CONCERNING DEFENDANTS' OVERBROAD DISCOVERY REQUESTS AND ATTEMPTED ENFORCEMENT OF SUBPOENAS DUCES TECUM** to be served as follows:

**By hand:**

Robert W. McFarland, VSB No. 24021
McGuire Woods, LLP
World Trade Center
101 West Main Street, Suite 900
Norfolk, VA 23510-1655
(757) 640-3700

**By Overnight Mail:**

Jeffrey G. Randall
Skadden, Arps, Slate, Meagher & Flom, LLP
525 University Avenue
Suite 1100
Palo Alto, CA 94301

Allan M. Soobert
Skadden, Arps, Slate, Meagher & Flam, LLP
1440 New York Avenue, N.W.
Washington, DC 20005

3