| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7 | HUNTON & WILLIAMS LLP<br>ANN MARIE MORTIMER (State Bar No. 169077)<br>550 South Hope Street, Suite 2000<br>Los Angeles, CA 90071<br>Telephone: (213) 532-2000<br>Fax: (213) 532-2020<br>Email: amortimer@hunton.com<br><br>Attorneys for Plaintiff<br>MERCEXCHANGE, L.L.C. |
Case 3:07-cv-00231-IEG-POR   Document 7   Filed 02/09/2007   Page 1 of 3

Dockets.Justia.com

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCEXCHANGE, L.L.C.,<br><br>    Plaintiff,<br><br>v.<br><br>eBAY INC. AND HALF.COM, INC.,<br><br>    Defendants. | MISCELLANEOUS CASE NO.<br>**07CV0231-IEG (POR)**<br><br>**(Case NO. 2:01-CV-736 Pending in the United States District Court the for Eastern District of Virginia)**<br><br>**THE HONORABLE LOUISA S. PORTER**<br><br>**PLAINTIFF MERCEXCHANGE, L.L.C.'S BRIEF IN SUPPORT OF MOTION TO QUASH SUBPOENA *DUCES TECUM* UPON FISH & RICHARDSON P.C.**<br><br>Date:  February 15, 2007<br>Time:  2:00 pm<br>Ctrm:  H |

**Misc. Case No. 07CV0231-IEG (POR).**

# PLAINTIFF MERCEXCHANGE, L.L.C.'S BRIEF IN SUPPORT OF MOTION TO QUASH SUBPOENA *DUCES TECUM* UPON FISH & RICHARDSON P.C.

## I. INTRODUCTION

Plaintiff MercExchange, L.L.C. ("MercExchange") respectfully requests that the Court quash the subpoena *duces tecum* served by defendants upon Fish & Richardson, P.C. ("Fish"), MercExchange's law firm. In order to avoid burdening the Court with redundant argument, MercExchange incorporates by reference all of its arguments set forth in its brief in opposition to defendants' motion to compel enforcement of this subpoena, which brief MercExchange is filing with the Court today. MercExchange briefly summarizes herein the arguments made in that brief.

## II. ARGUMENT

Because of the unique procedural posture of this case, the Virginia Court in which this action is pending ("the Virginia Court") entered an Order on December 18, 2006 ("the Post-Appeal Order"), that expressly limited discovery to only that which is relevant to two motions now pending before that Court, specifically, MercExchange's request for a permanent injunction against infringement of the '265 Patent, and defendants' request for an indefinite stay of proceedings. In addition, the Virginia Court required the parties to contact Magistrate Judge Bradberry of that Court in the event that disputes arose over this limited discovery.

In contravention of that Post-Appeal Order, defendants launched a half-dozen subpoenas *duces tecum* in five jurisdictions that substantially overreach. The subpoena issued upon MercExchange's law firm Fish & Richardson seeks documents that have nothing to do with the two pending motions before the Trial Court. Examples of such overbroad requests include requests for virtually every document relating to any of MercExchange's patents or patent applications, even those that have never had anything to do with this litigation, much less with the pending motions.

Defendants then moved to compel in this Court and three other courts across the country with respect to their overbroad subpoenas without making any genuine effort to meet-and-confer with counsel. And in clear violation of the Virginia Court's Post-Appeal Order, defendants also

1

ignored that Court's mandate that they contact Magistrate Judge Bradberry with respect to these disputes. This Court should not facilitate this type of overreaching conduct.

With respect to MercExchange's law firm, Fish & Richardson, defendants have requested, *inter alia,* literally every communication relating to any of MercExchange's patent prosecution or reexamination matters, even as to patents that have never been asserted in this litigation. MercExchange's patent files and its internal communications with its counsel regarding patent prosecution and reexamination matters have no relevance to the two issues pending before the Court. Indeed, there is no issue of patent infringement or validity for that Court to decide with respect to the two pending motions. Defendants' subpoena upon MercExchange's law firm, Fish & Richardson, also bears special scrutiny as it is clearly intended to intrude on information protected by the attorney-client privilege and work product doctrine. Moreover, it is apparent from the tone and substance of defendants' subpoena that defendants are attempting to relitigate allegations pertaining to the protective order in that case that the Virginia Court has already considered and fully resolved.

Pursuant to the Virginia Court's Order, on February 6, MercExchange notified Magistrate Judge Bradberry of the need for the Virginia Court's involvement to resolve these discovery disputes. On February 9, MercExchange filed a motion for protective order in that Court with respect to defendants' overreaching subpoenas. The Virginia Court has indicated it will take up these issues during the week of February 12.

### III. CONCLUSION

For all the foregoing reasons and as set forth in further detail in MercExchange's brief opposing defendants' motion to compel, MercExchange respectfully requests that this Court quash defendants' subpoena.

DATED: February 9, 2007

HUNTON & WILLIAMS LLP

By: [signature]
ANN MARIE MORTIMER
Attorneys for Plaintiff
MERCEXCHANGE, L.L.C.