HUNTON & WILLIAMS LLP
ANN MARIE MORTIMER (State Bar No. 169077)
550 South Hope Street, Suite 2000
Los Angeles, CA 90071
Telephone: (213) 532-2000
Fax: (213) 532-2020
Email: amortimer@hunton.com

Attorneys for Plaintiff
MERCEXCHANGE, L.L.C.,

Case 3:07-cv-00231-IEG-POR    Document 10    Filed 02/09/2007    Page 1 of 11

Dockets.Justia.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCEXCHANGE, L.L.C.,<br><br>       Plaintiff,<br><br>    v.<br><br>eBAY INC. AND HALF.COM, INC.,<br><br>       Defendants. | MISCELLANEOUS CASE NO. 07CV0231-IEG (POR)<br><br>(Case NO. 2:01-CV-736 Pending in the United States District Court the for Eastern District of Virginia)<br><br>THE HONORABLE LOUISA S. PORTER<br><br>PLAINTIFF MERCEXCHANGE, L.L.C.'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL FISH & RICHARDSON P.C. TO COMPLY WITH A SUBPOENA *DUCES TECUM*<br><br>Date:   February 15, 2007<br>Time:  2:00 pm<br>Ctrm:  H |

## PLAINTIFF MERCEXCHANGE, L.L.C.'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL FISH & RICHARDSON P.C. TO COMPLY WITH A SUBPOENA *DUCES TECUM*

### I. INTRODUCTION

Plaintiff MercExchange, L.L.C. ("MercExchange") respectfully requests that the Court deny defendants' motion to compel Fish & Richardson, P.C. ("Fish"), MercExchange's law firm, with respect to the subpoena *duces tecum* served upon Fish by defendants. In the alternative, MercExchange requests that the Court defer resolution of this matter pending the ruling of the United States District Court for the Eastern District of Virginia ("the Virginia Court") on MercExchange's pending motion for a protective order with respect to this and other overreaching subpoenas served by defendants.

Because of the unique procedural posture of this case, the Virginia Court entered an Order on December 18, 2006 ("the Post-Appeal Order"), that expressly limited discovery to only that which is relevant to two motions now pending before that Court, specifically, MercExchange's request for a permanent injunction against infringement of the '265 Patent, and defendants' request for an indefinite stay of proceedings. In addition, the Virginia Court required the parties to contact Magistrate Judge Bradberry of that Court in the event that disputes arose over this limited discovery.

In contravention of that Post-Appeal Order, defendants launched a half-dozen subpoenas *duces tecum* in five jurisdictions that substantially overreach. The subpoena issued upon MercExchange's law firm Fish & Richardson seeks documents that have nothing to do with the two pending motions before the Trial Court. Examples of such overbroad requests include requests for virtually every document relating to any of MercExchange's patents or patent applications, even those that have never had anything to do with this litigation, much less with the pending motions.

Defendants then moved to compel in this Court and three other courts across the country with respect to their overbroad subpoenas without making any genuine effort to meet-and-confer with counsel. And in clear violation of the Virginia Court's Post-Appeal Order, defendants also

1

ignored that Court's mandate that they contact Magistrate Judge Bradberry with respect to these disputes. This Court should not facilitate this type of overreaching conduct.

## II. BACKGROUND

This litigation was initiated in September 2001, when MercExchange sued eBay for infringement of three patents, U.S. Patent No. 5,845,265 ("the '265 Patent"), U.S. Patent No. 6,085,176 ("the '176 Patent"), and U.S. Patent No. 6,202,051 ("the '051 Patent"). The case was litigated extensively, culminating in a five-week jury trial in April and May of 2003. The jury determined that defendants willfully infringed MercExchange's '265 Patent, and the jury rejected defendants' invalidity defenses in their entirety.[1] The Virginia Court entered judgment on the jury verdict in August 2003, but at that time denied MercExchange's post-trial motion for permanent injunction against continued infringement. *See generally MercExchange, L.L.C. v. eBay, Inc.*, 275 F. Supp.2d 695, 711-15 (E.D. Va. 2003). Defendants appealed the infringement and validity verdicts to the Federal Circuit, and MercExchange cross-appealed the trial court's denial of the permanent injunction and the ruling of summary judgment of invalidity with respect to the '051 Patent. In March 2005, the Federal Circuit issued its ruling on the appeal and affirmed the verdict of defendants' willful infringement and the validity of the '265 Patent. *See generally MercExchange, L.L.C. v. eBay, Inc.*, 401 F.3d 1323 (Fed. Cir. 2005). The appellate court also reversed the trial court's denial of permanent injunctive relief for MercExchange, and it reversed that court's holding of invalidity of the '051 Patent, directing that the case be remanded for trial with respect to the '051 Patent.

eBay subsequently petitioned the United States Supreme Court for a *writ of certiorari* solely with respect to the permanent injunction issue. In May 2006, the Supreme Court issued its ruling and held that both the trial court and the Federal Circuit had failed to apply the correct analysis with respect to that issue. *eBay, Inc. v. MercExchange, L.L.C.*, ___ U.S. ___, 126 S. Ct.

---

[1] Before trial, the Virginia Court held that MercExchange's '051 Patent was invalid under Section 112 of the patent laws. As noted *infra*, that ruling was later reversed by the United States Court of Appeals for the Federal Circuit. The jury also held that defendants had infringed the '176 Patent, but the Federal Circuit held that the asserted claims of that patent were invalid.

1837, 1840 (2006). The Court directed that the trial court reconsider MercExchange's request for a permanent injunction under the four-factor standard articulated in the Supreme Court's opinion. *Id.* at 1839-41.

Meanwhile, ten months *after* the jury verdict in this case, and while the appeal was pending before the Federal Circuit, eBay belatedly petitioned the Patent and Trademark Office ("PTO") for a reexamination of the '265, '176, and '051 Patents.[2] Those reexamination proceedings remain pending before the PTO and no final decision has been reached. However, the trial court's affirmed judgment of defendants' infringement and validity of the '265 Patent cannot be affected by the PTO's decision. Moreover, even if the PTO Examiners render a negative decision with respect to the validity of any of the claims of MercExchange's patents, MercExchange would have the opportunity to appeal that decision to the PTO's Board of Patent Appeals and ultimately the Federal Circuit, the same Court that has already held the '265 Patent to be valid.

Following the Supreme Court's decision and the return of the mandate of this case from the Federal Circuit, the Virginia Court conducted a scheduling conference with the parties to determine what issues remained for resolution. The parties identified a number of issues yet to be resolved in this litigation, not the least of which includes a trial on the '051 Patent as well as an accounting and possible enhancement of damages for defendants' post-verdict infringement of the '265 Patent. *MercExchange,* 275 F. Supp.2d at 714-15 (stating that Court would consider enhancing damages if defendants continued to infringe). Importantly, however, the Virginia Court determined that it would *not* proceed with respect to all of these issues but that, instead, it would consider only two issues at this time, first, MercExchange's renewed motion for a permanent injunction and, second, defendants' request that the entire proceeding be stayed

---

[2] Of course, by that time defendants' invalidity defenses with respect to the '265 Patent had already been rejected by the jury, and the Federal Circuit had defendants' appeal of that verdict before it. The Federal Circuit affirmed that verdict in March 2005, even after defendants informed the appellate court that they had requested reexamination of the patent.

3

Case 3:07-cv-00231-IEG-POR   Document 10   Filed 02/09/2007   Page 4 of 1

pending the results of eBay's belatedly-sought reexamination.³ Thus, for example, the Court determined that it would not yet proceed with any additional discovery or trial of the '051 Patent case, or the issue of an accounting or enhancement of damages for defendants' willful post-verdict infringement.

The parties then briefed the permanent injunction and stay issues to the Virginia Court. With its pleadings, MercExchange provided declarations addressed to the four-factor test for injunctions and specifically to the irreparable harm that would result to MercExchange if the Court did not enter an injunction, or if the Court were to stay the proceedings indefinitely without first enjoining defendants. Defendants objected to that evidence.⁴

In the Virginia Court's Order and Opinion dated December 18, 2006, the Court held that it was proper for MercExchange to have submitted fresh evidence with respect to its need for a permanent injunction. (Exhibit 1 to Declaration of Ann Marie Mortimer in Support of Opposition to Motion to Compel ("Mortimer Dec.") (Order and Opinion of Dec. 18, 2006 ("Post-Appeal Order")) at 6-7.) On defendants' request for discovery relating to this new evidence, however, the Court determined that it would permit very *limited* discovery. Specifically, the Court held, ***"all discovery requests must be confined to the investigation into events occurring subsequent to this Court's denial of MercExchange's initial Motion for an injunction."*** (*Id.* at 15-16 (emphasis added).) The Court further emphasized, "[t]o reiterate, the permissible discovery must relate to developments subsequent to August 6, 2003, that are relevant to MercExchange's motion for an injunction and eBay's motion to stay the proceedings." (*Id.* at 17.) The Court also held that "[i]n the event that discovery disputes arise,

---

³ Reexamination proceedings have in some instances taken as many as ten years to resolve. eBay recently filed a request with the PTO seeking to initiate *another* reexamination proceeding, revealing that its reexamination gambit is nothing more than a delay tactic to prolong this litigation indefinitely.

⁴ Although defendants contended that it was relevant that the PTO was considering post-trial reexaminations of the patents-in-suit, they argued that MercExchange's evidence should have been limited to that which existed at the trial of the case.

the parties *must* contact Magistrate Judge James Bradberry no later than February 6, 2007 to determine an expedited discovery dispute procedure." (*Id.* at 16 (emphasis added).)

Although defendants contended that they required leave to take discovery regarding the declarations that supported MercExchange's post-appeal pleadings, instead, defendants served subpoenas on, *inter alia,* MercExchange's trial expert Dr. Weaver, and MercExchange's law firm Fish & Richardson, neither of whom had provided declarations for the pending motions.

## III. ARGUMENT

Defendants' boilerplate recitation of law with respect to the general scope of discoverable information is inapposite, because in this case the Virginia Court has expressly limited the scope of discovery owing to the unique posture of the case. Defendants' subpoenas blatantly ignore these limitations on the scope of discovery established by the Virginia Court's Post-Appeal Order. After careful consideration, that Court limited the parties to proceeding only with respect to two motions, and then specifically limited the parties to discovery relevant to those two motions pending before the Court, *viz.,* MercExchange's request for a permanent injunction, and defendants' request for a stay of all proceedings. In light of the Virginia Court's decision to consider only these two motions, no issue of infringement or validity is currently before that Court. Indeed, defendants' willful infringement of the '265 Patent stands conclusively adjudged.

Yet with respect to MercExchange's law firm, Fish & Richardson, defendants have requested, *inter alia,* literally every communication relating to any of MercExchange's patent prosecution or reexamination matters, even as to patents that have never been asserted in this litigation. (*See* Exhibit 2 to Mortimer Dec. (*e.g.,* request no. 5 ("[a]ll documents relating to communications with the Patent Office from March 8, 2004 to the present").) Moreover, it is apparent from the tone and substance of defendants' subpoena that defendants are attempting to relitigate their unwarranted allegation that MercExchange violated the protective order in this case by having its trial expert file declarations in the reexamination matters. (*See id.* (request nos. 1-4, 7).) However, the Virginia Court has already thoroughly considered and ruled on this issue in its Post-Appeal Order, and it did not grant leave for defendants to take discovery in order

5

Misc. Case No. 07CV0231-IEG (POR)

to pursue their unwarranted allegations. (Exhibit 1 to Mortimer Dec., Post-Appeal Order at 22-29.)

### A. The Court Should Decline To Enforce Defendants' Overbroad Subpoena And/Or Defer Resolution Of This Motion Pending The Virginia Court's Ruling On MercExchange's Motion For Protective Order.

In an apparent effort to avoid the Virginia Court's limitations on the scope of discovery, defendants filed five motions to compel in four other federal district courts across the country. Notwithstanding the Virginia Court's crystal-clear order mandating that the parties bring any discovery disputes before Magistrate Judge Bradberry by February 6, 2007 for expedited treatment (Exhibit 1 to Mortimer Dec., Post-Appeal Order at 16), defendants never contacted the Virginia Court with respect to these issues in order that this Court might obviate the need to involve multiple federal district courts to resolve these matters. And regrettably, defendants have made highly misleading arguments to these Courts about the scope of discovery that the Virginia Court permitted.

Moreover, defendants made no genuine effort to meet-and-confer with counsel before filing their salvo of "emergency" motions, even though MercExchange's counsel and Fish specifically requested the opportunity to meet and confer.[5] Instead, defendants falsely contended to the other courts that MercExchange and Fish refused to meet and confer, when in fact they attempted to do so.

As a result, on February 6, MercExchange notified Magistrate Judge Bradberry of the need for the Virginia Court's involvement to resolve these discovery disputes. (*See* Exhibit 3 to Mortimer Dec.) And on February 9, MercExchange moved for a protective order with respect to these subpoenas. (*See* Exhibit 4 to Mortimer Dec.) The Virginia Court has indicated it will take up these issues during the week of February 12.

---

[5] Fish's multiple efforts to meet-and-confer with defendants' counsel are set forth in its separately-filed brief in opposition to this motion, filed this same day.

6

Misc. Case No. 07CV0231-IEG (POR)

Case 3:07-cv-00231-IEG-POR   Document 10   Filed 02/09/2007   Page 7 of 11

Clearly, that Court is in the best position to construe what its own Post-Appeal Order means. *Cf. Feller v. Brock,* 802 F.2d 722, 727-28 (4th Cir. 1986) ("[p]rudence requires that whenever possible, coordinate courts should avoid issuing conflicting orders"); *Fincher v. Keller Indus., Inc.,* 129 F.R.D. 123, 125 (M.D.N.C. 1990) (while issuing courts have authority to enforce subpoenas, "parties' discovery rights in [the issuing] district can rise no higher than their level in the district of trial"). While MercExchange recognizes that this Court has jurisdiction to enforce subpoenas issued from the Court, defendants should not be entitled to violate the Virginia Court's Post-Appeal Order by enforcing their subpoenas in an overbroad manner.

### B. The Subpoena Upon MercExchange's Law Firm, Fish & Richardson, Seeks Information That Is Irrelevant To The Issues Pending Before The Court And Should Be Quashed In Its Entirety.

Defendants' subpoena upon MercExchange's law firm, Fish & Richardson, bears special scrutiny as it is clearly intended to intrude on information protected by the attorney-client privilege and work product doctrine. Defendants have requested, *inter alia,* literally every communication relating to MercExchange's patent prosecution or reexamination matters. (*See* Exhibit 2 to Mortimer Dec. (*e.g.,* request no. 5 ("[a]ll documents relating to communications with the Patent Office from March 8, 2004 to the present").) Nine of the ten document requests upon Fish pertain to Fish's work for MercExchange on these patent prosecution or reexamination matters. Defendants' requests include not only matters unrelated to the two pending motions before the Virginia Court, but also patents and patent applications that have never been asserted in the underlying litigation.

MercExchange's patent files and its internal communications with its counsel regarding patent prosecution and reexamination matters have no relevance to the two issues pending before the Court. The issues of infringement and validity of the '265 Patent have been tried and affirmed on appeal. And the Virginia Court has not yet authorized the parties to resume discovery with respect to the '051 Patent. The issues before the Court pertain essentially to the question whether MercExchange will be irreparably harmed in the event defendants are not enjoined or, relatedly, in the event the Court stays the proceedings without first granting an

7

**Misc. Case No. 07CV0231-IEG (POR)**

injunction. *See generally eBay, Inc.*, 126 S. Ct. at 1840 (setting forth factors governing whether lower court should grant injunction). There is no issue of infringement or patent validity before the Virginia Court at this time.

Defendants will undoubtedly argue that because they have invoked the PTO reexaminations of these two patents as a reason for the Virginia Court to stay all proceedings, this is the "camel's nose" that permits them to lift the tent off of all of MercExchange's communications with its patent counsel with respect to the reexaminations. However, the mere fact that defendants invoke the reexaminations as a basis for granting a stay does not render relevant all manner of information pertaining to the conduct of the reexamination proceedings. Defendants have no right to participate in those *ex parte* reexamination proceedings (or MercExchange's other patent prosecution matters), and they have no cause or right to take discovery in the judicial branch for the purpose of those collateral administrative proceedings. *See Syntex (U.S.A.) Inc. v. U.S. Patent & Trademark Office,* 882 F.2d 1570, 1573 (*ex parte* reexamination statute "specifically prohibits further participation by third-party requesters during reexamination"); 37 C.F.R. § 1.550(g) (active participation by *ex parte* requester ends with the reply pursuant to § 1.535, and "no further submissions on behalf of the reexamination requester will be acknowledged or considered").[6]

Similarly, the Virginia Court is not going to resolve or involve itself in those proceedings before the PTO. Rather, the Virginia Court has before it the question whether to stay the case or not based on the fact that the reexaminations are ongoing but, stated simply, the parties are not going to "litigate" the reexaminations before the Virginia Court. And although defendants are precluded from participating in the reexaminations, 37 C.F.R. § 1.550(g), the PTO provides defendants — as the "requester" of the proceedings — with notice of every action taken by the PTO. 37 C.F.R. § 1.550(f) ("reexamination requester will be sent copies of Office actions issued

---

[6] Nonetheless, on numerous occasions defendants have attempted improperly to participate in these proceedings. The PTO has rejected defendants' submissions as being in violation of the applicable statute and regulations. (*See* Exhibit 5 to Mortimer Dec. ("PTO Decision Dismissing eBay Petition").)

during the *ex parte* reexamination proceeding"). Accordingly, defendants do not require any discovery in order to be kept abreast of the status of these proceedings. Thus, at least nine of ten of defendants' discovery requests to Fish are wholly irrelevant to the issues before the Virginia Court. And clearly, much of this information will be privileged in any event.

It appears that defendants also intend to use this subpoena to relitigate another issue that the Virginia Court already resolved in its December 18 Order. Specifically, defendants made an unfounded allegation that MercExchange's expert witness Dr. Weaver violated the protective order in this case by virtue of his serving declarations in the reexamination matters. With full knowledge that Dr. Weaver had served declarations in the reexamination proceedings, ***defendants waited for two years without raising any objection in any manner whatsoever.*** Without any attempt to meet-and-confer, defendants then sprung a motion for alleged violation of the protective order on MercExchange and asked that the Court sanction MercExchange.

The Virginia Court thoroughly considered and conclusively resolved this issue in its Post-Appeal Order, holding that MercExchange had not violated the protective order, but also modifying the protective order to preclude Dr. Weaver from any further involvement in the reexamination proceedings. (Exhibit 1 to Mortimer Dec., Post-Appeal Order at 22-29.) In response to a specific request from defendants that MercExchange provide a log of "all documents relating to communications with, or analyses by, its experts regarding patent prosecution efforts," the Court ***overruled*** defendants' request. (*Id.* at 23, 29.)

Defendants now demand this very same information and they also seek to relitigate this issue by requesting production of literally every communication pertaining to the reexaminations and specifically to the declarations filed in connection with the reexaminations. (Exhibit 2 to Mortimer Dec. (request nos. 1-4, 7).) Indeed, some of these requests appear to have no other purpose. *Id.* (request no. 3, "[a]ll documents relating to any communications with MercExchange or any reexamination expert regarding the protective order."). Nothing in the Virginia Court's Order permitted discovery of this nature, and this Court should not permit it through the guise of a subpoena.

9

Misc. Case No. 07CV0231-IEG (POR)

## IV. CONCLUSION

For all the foregoing reasons, MercExchange respectfully requests that this Court deny defendants' motion to compel and that the Court quash and/or limit defendants' subpoena.

DATED: February 9, 2007

HUNTON & WILLIAMS LLP

By: /s/ Ann Marie Mortimer
ANN MARIE MORTIMER
Attorneys for Plaintiff
MERCEXCHANGE, L.L.C.