Dockets.Justia.com

1  HUNTON & WILLIAMS LLP
   ANN MARIE MORTIMER (State Bar No. 169077)
2  550 South Hope Street, Suite 2000
   Los Angeles, CA 90071
3  Telephone: (213) 532-2000
   Fax: (213) 532-2020
4  Email: amortimer@hunton.com

5

6  Attorneys for Plaintiff
   MERCEXCHANGE, L.L.C.,
7

8

9                  UNITED STATES DISTRICT COURT

10               SOUTHERN DISTRICT OF CALIFORNIA

11

12  MERCEXCHANGE, L.L.C.,              MISCELLANEOUS CASE NO.
                                       07CV0231-IEG (POR)
13              Plaintiff,
                                       (Case NO. 2:01-CV-736 Pending in the
14      v.                             United States District Court the for
                                       Eastern District of Virginia)
15
    eBAY INC. AND HALF.COM, INC.,      THE HONORABLE LOUISA S.
16                                     PORTER
                Defendants.
17
                                       DECLARATION OF ANN MARIE
18                                     MORTIMER IN SUPPORT OF
                                       PLAINTIFF MERCEXCHANGE,
19                                     L.L.C.'S BRIEF IN OPPOSITION TO
                                       DEFENDANTS' MOTION TO
20                                     COMPEL ENFORCEMENT OF
                                       SUBPOENA *DUCES TECUM* UPON
21                                     FISH & RICHARDSON P.C.

22

23                                     Date:   February 15, 2007
                                       Time:   2:00 pm
24                                     Ctrm:   H

25

26

27

28

                                       Misc. Case No. 07CV0231-IEG (POR).

**DECLARATION OF ANN MARIE MORTIMER IN SUPPORT OF PLAINTIFF MERCEXCHANGE, L.L.C.'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ENFORCEMENT OF SUBPOENA *DUCES TECUM* UPON FISH & RICHARDSON P.C.**

I, Ann Marie Mortimer, declare as follows:

1.    I am an attorney admitted to practice before this Court. I am an attorney with Hunton & Williams, LLP, which firm is counsel of record for MercExchange, L.L.C. in the underlying action pending in the United States District Court for the Eastern District of Virginia ("the Virginia Court"). I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently as to their truth.

2.    Attached as Exhibit 1 is a true and correct copy of the Virginia Court's Order of December 18, 2006.

3.    Attached as Exhibit 2 is a true and correct copy of the document requests served upon Fish & Richardson, P.C. via defendants' subpoena duces tecum.

4.    Attached as Exhibit 3 is a true and correct copy of a letter from Gregory N. Stillman, Esq., counsel for MercExchange, dated February 6, 2007.

5.    Attached as Exhibit 4 is a true and correct copy of MercExchange's motion for protective order and brief in support, without exhibits, filed with the Virginia Court.

6.    Attached as Exhibit 5 is a true and correct copy of a decision of the Patent and Trademark Office of August 17, 2005.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on **February 9, 2007**, at Los Angeles, California.

_____
ANN MARIE MORTIMER

1

**Misc. Case No. 07CV0231-IEG (POR).**

# EXHIBITS TO THE DECLARATION OF

# ANN MARIE MORTIMER

# TABLE OF CONTENTS

| EX. NO. | DESCRIPTION | PAGE(S) |
|---|---|---|
| 1 | Order In *MercExchange, L.L.C. v. eBay, Inc. and Half.com*, No. 2:01cv736 (E.D. Va. Dec. 18, 2005). | 2-32 |
| 2 | Subpoena in a Civil Case served on Fish & Richardson on Jan. 11, 2007 | 33-39 |
| 3 | Letter, dated Feb. 6, 2007, from Gregory N. Stillman to Honorable James E. Bradberry | 40-41 |
| 4 | MercExchange's Motion for Protective Order and brief in support in *MercExchange, L.L.C. v. eBay, Inc. and Half.com*, No. 2:01cv736 (E.D. Va.), without exhibits | 42-68 |
| 5 | Decision of the United States Patent and Trademark Office, dated August 17, 2005 | 69-70 |

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**



MERCEXCHANGE, L.L.C.,

     Plaintiff,

v.                   Civil Action No. 2:01cv736

eBAY, INC. and HALF.COM, INC.,

     Defendants.

### ORDER AND OPINION

On November 17, 2006, the court conducted a hearing to address four motions filed by eBay, Inc. and Half.com, Inc. (collectively "eBay"): (1) "Motion to Strike New & Irrelevant Evidence"; (2) "Motion Strike Nahan Declaration"; (3) "Motion for Leave to Submit Motion to Enforce the Court's Protective Order"; and (4) "Motion to Enforce Court's Protective Order." For the reasons set out herein, the court **DENIES** both eBay's motion to strike new evidence and motion to strike the Nahan declaration; however, such ruling requires that both eBay and MercExchange be afforded the opportunity to perform limited discovery in order to update the record to the present time. Additionally, the court **GRANTS** eBay's motion for leave to submit the protective order motion and **GRANTS** in part, and **DENIES** in part, the substantive protective order motion.

### I. Factual and Procedural Background

In an effort to avoid repeating a detailed depiction of the facts and procedural posture of the instant litigation, the limited background pertinent to the instant motions is as follows: subsequent to the grant of summary judgment in favor of eBay based on a finding of invalidity on

the asserted claims of the '051 patent and a jury verdict awarding damages to MercExchange based on eBay's infringement of the '265 patent, on August 6, 2003, this court entered an order and opinion denying MercExchange's motion for an injunction.[1] MercExchange, L.L.C. v. eBay, Inc., 275 F. Supp. 2d 695 (E.D. Va. 2003). On appeal, the Federal Circuit vacated this court's grant of summary judgment on the '051 patent and reversed the denial of MercExchange's motion for a permanent injunction. MercExchange, L.L.C. v. eBay, Inc., 401 F.3d 1323 (Fed Cir. 2005). The Supreme Court granted certiorari to address the proper standard for entry of a permanent injunction and ultimately vacated the Federal Circuit's injunction ruling, defining the traditional four-part equitable test as the proper standard for the injunction calculus in patent cases. eBay Inc. v. MercExchange, L.L.C., 126 S. Ct. 1837 (2006).

This matter has now been remanded to this court for consideration of MercExchange's renewed motion for a permanent injunction, as well as for an eventual trial on the '051 patent. The two primary motions presently under consideration by the court are: (1) MercExchange's renewed motion for a permanent injunction; and (2) eBay's motion to stay the proceedings in light of the Patent and Trademark Office (PTO) reexamination of both the '265 and '051 patents. The four motions that are addressed in this order are secondary motions that are relevant to this court's consideration of the motion for an injunction and motion to stay. Because the court previously denied MercExchange's motion for an injunction in an order dated August 6, 2003, the court's references to "new" evidence or "recent" developments refer to occurrences subsequent to this court's August 6, 2003, ruling, whereas references to "backfilled" evidence

---

[1] In short, the '051 patent covers auction style transactions where prospective buyers bid on an item whereas the '265 patent covers fixed price transactions such as eBay's "buy-it-now" sales option where the seller sets a fixed purchase price.

2

**Ex. 1/ p. 3**

refer to facts that existed as of August 6, 2003, yet were not made part of the record.

## II. eBay's Motion to Strike New and Irrelevant Evidence

eBay's motion to strike was filed in response to numerous exhibits, including expert declarations, filed by MercExchange in support of its renewed motion for a permanent injunction.[2] Although eBay conceded at the hearing on this matter that injunctive relief's prospective nature requires the court to consider <u>present circumstances</u> in determining whether or not to grant an injunction, eBay contends that MercExchange has improperly submitted numerous exhibits seeking to backfill the record and re-litigate issues already decided by this court. Furthermore, eBay challenges the fact that two of the expert declarations submitted as exhibits to MercExchange's motion were submitted by previously undisclosed experts. As to the portions of MercExchange's exhibits that relate to recent factual developments, consisting primarily of MercExchange's business relationship with uBid, Inc. (uBid), eBay contends that such evidence is duplicative and irrelevant.

In contrast, MercExchange contends that it is not trying to backfill the record, but rather, the portions of the exhibits discussing prior events are merely included to present a factual background that is relevant to this court's decision as to whether or not to enter an injunction. With respect to the previously undisclosed experts, MercExchange argues that the legal standard applicable to the court's injunction decision has been called into question by eBay and that such declarations were submitted to clarify the irreparable harm that MercExchange will suffer in case the court concludes that a presumption of irreparable harm no longer exists. Finally, as to

---

[2] It should be noted from the outset that eBay has also filed voluminous exhibits in support of its motion to stay.

**Ex. 1/ p. 4**

uBid, MercExchange argues that such evidence is both relevant and significantly different from evidence previously advanced, and thus, is not duplicative.

Although the parties disagree on virtually every factual and legal issue relevant to the instant matter, they agree that the decision as to whether to "reopen the record" on remand lies squarely within this court's discretion. (E.D. Va. 1980) (recognizing that it is "well-established that, in the absence of error affecting the introduction of evidence at trial, the decision whether to reopen the evidence at a later stage of the proceedings rests with the trial judge"). Although the court's exercise of such discretion is dependant upon a careful case-by-case analysis, the type of relief sought on remand unquestionably has a significant impact on the court's decision as prospective equitable relief, such as an injunction or a stay of the proceedings, necessitates that the court consider the facts as they exist at the time of remand and not as they existed several years in the past. See Lyons Partnership, L.P. v. Morris Costumes, Inc., 243 F.3d 789, 799 (4th Cir. 2001) ("A prospective injunction is entered only on the basis of current, ongoing conduct that threatens future harm.") (emphasis added). The current facts are so vital to the court's decision when such form of relief is sought as the court is not only charged with determining the equitable relief appropriate on the date of the court's order, but is also expected to fashion relief that appears appropriate for extension into the future; such task can hardly be faithfully completed in reliance on a record that is nearly three and half years old and established prior to a significant factual development. See Continental Airlines, Inc. v. United Airlines, Inc., 277 F.3d 499, 503 (4th Cir. 2002) (remanding for reconsideration of an injunction involving airport security screening equipment and recognizing that, "on remand, the district court and the parties will undoubtedly have to deal with [the ramifications of September 11th] in considering any prospective relief"); see also Direx

Israel, Ltd. v. Breakthrough Medical Corp., 952 F.2d 802, 819 (4th Cir. 1991) ("[W]e reverse the grant of the injunction herein and remand the case for further proceedings consistent with the rulings herein, without prejudice to the right of the plaintiff to premise its motion on new or changed circumstances."); Huminski v. Corsones, 396 F.3d 53, 94 (2d Cir. 2005) ("Upon remand, the district court should consider whether, under present circumstances, permanent injunctive relief is required and, of course, the terms of any such injunction.").

Based on the prospective nature of the relief sought, as well as the significant time lapse subsequent to this court's denial of MercExchange's original motion for an injunction, as set forth in greater detail below, the court denies eBay's motion to strike the exhibits submitted in support of MercExchange's renewed motion for an injunction. First, such evidence is not improper in the absence of a formal motion; second, the majority of such exhibits do not appear to be an attempt to improperly backfill the record and to the extent that such exhibits are in conflict with the court's prior factual findings they will be disregarded; and third, information relating to MercExchange's business relationship with uBid is not duplicative nor untimely. Because the court is willing to accept submissions by both parties that update the court on factual developments occurring after 2003, the court will permit limited discovery in order to afford the parties the traditional protections of the adversarial system.

### A. MercExchange's failure to file a written motion to reopen the record does not require that MercExchange's exhibits be stricken.

eBay's motion to strike first seeks to have MercExchange's exhibits stricken on procedural grounds, arguing that new evidence is not properly before the court both because MercExchange failed to file a formal motion to reopen the record and because the opinions of both superior courts failed to suggest that the record be reopened on remand. First, from a legal

5

standpoint, eBay fails to cite any caselaw directly on point suggesting that such new evidence

must be stricken in absence of formal motion by MercExchange. Additionally, eBay's allegation

that MercExchange failed to file such motion is hypocritical in light of the fact that eBay also

failed to file a motion to reopen the record prior to submitting recent PTO reports and other

factual exhibits in support of its motion to stay. Second, from a practical standpoint and as

conceded by eBay, common sense dictates that a dispute over prospective relief requires

consideration of the facts as they exist at the time of the hearing, not as they existed over three

years ago, and this court does not require a superior court to instruct it to apply such common

sense requirement. Furthermore, although MercExchange did not file a formal motion seeking to

reopen the record, it is clear from the transcript of a telephone status conference conducted by

this court on July 28, 2006, that MercExchange announced its intent to introduce additional

evidence reflecting factual developments occurring subsequent to trial. The following exchange

occurred during such call:

> *Mr. Stillman (MercExchange):*
> In terms of scheduling, obviously time is of the essence with respect to our request
> for injunctive relief. But nonetheless, we would like the opportunity to
> supplement the record, the evidentiary record, on that request to bring it current,
> to make the Court aware of what MercExchange has been about in the three plus
> years since the jury entered its verdict, and to get some guidance from you about
> scheduling and how we would go about doing that.
> *The Court:*
> All right. Mr. Randall.
> *Mr. Randall (eBay):*
> Your Honor, our view is that based on the re-exam proceedings – and the re-exam
> was initially granted in June of 2004, so it's been going on for two years. There
> have been two significant rejections of all claims. . . . So we are asking that the
> Court first consider our motion to stay.

(July 28, 2006 Conf. Call p.6). The excerpt cited above not only establishes that the court and

both parties understood that MercExchange would be submitting exhibits reflecting recent

6

factual developments in conjunction with its renewed motion for an injunction, but also

highlights the fact that eBay's motion to stay relies almost exclusively upon recent factual

developments, that is, the PTO reexamination proceedings. As a result, the court, in its

discretion, concludes that reopening the record for the limited purpose of admitting evidence

relevant to the parties' motion for an injunction and motion to stay and targeted at the period

subsequent to August 6, 2003, is proper notwithstanding the fact that a formal motion was not

filed by MercExchange.

> **B. The court will disregard the portions of exhibits attempting to introduce facts predating August 6, 2003, that were not previously made part of the record and those portions attempting to recast the prior record in a manner inconsistent with this court's findings of fact.**

As stated above, the court's decision to reopen the record for the limited purpose of

permitting the parties to update the court on factual developments occurring subsequent to this

court's August 2003 order does not permit the parties to backfill the record by presenting

evidence that was previously available yet not advanced either at trial or in support of

MercExchange's initial motion for an injunction.[3] Likewise, the court's decision to reopen the

record does not permit the parties to recast the prior record in a manner inconsistent with the

findings of fact associated with the court's denial of MercExchange's original motion for an

injunction. Notably, significant portions of the declarations challenged by eBay advance facts

and opinions aimed at proving that MercExchange intended to commercialize its inventions from

---

[3] As discussed below in Part III, the one exception to the August 6, 2003, cutoff date is that the court, in its discretion, will permit the parties to investigate the fraud alleged by MercExchange with respect to eBay's meeting with Kenneth Nahan and the introduction of the Newman video. The court permits such inquiry even though the pertinent facts predate the court imposed cutoff date because eBay produced the Newman video shortly before trial and after the close of discovery; thus, MercExchange may not have previously been permitted sufficient time to fully investigate such matter.

their infancy even though this court's prior findings suggest otherwise. Furthermore, any

impropriety contained in such declarations is compounded by the fact that eBay has not had the

opportunity to depose the individuals in relation to their newly submitted declarations.[4]

For example, MercExchange has submitted a recent declaration of Thomas Woolston,

MercExchange's president, that purports to document MercExchange's history from its founding

until the present. Although the court is willing to consider the portions of such report that

document factual developments occurring subsequent to August 6, 2003, the portions of the

declaration advancing Mr. Woolston's portrayal of events prior to such time should have been

submitted, if at all, either at trial or in support of MercExchange's original motion for an

injunction. Similarly, although the recently submitted expert declaration of Larry Evans, who

testified at trial on behalf of MercExchange, permissibly cites trial testimony, it repeatedly offers

the opinion that "[f]rom the outset, Mr. Woolston sought to commercialize his patents" (Evans

Decl. ¶ 32); such conclusion appears to vary from, and may even be in contravention of, this

court's prior finding that "the evidence of the plaintiff's willingness to license its patents, its lack

of commercial activity in practicing the patents, and its comments to the media as to its intent

with respect to enforcement of its patent rights, are sufficient to rebut the presumption that it will

suffer irreparable harm if an injunction does not issue." MercExchange, 275 F. Supp. 2d at 712.[5]

---

[4] As previously mentioned, two of the expert declarations were submitted by experts not
previously identified by MercExchange.

[5] Set forth below is a more complete quote from this court's August 6, 2003, order and
opinion discussing MercExchange's lack of commercial activity. The order stated:
The defendants next argue that there was evidence adduced at trial proving that the
plaintiff is willing to license or sell its patents. On this point, the defendants are
correct. Substantial evidence was adduced at trial showing that the plaintiff does
not practice its inventions and exists merely to license its patented technology to
others. Indeed, the plaintiff has made numerous comments to the media before,

8

Although the Supreme Court concluded that neither this court nor the Federal Circuit "correctly applied the traditional four-factor framework that governs the award of injunctive relief," eBay Inc., 126 S. Ct. at 1840, remand permits MercExchange the opportunity to argue that applying the "correct" legal framework to the previous record, as supplemented by interim factual developments, an injunction is warranted. It does not provide the opportunity to recast the prior record. To clarify, the undisturbed record led this court to conclude that prior to 2003, MercExchange exhibited a "willingness to license its patents" a "lack of commercial activity in practicing the patents" and that its "numerous comments to the media before, during, and after this trial indicat[e] that it did not seek to enjoin eBay but rather sought appropriate damages for the infringement." MercExchange, 275 F. Supp. 2d at 712. Although MercExchange has every right to argue that such factual findings, applied to the proper legal test, warrant an injunction, or, that such factual findings when considered in light of recent developments, both factual and legal, warrant an injunction, it will not be presented the opportunity to challenge such factual findings. Thus, MercExchange may argue that this court was legally incorrect in concluding that

---

during, and after this trial indicating that it did not seek to enjoin eBay but rather sought appropriate damages for the infringement. The Federal Circuit has observed that "the lack of commercial activity by the patentee is a significant factor in the calculus" of whether the patentee will suffer irreparable harm absent an injunction. High Tech Medical Instrumentation, Inc. v. New Image Indus., Inc., 49 F.3d 1551, 1556 (Fed. Cir. 1995). In the case at bar, the evidence of the plaintiff's willingness to license its patents, its lack of commercial activity in practicing the patents, and its comments to the media as to its intent with respect to enforcement of its patent rights, are sufficient to rebut the presumption that it will suffer irreparable harm if an injunction does not issue. Moreover, the plaintiff never moved this court for a preliminary injunction. If it believed that it was suffering irreparable harm by the defendants' continued infringement of its patents, such a motion would have been appropriate. This fact, while certainly not dispositive of the issue, lends additional weight in support of the defendants' arguments that the plaintiff will not be irreparably harmed absent an injunction.

MercExchange, 275 F. Supp. 2d at 712 (footnote omitted).

a willingness to license or lack of commercial activity suggest that an injunction is not warranted; however, it may not attempt to argue that it was never willing to license or that it never had a lack of commercial activity practicing the patents.

In order to preserve the admissible portions of MercExchange's submissions, as well as avoid the delay associated with ordering that MercExchange's experts rewrite their reports without the portions that attempt to recast facts predating August 6, 2003, the court will simply disregard any opinion or argument seeking to re-litigate the court's prior factual findings.[6] The court in no way suggests that it will not entertain counsels' arguments as to how the previous record, established through trial and this court's prior injunction ruling, as well as any interim factual updates, should be applied to the correct legal framework; rather, the court will simply not reconsider its past factual findings regarding the time period prior to August 6, 2003. As a result, counsel for both parties are invited to refer to the prior record, as well as recent factual developments, and argue that such facts, when applied to the proper legal standard, warrant an injunction; however, the court will give no weight to arguments, opinions, or exhibits that attempt to add to, modify, or recast the court's prior factual findings.[7]

---

[6] The court suggests that both parties re-familiarize themselves with this court's August 6, 2003, order prior to the hearing on the motion for an injunction and motion for a stay as the factual findings of the court dealing with the time period prior to August of 2003 remain undisturbed.

[7] Although the court does not condone the submission of declarations from previously undisclosed experts, the court recognizes MercExchange's justification for such submissions, namely, that the legal standard for issuing an injunction was in flux throughout the appeal of this matter and appears to remain uncertain today in that the Supreme Court did not expressly address whether the presumption of irreparable harm upon a showing of validity and infringement survives the Supreme Court's decision; however, the court does not believe that an expert primer on irreparable harm suffered by small companies whose patents are infringed offers any significant support for MercExchange's position. First, the Supreme Court cautioned the lower courts about avoiding categorical rules, and the expert declaration offered by Lori Pressman, one

10

## C. References to uBid are not duplicative nor untimely.

As can be inferred from the discussion above, the court rejects eBay's contention that references to MercExchange's business relationship with uBid, a factual development occurring subsequent to August 6, 2003, are duplicative or untimely. First, such references are not untimely as MercExchange did not have a business relationship with uBid when the initial motion for an injunction was filed, and thus, evidence regarding uBid is not backfill of the record, but rather, is precisely the type of evidence updating the court on recent developments that is vital to the court's injunction calculus. See Lyons, 243 F.3d at 799 ("A prospective injunction is entered only on the basis of current, ongoing conduct that threatens future harm.") (emphasis added). Second, although eBay effectively demonstrates that the non-exclusive license entered into between uBid and MercExchange is not particularly lucrative and appears similar to Mercexchange's past non-exclusive licenses, the declaration of Timothy Takesue, the Merchandising Executive Vice President of uBid, highlights the fact that the terms of such contract are not very favorable to MercExchange primarily because eBay is infringing on MercExchange's '265 patent and that an exclusive license[8] or merger has been contemplated but

---

of the experts not previously disclosed, presents virtually no information with respect to MercExchange nor relevant post trial developments, but rather, presents an opinion painted with a very broad brush suggesting that small companies holding patents will always be irreparably harmed absent the right to exclude. Similarly, portions of the other expert reports, such as the Evans declaration, make similar generalizations concluding: "An individual inventor or small company that lacks the financial resources to take on the big guy in high-stakes patent litigation should not be forced to grant compulsory licenses" (Merc. Injunct. Memo Ex.17 ¶ 103). Again, the court will not strike such declarations in light of the fact that MercExchange will be given the opportunity to conduct limited discovery, including depositions of some of such experts if it chooses; however, the court will afford little weight to exhibits espousing categorical rules or seeking to highlight the woes of the small patent holder while ignoring this court's prior findings.

[8] eBay argues that the terms of several of MercExchange's prior licenses would preclude MercExchange from granting an exclusive license to uBid. Such argument, even if correct, ignores the reality that uBid appears to place virtually the entire value of an exclusive license to

11

has not come to fruition due to eBay's infringement. The sworn claims that eBay's infringement

on the '265 patent is directly hindering MercExchange's business opportunities distinguishes

uBid from most of MercExchange's past licencing partners, as the trial record establishes that

some of MercExchange's past difficulties commercializing its patents were not a result of eBay's

infringement. Further, the sworn evidence establishing that a merger

between MercExchange and an internet auction website that <u>directly competes</u> with eBay was

contemplated, yet foreclosed as a result of eBay's infringement distinguishes the business

relationship with uBid from past licencing agreements. Thus, uBid is not unique based on the

terms of the current non-exclusive license, but rather, the potential for an exclusive license or

merger and the apparent value of such relationship to both uBid and MercExchange if an

injunction prevented eBay from offering "buy-it-now" sales on its website while uBid, a direct

competitor, was able to offer such option on its website.[9]  As a result, the court will not strike

MercExchange's submissions advancing evidence with respect to uBid; however, as previously

mentioned, the court will reopen the record in a limited manner in order to permit eBay to

perform depositions and further investigate the MercExchange/uBid business relationship.

---

the '265 patent on the ability to utilize such patent while preventing eBay from doing so.  Thus,
even if technically MercExchange could not grant uBid an exclusive license to the '265 patent
covering every field of use, a nearly exclusive license that prevents MercExchange from granting
further licenses to uBid's competitors, especially to eBay, ultimately appears to have the same
effect and value as what MercExchange and uBid refer to as an "exclusive license."

[9] The recurring issue underlying nearly every dispute presently before the court is whether
or not eBay has designed around the '265 patent; if it has, then an exclusive license is of virtually
no value to uBid, nor is an injunction of much value to MercExchange.  Although eBay has
offhandedly referred to its purported design around both in court and in its briefs, eBay appears
to have failed to advance any evidence nor even make the express, yet uncorroborated, claim that
it has in fact designed around the '265 patent.

12

**D. Although the court will permit additional discovery, such discovery is limited in scope and time.**

Although the court recognizes the necessity of updating the record with recent factual developments, the court will not permit the parties to backfill or recast facts in a manner inconsistent with this court's prior findings. However, even though portions of the challenged

declarations plainly ignore this court's prior factual findings and at times advance opinions that appear more appropriate for counsel to argue, the court declines to strike such reports because the court recognizes, first, that its prior factual findings were limited, and second, that the expert reports generally do not attempt to backfill the record by adding new facts, but rather, merely cite trial testimony in an attempt to highlight MercExchange's version of pre-2003 events. Thus, rather than striking such reports, the court will simply disregard and give no weight to any portions of such reports that the court deems to be inconsistent with its prior factual findings.

In light of the court's decision not to strike such reports, nor strike references to uBid, the court must permit some form of discovery to ensure that the parties have a fair opportunity to investigate and challenge evidence advanced by the opposing party.[10] As discussed at the hearing on this matter, eBay relies on Lussier v. Runyon, 50 F.3d 1103 (1st Cir. 1995) for the proposition that "once the record is closed, a district court, absent waiver or consent, ordinarily may not receive additional factual information of a kind not susceptible to judicial notice unless it fully reopens the record and animates the panoply of evidentiary rules and procedural safeguards customarily available to litigants." Id. at 1105-06 (emphasis added). Adding some context to

---

[10] Although MercExchange firmly opposes reopening discovery as doing so delays resolution of its motion for an injunction, it was MercExchange that submitted numerous expert reports, some nearly forty pages in length with hundreds of pages of exhibits, and a declaration in support of a new allegation that eBay committed a fraud on this court. The court's decision to consider such materials necessitates that eBay be permitted the opportunity to investigate them.

13

such quote, in <u>Lussier</u> the district court was "[d]issatisfied with the trial evidence" regarding the plaintiff's future disability benefits, so the court, in an effort to accurately calculate plaintiff's damages, ordered the parties to file a status report concerning certain disability payments that plaintiff would receive in the future. <u>Id.</u> at 1113.  Plaintiff, "though objecting vigorously to the directive," submitted <u>Id.</u> <span></span> defendant offered no information. <u>Id.</u>  Subsequently, the court, apparently exasperated with defendant's failure to submit requested information, used the plaintiff's forced submission to calculate the present value of plaintiff's future disability benefits, reduced plaintiff's damages based on such calculation, and "paid lip service" to the fact that it had "reopened the record." <u>Id.</u> at 1113, 1115 n.16.  On appeal, the First Circuit concluded that although the district court claimed to have reopened the record, its actions failed to approach the proper method of reopening the record as the court, "over the plaintiff's objection, engaged in a unilateral pursuit of additional evidence without affording the parties the standard prophylaxis that generally obtains at trial . . . [including] the right to object to evidence, the right to question its source, relevance, and reliability, the right to cross-examine its proponent, and the right to impeach or contradict it." <u>Id.</u> at 1115 n.16.

Although this court's views are in alignment with the First Circuit's, the court does not agree with eBay's broad categorization of the <u>Lussier</u> opinion standing for the proposition that if the record is reopened, it must be reopened without limitation.  Rather, <u>Lussier</u> espouses the proposition that a court, no matter what its motivations, may not undertake the unilateral pursuit of extra-record evidence nor under any circumstances consider evidence advanced by one party concerning disputed material facts that the opposing party is not presented an opportunity to challenge. <u>Id.</u> at 1113; <u>see also</u> <u>Black v. TIC Investment Corp.</u>, 900 F.2d 112, 116 (7th Cir.

14

1990) ("Where new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the movant an opportunity to respond."). Such requirement is a "fundamental principle of our jurisprudence" as "[o]urs is a system that seeks the discovery of truth by means of a managed adversarial relationship between the parties, [and] [i]f we were to allow judges to bypass this system, even in the interest of furthering efficiency or promoting judicial economy, we would subvert this ultimate purpose." Lussier, 50 F.3d at 1113-14. Thus, a district court may, in its discretion, "reopen the record" in a limited manner with respect to a targeted issue, so long as the parties are presented an equal and fair opportunity to investigate the facts and challenge the opposing party's evidence through traditional adversarial means. See, e.g., Black, 900 F.2d at 116 (remanding and explaining that a late filed affidavit could either be considered or disregarded by the district court; however, if accepted, the court must afford the opposing party the opportunity to respond); Chamberlain v. Denny's, Inc., 206 F.R.D. 418, 419-20 (D. Md. 2002) (permitting the plaintiffs to file an affidavit from an individual improperly omitted from a prior discovery request because "the evidence to be presented by the witness [tardily identified] was particularly significant and dealt with a key issue in the case"; however, because such individual "had not been previously identified as a witness in the case, the Court granted defendant the right to depose him and ascertain pertinent facts relating to his observations . . . ").

Here, the court's denial of eBay's motion to strike MercExchange's exhibits necessitates that, in order to preserve the adversarial system, the court reopen the record and permit the parties additional time to perform limited discovery into the new evidence submitted to the court. As requested by eBay at the hearing on this matter, the parties are permitted to perform additional depositions as well as serve document requests; however, all discovery requests must be confined

to the investigation into events occurring subsequent to this court's denial of MercExchange's initial motion for an injunction. Furthermore, because the court's decision to reopen the record is not made without consideration of MercExchange's interest in a speedy resolution of its motion for an injunction and the extensive discovery previously conducted, the court will limit each party to five depositions, lasting no longer than six hours each, and all depositions must be concluded by March 2, 2007. Additionally, all document requests must be served no later than January 12, 2007, and objections or responses are due no later than February 2, 2006. In the event that discovery disputes arise, the parties must contact Magistrate Judge James Bradberry no later than February 6, 2007, to determine an expedited discovery dispute procedure. Such limited time-frame should be more than sufficient to afford the parties, which each have extensive legal teams spanning multiple law firms, adequate time to investigate the pertinent issues, yet at the same time will allow for a hearing on the motion for an injunction and motion to stay to be conducted in the near future. Following the conclusion of discovery, the parties will be permitted until March 16, 2007, to file a supplemental brief, not to exceed twenty pages, in support of its motion and in opposition of the opposing party's motion.[11] The court anticipates that such briefs will focus primarily on the updated discovery and the impact of such discovery on the pending motions.

The court's decision to limit discovery is permitted by Federal Rule of Civil Procedure

---

[11] The court is cognizant of MercExchange's desire for the speedy resolution of its motion and the court begrudgingly permits the parties until March 2, 2007, to complete additional discovery, which, along with two weeks for supplemental briefing, delays resolution of this matter until at least March 16, 2007. The court originally intended to permit the parties a significantly shorter period to conduct discovery; however, due to the close proximity of the issuance of this order to the December holiday season, realistically, the court recognizes that neither the lawyers nor the deponents would be able to comply with such a schedule without modification.

16

Ex. 1/ p. 17

26(b)(2) which states: "By order, the court may alter the limits in these rules on the number of depositions and interrogatories or the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests [for admission]." Fed. R. Civ. P. 26(b)(2). Thus, pursuant to such rule and in recognition of the already well-developed record, there will be no interrogatories and no requests for admission during the limited discovery period. However, as discussed above, the court will permit both eBay and MercExchange to perform five depositions and to serve document requests relevant to the time period beginning August 6, 2003. The propriety of the court's limits on discovery is further bolstered by the fact that eBay stated at oral argument that it was not seeking never-ending discovery, but intended on submitting document requests, as well as performing a limited number of depositions including corporate depositions of uBid, MercExchange, and possibly Altitude Capital.[12]  Although MercExchange has not requested the right to conduct depositions or serve document requests, the court will permit each party the same discovery rights. To reiterate, the permissible discovery must relate to developments subsequent to August 6, 2003, that are relevant to MercExchange's motion for an injunction and eBay's motion to stay the proceedings.

### III. eBay's Motion to Strike the Nahan Declaration

eBay's challenge to the sworn declaration submitted by Kenneth Nahan prompted a separate motion to strike because such declaration was not filed in support of MercExchange's

---

[12] The court sees minimal relevance in exploring the details of Altitude Capital's alleged capitalization of MercExchange because even if MercExchange recently received a multi-million dollar influx from such source, considering the totality of the circumstances and the damages at stake in this litigation, such fact appears to have little impact on the determination of whether or not an injunction should issue. However, the court will permit the parties to choose how to allocate their five permitted depositions, so long as the depositions seek to obtain information relating to events occurring subsequent to this court's August 6, 2003, order.

injunction motion, but rather, was filed as an exhibit to MercExchange's response in opposition to eBay's motion to stay the proceedings. MercExchange submits the Nahan declaration in support of its claim that, at trial, eBay perpetrated a fraud on the court and, therefore, is not deserving of a favorable ruling in equity. The fraud alleged by MercExchange involves eBay's failure to disclose that it had a meeting with Mr. Nahan prior to trial at which eBay was allegedly informed that the Newman video, an exhibit introduced by eBay at trial, was confidential. eBay contends that such claim is false, irrelevant, and untimely; furthermore, eBay denies all allegations of fraud.

eBay attempts to suppress the Nahan declaration based on arguments similar to those discussed in the previous section of this order, specifically, both that MercExchange did not file a motion seeking to reopen the record and that MercExchange previously had the opportunity to file such declaration or call Mr. Nahan as a witness and its failure to do so makes the declaration untimely. Additionally, eBay highlights the fact that, at trial, MercExchange challenged the admissibility of the Newman video and objected to statements suggesting that such video was public, making submission of the Nahan declaration duplicative and unwarranted. MercExchange counters by pointing out that although the facts regarding eBay's meeting with Mr. Nahan may have previously been in existence, eBay did not produce the Newman video until after the close of discovery and eBay never informed MercExchange or the court of its meeting with Mr. Nahan. MercExchange contends that is it disingenuous for eBay to have concealed the confidential nature of the video, as well as its meeting with Mr. Nahan, and then fault MercExchange for failing to uncover such intentional concealment.

Along with the claims duplicative to the motion to strike the injunction exhibits, eBay also seeks to have portions of the Nahan declaration stricken for containing inadmissible

18

hearsay.[13] Furthermore, eBay contends that the Nahan declaration should be stricken because MercExchange failed to provide evidence corroborating Mr. Nahan's confidentiality claims.[14] In response to the hearsay claim, MercExchange argues that all statements made by eBay's counsel are not hearsay under Rule 801(d) of the Federal Rules of Evidence as they represent statements by a party With respect to the lack of corroboration, MercExchange contends that because it was eBay's burden at trial to prove that the Newman video was public, neither MercExchange or Mr. Nahan need to provide corroboration to establish the confidentiality of the video.

As discussed in detail in Part III above, the court will not strike any of MercExchange's exhibits, including the Nahan declaration, based on the lack of a formal motion to reopen the record. As to the timing of the Nahan declaration, eBay's failure to produce the Newman video until <u>after the close of discovery</u> supports MercExchange's claim that it never had the opportunity to fully investigate the facts surrounding the video. That being said, the Nahan declaration, submitted by MercExchange in opposition to eBay's motion to stay, appears to be rather far afield from the primary issues before the court, and although certainly relevant to the court's equity calculus, the court recognizes not only that the declaration includes hearsay, but that Mr. Nahan has minimal corroboration for his position and that MercExchange has submitted

---

[13] Numerous paragraphs of the Nahan declaration include references to what Mr. Nahan was told by counsel for both MercExchange and eBay. Additionally, two paragraphs contain information apparently relayed from eBay's counsel, to Mrs. Nahan, to Mr. Nahan.

[14] MercExchange has provided what purports to be a control log and several sample <u>unsigned</u> confidentiality agreements in an attempt to corroborate Mr. Nahan's claims that the Newman video was maintained as confidential. eBay challenges the authenticity, relevancy and admissibility of such exhibits.

conflicting affidavits.[15]  Considering which party carries the burden, although MercExchange is

correct that at trial the burden was on eBay to prove that the video was in the public domain, thus

potentially invalidating MercExchange's patents, at this stage in the proceedings it is

MercExchange that is attempting to prove that eBay committed a fraud on the court, and

therefore, it is Merc<del>Exchange that carries the burden to establish not only</del> that the video was in

fact confidential, but that eBay knew it was confidential and represented otherwise to the court.

Based on the considerations discussed above, the court denies eBay's motion to strike the

Nahan declaration as although MercExchange's allegation of fraud may be somewhat tangential

to the primary issues before the court, it is true that if eBay has perpetrated a fraud on the court it

is undeserving of a ruling in equity.  The court does, however, recognize both that several

statements within the Nahan declaration appear to be inadmissible hearsay and that

MercExchange's evidence attempting to corroborate Mr. Nahan's statements is not compelling.

Likewise, although the past Honicorp officers' affidavits, advanced by eBay, characterize the

video as non-confidential, such affidavits suffer from a similar infirmity as the Nahan affidavit as

portions are plainly hearsay.  Therefore, as with the portions of the expert reports that the court

deems improper, the court will give no weight to hearsay statements contained in any affidavit

before the court and will give the weight the court deems appropriate to the portions of the

declarations that are properly before the court.

In anticipation of the court's denial of eBay's motion to strike the Nahan declaration,

eBay has requested both in its memoranda and at oral argument that, in that alternative, it be

---

[15] eBay submits affidavits from Douglas Graham and Karen Bacon, past officers of
Honicorp Inc. (Honicorp), Mr. Nahan's company.  Such affidavits are offered in support of
eBay's claims that the Newman video was not confidential and that eBay's counsel was informed
prior to trial that the Newman video was not confidential.

20

**Ex. 1/ p. 21**

afforded the opportunity to depose Mr. Nahan as well as file declarations in opposition of the Nahan declaration. However, as previously noted, eBay has in fact already filed two declarations in opposition of the Nahan declaration, and therefore, eBay's request to submit additional declarations is denied.[16] As for eBay's request to depose Mr. Nahan, the previous section of this order indicated that the court is permitting both parties the opportunity to perform five additional depositions and if eBay chooses to use one if its five depositions on Mr. Nahan, it may do so. Likewise, MercExchange is permitted to allocate two of its depositions to the two Honicorp officers that offered declarations in opposition of the Nahan declaration if it chooses to do so. The court clarifies that the issue regarding the Newman video is the <u>only issue</u> pre-dating the court's August 6, 2003, denial of MercExchange's injunction motion that the parties are permitted to investigate during discovery, and that such investigation is being permitted only as a result of eBay's tardy submission of the Newman video after the close of trial discovery.

## IV. eBay's Motion for Leave to Submit a Motion to Enforce the Protective Order

Unlike eBay's motions to strike, which are directly related to the motion for an injunction and motion to stay, eBay's motion to enforce the court's protective order is somewhat discrete; thus, eBay properly filed a request to file such motion rather than simply filing it. Furthermore, although eBay was correct to request permission to file a motion to enforce the protective order, eBay's allegations with respect to the protective order are at least tangentially related to the two primary motions before the court because eBay alleges improper participation

---

[16] Such declarations are attached as exhibits 18 and 20 to eBay's reply brief in support of its motion to stay. Exhibit 18 is a sworn statement offered by Douglas Graham, the president of Honicorp from 1991-1993 and it suggests both that the Newman video was not confidential and that Graham told eBay it was not confidential in March, 2003 (eBay Reply to Mo. to Stay Ex.18).

in the PTO reexamination proceedings; such proceedings are plainly pertinent to both the motion

to stay and motion for an injunction. Additionally, if the court were to deny eBay leave to file

such motion the court would potentially be permitting violations of the protective order to go

unchecked. Finally, the parties have already fully briefed the motion to enforce the protective

order, and thus, even though this court previously instructed the parties not to file additional

motions, at this stage there is little justification for the court not to reach the merits of the fully

briefed motion. Therefore, eBay's motion for leave to submit its motion to enforce the protective

order is granted.

## V. eBay's Motion to Enforce the Protective Order

On March 8, 2002, this court entered a stipulated protective order submitted by the

parties; although the court did not draft such order, its final provision states that the court may

modify the protective order "at any time upon a showing of good cause" (March 8, 2002 Order ¶

21). eBay's instant motion to enforce the protective order was prompted by the fact that experts

originally engaged by MercExchange to testify at the trial on this matter have made submissions

to the PTO on behalf of MercExchange in support of the validity of the '265 and '051 patents.

Such experts, prior to being permitted to view eBay's confidential business information, signed

sworn statements indicating that they read and understood the terms of the protective order,

agreed to be bound by the conditions of such order, and would not use or disclose any

confidential information except for purposes explicitly allowed by the order. eBay contends that

the protective order bars such experts from having any involvement in the PTO reexamination of

the patents at issue in the instant litigation, whereas MercExchange contends that the paragraph

of the protective order directed at outside experts does not bar such involvement. eBay's motion

22

seeks relief in three forms: first, eBay requests that this court order MercExchange's experts, Drs.

Weaver, Palmer, and Frieder, to cease all participation in patent prosecution activities on behalf

of MercExchange; second, that MercExchange be ordered to withdraw all declarations submitted

to the PTO by such experts and all new or amended claims supported by such declarations; and

third, that MercExchange maintain a log for in camera inspection of all documents relating to

communications with, or analysis by, its experts regarding patent prosecution efforts.

After carefully considering the merits of eBay's motion, the court determines that

MercExchange has not violated the terms of the protective order, and thus, it is not proper for

this court to order MercExchange to withdraw any expert declarations or related claims.[17]

However, the court also concludes that the spirit of the protective order suggests that experts who

accessed eBay's confidential information should not be participating in the PTO reexamination

of the very patents that constituted the core of the litigation such experts were involved.  As a

result, the court determines that there is "good cause" to modify the protective order to require

that, from this point forward, any expert with prior access to eBay's proprietary information shall

no longer participate in the PTO reexamination of any of the patents at issue in the instant

litigation.[18]  The court reaches such determination in spite of the fact that there has been no

_____

[17] For brevity's sake, the court avoids an extensive discourse into the textual analysis of the protective order and deems it sufficient to explain that although eBay is correct that the protective order states that under "no circumstances shall any person who accesses [confidential] material" participate in patent prosecution activities, MercExchange's position that the protective order's structure limits the application of such broad language to law firms and their employees is more persuasive than eBay's contention that it covers all individuals, including experts. (March 8, 2002 Order ¶ 4).

[18] MercExchange argues that much of the information previously marked as confidential became public at trial, thereby losing its confidential status.  The court recognizes, however, that because summary judgment was granted on the '051 patent, vast amounts of proprietary information were not publicly displayed at trial.  Likewise, even though the '265 patent was

23

showing that confidential information has been misused because the addition of fifty-two claims

to one of the patents constituting the core of the instant litigation creates the very real potential

for the unintentional misuse of confidential information.

The court's decision to prohibit MercExchange's trial experts from future involvement in

the PTO reexamination is based on several factors balanced by the court including (1) the

apparent minimal burden on MercExchange to retain alternative experts who did not personally

examine eBay's confidential information if future reports or consulting is necessary;[19] (2) the

reality that the ex parte nature of the PTO reexamination process prevents eBay from effectively

monitoring disclosures made by experts that viewed confidential information coupled with the

fact that it is not within the province of this court to provide monitoring or oversight of

submissions to the PTO; and (3) as several cases cited by eBay effectively demonstrate, it is

oftentimes impossible for an individual, even with the noblest of intentions, to delineate between

ideas that they may advance as a result of their own creation, and those influenced by past

exposure to confidential information. The high risk of inadvertent disclosure of confidential

information due to the difficultly in mentally segregating the origin of ideas,[20] as well as the

---

litigated in open court, a significant amount of eBay's confidential information subject to review
by MercExchange's experts was not revealed at trial. Therefore, any expert viewing any of
eBay's information that remains confidential must cease involvement in the PTO reexamination.

[19] See, e.g., U.S. Steel Corp. v. United States, 730 F.2d 1465, 1468 (Fed. Cir. 1984)
(recognizing that forcing the plaintiffs to rely on newly retained counsel "would create an
extreme and unnecessary hardship"); Motorola, Inc. v. Interdigital Tech. Corp., No.
93-488-LON, 1994 U.S. Dist. LEXIS 20714, at *15 (D. Del. Dec. 19, 1994) (unpublished)
("Courts have also considered the hardship to the client if counsel is disqualified or restricted in
some manner.").

[20] In U.S. Steel Corp., the Federal Circuit explained: "Inadvertence, like the thief-in-the-
night, is no respecter of its victims. Inadvertent or accidental disclosure may or may not be
predictable. To the extent that it may be predicted, and cannot be adequately forestalled in the

24

Ex. 1/ p. 25

inability of both eBay and this court to police experts' communications with the PTO, is

precisely why the court believes that an <u>absolute bar</u> from participation in the reexamination of

the very patents at the heart of the instant litigation is necessary.[21]

Although, as previously mentioned, it does not appear that MercExchange's experts have

improperly relied upon eBay's proprietary information, the post-trial addition of fifty-two claims

to the '051 patent creates a very real and expressly identifiable potential for misuse of

confidential information as MercExchange attempts to redefine the scope of such patent and

defend the validity of both the '051 patent and the '265 patent after preliminary PTO findings

_____

design of a protective order, it may be a factor in the access decision." 730 F.2d at 1468.

[21] Although MercExchange cites several cases in support of its contention that broad
language in a protective order prohibiting involvement in patent prosecution for similar patents
or in a similar field for a set number of years is disfavored, two significant factual distinctions
exist between such cases and the instant matter. <u>See</u>, <u>e.g.</u>, <u>Trading Technologies Intern., Inc. v.
eSpeed, Inc.</u>, No. 04 C 5312, 2004 WL 2534389, at *1 (N.D. Ill. Sept. 24, 2004) (unpublished)
(refusing to bar the plaintiff's attorney who is "primarily a litigator" from being involved in
prosecuting patents on plaintiff's behalf for a specified number of years because: (1) such
attorney is generally only "incidentally involved in patent applications" and "acts as an advocate,
not as a drafter of specifications and claims"; and (2) the court had no reason to doubt that such
attorney would "conscientiously keep in mind and act to uphold his professional obligations");
<u>AFP Advanced Food Products LLC v. Snyder's of Hanover Mfg.</u>, No. Civ.A. 05-3006, 2006 WL
47374, at *2 (E.D. Pa. Jan. 6, 2006) (unpublished) ("Barring AFP's attorneys from prosecuting
similar patents for two years following this suit, without some tangible reason or good cause
other than the general threat of inadvertent misuse of discovered materials, is the exact type of
overly broad and generalized fear rejected in [various past federal cases]."). The two primary
differences between the instant dispute and such cases are, first, that the cited cases involve
barring <u>lawyers</u> from involvement in patent prosecution, not <u>experts</u>, and not only must a court
presume a heightened level of ethical conduct on the part of lawyers as compared to experts, but
also, requiring a party to replace counsel they have a longstanding relationship with creates a
much greater burden than requiring a party to hire different experts. <u>See Safe Flight Instrument
Corp. v. Sundstrand Data Control, Inc.</u>, 682 F. Supp. 20, 23 (D. Del. 1988) ("[C]ounsel who are
admitted to the Bar of this Court are officers of the Court and are bound by the Code of
Professional Responsibility."). Second, the patent prosecution activities that eBay seeks to bar in
the instant motion do not involve "similar patents" or future patents in a "similar field," but
rather, involve the reexamination and addition of claims to the <u>very patents</u> constituting the core
of the instant litigation.

suggest that such patents may be invalid. In In re Papst Licensing, GmbH, Patent Litigation, No.

MDL 1278, 2000 WL 554219 (E.D. La. May 4, 2000) (unpublished), the court concluded:

> [I]t is clear that the advice and participation of the Papst parties' counsel in preparation and prosecution of patent applications related to the patents in suit is an intensely competitive decisionmaking activity and would be informed by access to the Non-Papst parties confidential information. Counsel's ability to file new claims in existing and pending patents based on the confidential information discovered during the course of this litigation poses an unacceptable opportunity for inadvertent disclosure and misuse. Although the Court is confident that counsel for the Papst parties maintains the highest ethical and professional standards, the risk of inadvertent disclosure and misuse and the difficulty of distinguishing the source of the Papst parties' basis for filing new claims are great.

Id. at *4 (emphasis added).[22] Similarly, in Mikohn Gaming Corp. v. Acres Gaming Inc., 50

U.S.P.Q.2d 1783 (D. Nev. 1998), the law firm representing the defendant in district court was

also prosecuting patent applications on behalf of defendant that were "part of the very core of

th[e] suit," and the court found that were such firm given access to plaintiff's proprietary

technology it "would be in the 'untenable position' of having to either refuse his client legal

advice on competitive design matters or violate the protective order's prohibition against

revealing [plaintiff's] technical information." Id. at 1785-86. The court noted that "[n]o matter

how much good faith [such lawyers] might exercise, it is unrealistic to expect that . . . knowledge

of [plaintiff's] secret technology would not or could not influence the nature of his advice to

[defendant]"; therefore, the court concluded that the defendant's patent prosecution firm could

not view the plaintiff's confidential information.[23] Id. at 1786. Finally, in Motorola, Inc. v.

---

[22] Notably, the quote from In re Papst Licensing talks only of counsel's "ability to file new claims" as part of the reexamination process, whereas here, new claims were in fact filed.

[23] This court is aware of the District of Maryland's recent decision in MedImmune, Inc. v. Centocor, Inc., 271 F. Supp. 2d 762 (D. Md. 2003), which permitted patent prosecution counsel to view the opposing party's confidential information during the course of discovery. However, the facts of MedImmune are inapposite from both Mikohn and the instant facts, and

Interdigital Tech. Corp., No. 93-488-LON, 1994 U.S. Dist. LEXIS 20714 (D. Del. Dec. 19, 1994)

(unpublished), the district court noted that because the defendant's attorneys were currently

prosecuting patent applications related to the very patents at issue in the lawsuit, if such attorneys

were permitted to view plaintiff's "voluminous confidential information" than they "would have

to constantly challenge the origin of every idea every spark of genius." Id. at 14-15. The court

characterized such segregation of ideas as a "sisyphean task, for as soon as one idea would be

stamped 'untainted,' another would come to mind," and the "level of introspection that would be

required is simply too much to expect, no matter how intelligent, dedicated, or ethical the

[defendant's] attorneys may be." Id. at *15. As a result, the court barred the defendant's lawyers

and employees that viewed plaintiff's confidential information from participating in patent

prosecution. Id. at 17-18.

Unlike Papst, Mikohn, and Motorola, here, the issue is not whether attorneys actively

participating in patent prosecution may view confidential information;[24] rather, the issue is

whether experts that previously participated in litigation as trial experts and accessed confidential

---

were expressly recognized as such in the MedImmune opinion, which explained that, unlike
Mikohn, there was no showing that "patent counsel was currently prosecuting patents on the
exact same subject matter of the litigation." Id. at 775 n.14 (emphasis added). Furthermore, the
instant matter is readily distinguishable from Interactive Coupon Marketing Group, Inc. v.
H.O.T.! Coupons, LLC., No. 98 C 7408, 1999 WL 618969 (N.D. Ill. Aug. 9, 1999) (unpublished)
which barred patent prosecution counsel from viewing confidential information because counsel
"has represented and is likely to represent [the plaintiff] in the prosecution of numerous related
patents, and . . . is deeply involved in representing the client in multiple, related infringement
cases in the context of a fluid, developing technology." Id. at *3 (emphasis added). Unlike
Interactive Coupon, here, it is not past or potential future patent prosecution, nor merely "related"
patents at issue, but rather, here, the court seeks to prevent experts that accessed eBay's
confidential information from participating in the reexamination of the very patents constituting
the core of the litigation.

[24] MercExchange has properly segregated trial representation and patent prosecution to
two separate law firms.

27

**Ex. 1/ p. 28**

information during the course of such engagement may later participate in the reexamination of the very patents they were retained to opine on. Although this court recognizes the difference between an expert's involvement and an attorney's involvement, including the differences in the ability to influence strategic decisionmaking, the court notes that segregating patent prosecution and patent litigation into separate law firms would lose its intended purpose if consultants that qualify as experts in the field of claimed inventions were permitted to view an opposing party's confidential information, work closely alongside litigation counsel, and then subsequent to trial, crossover and work alongside patent prosecution counsel during the reexamination of the very same patents. Furthermore, here, the impropriety of such crossover is multiplied by the fact that MercExchange has added fifty-two claims to one of the patents at the core of the litigation. Although the court does not dispute MercExchange's legitimate desire to continue reexamination with aid from experts familiar with the facts of this case and the patents at issue, if, as MercExchange contends, its experts' involvement in the reexamination is truly limited to disputes about the scope of prior art and other matters plainly distinct from eBay's confidential information, than MercExchange will suffer little prejudice in being required to rely on alternative experts that have not accessed eBay's confidential information.

In summary, although MercExchange's construction of the previously entered protective order appears correct, the court at this time modifies such order to prohibit MercExchange's outside experts and independent consultants that viewed eBay's confidential information from any further involvement in the PTO reexamination of the patents subject to the instant litigation. Such remedy is "broad enough to protect [eBay's] confidential information, yet seeks to minimize the hardship to [MercExchange]" as the court's prohibition applies only to the patents at issue in the instant lawsuit. Motorola, 1994 U.S. Dist. LEXIS 20714, at *18. Although

28

modifying the protective order based on good cause, the court denies eBay's request that any past submissions, or claims founded on such submissions, be ordered withdrawn from the PTO as the court is mindful of its responsibility not to disrupt the PTO's administrative proceeding, MercExchange's and eBay's interest in a timely resolution of both the instant litigation and the PTO reexamination, and the fact that MercExchange's experts' submissions were not in violation of the protective order as written. Furthermore, as suggested by the above findings, the court denies eBay's request that MercExchange maintain a log for in camera review of all expert submissions to the PTO, as past submissions were not improper, and future submissions will not occur in light of this court's ruling.

## V. Conclusion

Based on the prospective nature of the relief sought in MercExchange's motion for an injunction and eBay's motion for a stay of the proceedings, as well as the fact that both parties rely heavily on factual developments occurring subsequent to this court's denial of MercExchange's original motion for an injunction, the court deems it necessary to reopen the record and permit the parties to investigate recent factual developments through the adversarial process. Although the court recognizes that permitting the parties to perform additional depositions and submit document requests will delay the resolution of the pending motions, an apparent detriment to MercExchange, the court notes that it was MercExchange that chose to submit numerous expert declarations and other exhibits in support of its injunction motion, and MercExchange simply cannot have the benefit of the court considering such submissions without the associated detriment of eBay being permitted time to investigate them.

Although the court's decision to reopen the record is properly limited to developments

occurring after August 6, 2003, the date this court denied MercExchange's initial motion for an

injunction, the court will permit inquiry into eBay's production of the Newman video in light of

its pre-trial meeting with Kenneth Nahan. Although the facts regarding such matter predate

August 6, 2003, the court recognizes that eBay produced the Newman video after the close of

trial discovery and that MercExchange never had the opportunity to fully investigate such matter.

The court grants eBay's motion to file its motion to enforce the protective order;

however, after considering the substantive motion, the court determines that MercExchange's

experts have not in fact violated the protective order as written. However, after considering the

briefs and oral arguments, the procedural posture of both this case and the PTO reexamination

proceedings, and the intended goals of the protective order, the court agrees with eBay that trial

experts and consultants that viewed eBay's confidential information should not be permitted to

participate in the PTO reexamination proceedings of the very same patents at the heart of the

litigation. As a result, the court, for good cause shown, modifies the protective order to require

that, from this point forward, any non-party expert or outside consultant that viewed eBay's

confidential information cease participation in the PTO reexamination of the patents at issue in

the instant litigation.

In summary, both of eBay's motions seeking to strike newly submitted evidence are

**DENIED**. As a result of such denial, the court **PERMITS** both parties until March 2, 2007, to

perform additional discovery into eBay's knowledge and representations regarding the Newman

video as well as all relevant factual developments occurring subsequent to August 6, 2003. As

previously discussed, in recognition of the already well-developed record, there will be no

interrogatories or requests for admission; however, both parties are permitted to conduct five

depositions, each lasting no longer than six hours. Additionally, document requests may be

served by both parties no later than January 12, 2007, and objections or responses to such requests are due no later than February 2, 2007. Finally, each party is afforded until March 16, 2007, to submit a single supplemental brief in support of its motion and in opposition of the opposing party's motion; such brief is limited to 20 pages in length.

The court **GRANTS** eBay's motion for leave to submit the protective order motion and **GRANTS** in part, and **DENIES** in part, the substantive protective order motion. Specifically, the court **GRANTS** the portion of the motion requesting that experts that viewed eBay's confidential information be prohibited from further involvement in the PTO reexamination of the patents at issue in this litigation and **DENIES** the remainder of such motion.

The Clerk is **REQUESTED** to mail copies of this Order to counsel of record.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
December _18_, 2006

**EXHIBIT 2**

## Issued by the

# UNITED STATES DISTRICT COURT

| Southern | DISTRICT OF | California |

MercExchange, L.L.C.

V.

eBay Inc. and Half.com, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 2:01-CV-736
Pending in E.D. Va.

TO:   Fish & Richardson
12390 El Camino Real
San Diego, CA 92130

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See the attached Schedule A

| PLACE   Skadden, Arps, Slate, Meagher & Flom LLP<br>300 South Grand Avenue, Suite 3400, Los Angeles, CA 90071 | DATE AND TIME<br>1/24/2007 10:00 am |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE<br>1-11-07 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jeff Randall of Skadden, Arps, Slate, Meagher & Flom, LLP (Def. Atty.)
525 University Ave., Suite 1100, Palo Alto, CA 94301 Tel. 650-470-4580

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

**Ex. 2/ p. 33**

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
          DATE                    SIGNATURE OF SERVER

                                  ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises—or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## Ex. 2/ p. 34

## SCHEDULE A

Pursuant to Federal Rules of Civil Procedure 34 and 45, defendants eBay Inc. and Half.com, Inc. ("eBay") hereby request that Fish & Richardson produce for eBay's inspection and copying, each and every document and thing in its possession, custody, or control identified and described in the following Document Requests, such items to be produced on January 24, 2007 at 10:00 am PST at the offices of eBay's counsel, Skadden, Arps, Slate, Meagher, & Flom, 300 South Grand Avenue, Suite 3400, Los Angeles, CA 90071, unless otherwise agreed.

## I.    DEFINITIONS AND INSTRUCTIONS

1.    "MercExchange" refers to plaintiff MercExchange, L.L.C. and its parents, subsidiaries, affiliates, officers, principals, agents, divisions, departments, partners, predecessors, and successors thereof.

2.    "uBid" refers to plaintiff uBid and its parents, subsidiaries, affiliates, officers, principals, agents, divisions, departments, partners, predecessors, and successors thereof.

3.    "Altitude Capital" refers to plaintiff Altitude Capital and its parents, subsidiaries, affiliates, officers, principals, agents, divisions, departments, partners, predecessors, and successors thereof.

4.    "Reexamination experts" refers to Alfred Weaver, Jonathan Palmer, Ophir Frieder, Jack Grimes, Michael McKeon, Robert. H. Tomlinson, Jr., and Kenneth Nahan.

5.    The term "patents in suit" refers to U.S. Patent No. 5,845,265, U. S. Patent 6,085,176, and U.S. Patent 6,202,051.

6.    The "protective order" refers to the protective order entered on March 8, 2002 in the case of MercExchange, L.L.C. v. eBay Inc. and Half.com, Inc., including, without limitation, the protective order as modified by Judge Friedman in his December 18, 2006 Order.

7. The term "prior art" refers to any printed publication, article, periodical, book, paper, poster, slide, video, film, overhead, e-mail, document, and thing, in whole or in part, relevant to the patentability of any of the claims of the patents in suit, including, but not limited to, any events, acts, or conditions of patentability in 35 U.S.C. §§ 102 and 103.

8. "Fish & Richardson" refers to Fish & Richardson and any attorney or employees associated with the firm.

9. The term "person" means any natural person and any other cognizable entity, including (without limitation) corporations, proprietorships, partnerships, joint ventures, consortiums, clubs, associations, foundations, governmental agencies or instrumentalities, societies, and orders.

10. The term "communication" means any transmission of information from one person to another by any means.

11. The phrases "relate to," "relating to," or "relates to" shall be construed to mean evidencing, constituting, referring to, comprising, illustrating, recording, memorializing, supporting, or discussing.

12. "Document" is used in the comprehensive sense set forth in Federal Rule of Civil Procedure 34(a) and refers to any document either dated after August 6, 2003 or related to developments or events occurring after August 6, 2003.

13. If you withhold any document because of a claim of privilege, set forth, in writing, the privilege claimed and the facts on which you rely to support the claimed privilege, and furnish a list identifying each document for which privilege is claimed, together with the following information as to each such document: a brief description of its nature and subject matter, including the title and type of document; its date; the name and title of the author(s); the

2

name and title of the person(s) to whom the document is addressed including all persons who received copies; the name and title of the person(s) to whom the document was sent; the number of pages; and the request to which the document is otherwise responsive.

3

## II.  DOCUMENT REQUESTS

**REQUEST NO. 1**

All documents relating to communications with the reexamination experts from March 8, 2004 to the present.

**REQUEST NO. 2**

All documents relating to any reexamination expert report or declaration drafted from March 8, 2004 to the present.

**REQUEST NO. 3**

All documents relating to any communications with MercExchange or any reexamination expert regarding the protective order.

**REQUEST NO. 4**

All documents relating to the expert declarations filed with the Patent Office during the reexaminations of the patents in suit (from March 8, 2004 to the present), including, but not limited to, materials used to draft the expert declarations, notes, and drafts.

**REQUEST NO. 5**

All documents relating to communications with the Patent Office from March 8, 2004 to the present.

**REQUEST NO. 6**

All documents relating to materials filed with the Patent Office or received from the Patent Office since August 6, 2003 that do not appear in the public file wrappers of the patents in suit.

4

**REQUEST NO. 7**

All documents relating to information or materials that either Fish & Richardson or the reexamination experts had access to during the prosecution of the reexaminations of the patents in suit (from March 8, 2004 to the present), which were designated by eBay as "Confidential/Attorneys' Eyes Only" under the protective order.

**REQUEST NO. 8**

Complete file histories for U.S. Patent Application Nos. 09/203,286; 09/253,014; 09/670,562; and 09/557,617.

**REQUEST NO. 9**

All documents relating to any prior art addressed by MercExchange in any of its responses to Office Actions issued by the Patent Office in the reexaminations of the patents in suit (from March 8, 2003 to the present), including, but not limited to, analyses, memoranda, and claim charts.

**REQUEST NO. 10**

All documents relating to uBid or Altitude Capital.

5

**EXHIBIT 3**


**HUNTON&**
**WILLIAMS**

HUNTON & WILLIAMS LLP
SUITE 1000
500 EAST MAIN STREET
NORFOLK, VIRGINIA 23510

TEL: 757-640-5300
FAX: 757-625-7720

GREGORY N. STILLMAN
DIRECT TEL: 757-640-5314
EMAIL: GSTILLMAN@HUNTON.COM

FILE NO: 56614.000014

February 6, 2007

**Via Hand Delivery**

Honorable James E. Bradberry
United States District Court
Eastern District of Virginia
600 Granby Street
Norfolk, VA  23510-2449

<u>MercExchange v. eBay, Inc., Half.com, Inc. and ReturnBuy, Inc.</u>
Civil Action No. 2:01cv736

Dear Judge Bradberry:

As you know, last year the Federal Circuit remanded this case back to the District Court for reconsideration of its refusal to grant injunctive relief. Pending the scheduling of that hearing, Judge Friedman's order of December 18, 2006, granted eBay's motion for additional discovery, although not without limits. Judge Friedman's Order further provided:

> "In the event that discovery disputes arise, the parties must contact Magistrate Judge James Bradberry no later than February 6, 2007 to determine an expedited discovery dispute procedure."

Since this order was issued, eBay has served numerous non party subpoenas on third parties all over the country. Upon receipt of those subpoenas, MercExchange notified eBay by letter, and by formal written pleading, of its objections to these subpoenas as exceeding the scope of discovery allowed by Judge Friedman's order, and on other grounds including relevance and burdensomeness. Notwithstanding Judge Friedman's Order, eBay has now filed five separate motions to compel in four different jurisdictions. Moreover, these motions were filed without any conference between counsel. Needless to say, because relevancy is the principal basis for our objections, these objections can only be resolved by this Court. Moreover, eBay's protocol clearly violates the scope of Judge Friedman's order which requires that all discovery disputes come back to you.

MercExchange will this week be filing a motion for protective order in this Court, seeking to preempt the necessity for five separate hearings all over the country. But because

**Ex. 3/ p. 40**

**HUNTON&
WILLIAMS**

Honorable James E. Bradberry
February 6, 2007
Page 2

Judge Friedman's Order requires notification to your Honor no later than today, I wanted to advise the Court of our need to seek this relief.

Respectfully,

Gregory N. Stillman

cc:    Robert W. McFarland, Esq.  (via facsimile)
       Allan M. Soobert, Esq. (via facsimile)
       Jeffrey G. Randall, Esq. (via facsimile)

**EXHIBIT 4**


**HUNTON&**
**WILLIAMS**

HUNTON & WILLIAMS LLP
SUITE 1000
500 EAST MAIN STREET
NORFOLK, VIRGINIA 23510

TEL     757 • 640 • 5300
FAX     757 • 625 • 7720

GREGORY N. STILLMAN
DIRECT DIAL: 757-640-5314
EMAIL: GSTILLMAN@HUNTON.COM

FILE NO: 56614.14

February 9, 2007

**BY HAND**

Fernando Galindo, Clerk
United States District Court
Eastern District of Virginia
600 Granby Street
Norfolk, VA  23510-2449

**MERCEXCHANGE V. EBAY, INC., HALF.COM, INC. AND RETURNBUY, INC.**
CIVIL ACTION NO. 2:01-CV-736

Dear Mr. Galindo:

Please file:

1)     Plaintiff MercExchange, L.L.C.'S Motion To Enforce Court's December 18 Order And For Protective Order Concerning Defendants' Overbroad Discovery Requests And Attempted Enforcement Of Subpoenas *Duces Tecum*;

2)     Plaintiff MercExchange, L.L.C.'S Brief in Support of Motion To Enforce Court's December 18 Order And For Protective Order Concerning Defendants' Overbroad Discovery Requests And Attempted Enforcement Of Subpoenas *Duces Tecum*; and

3)     Declaration of Gregory N. Stillman in Support of Plaintiff MercExchange, L.L.C.'S Brief in Support of Motion To Enforce Court's December 18 Order And For Protective Order Concerning Defendants' Overbroad Discovery Requests And Attempted Enforcement Of Subpoenas *Duces Tecum*.

Thank you for your cooperation.

Yours sincerely,

Gregory N. Stillman

01368/824
Enclosures
cc:    Robert W. McFarland, Esq.  *(via hand delivery)*
       Jeffrey G. Randall, Esq. *(via overnight mail)*
       Allan M. Soobert, Esq. *(via overnight mail)*
       Seth P. Waxman, Esq. *(via overnight mail)*

**Ex. 4/ p. 42**

ATLANTA  BANGKOK  BEIJING  BRUSSELS · CHARLOTTE  DALLAS  HOUSTON  KNOXVILLE
LONDON  McLEAN  MIAMI  NEW YORK  NORFOLK  RALEIGH  RICHMOND  SINGAPORE  WASHINGTON
www.hunton.com

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA

MERCEXCHANGE, L.L.C.,

      Plaintiff,

                            **Case NO. 2:01-CV-736**

v.

eBAY, INC., and HALF.COM, INC.,

      Defendants.

## PLAINTIFF MERCEXCHANGE, L.L.C.'S MOTION TO ENFORCE COURT'S DECEMBER 18 ORDER AND FOR PROTECTIVE ORDER CONCERNING DEFENDANTS' OVERBROAD DISCOVERY REQUESTS AND ATTEMPTED ENFORCEMENT OF SUBPOENAS DUCES TECUM

Pursuant to Fed. R. Civ. P. 26(c), 45(c), and this Court's Order of December 18, 2006, Plaintiff MercExchange, L.L.C. ("MercExchange") respectfully requests that the Court enter a protective order to limit defendants' overbroad, overreaching, and improper third party subpoenas *duces tecum* and discovery requests. MercExchange also requests that the Court preclude defendants from making further efforts to enforce their overbroad subpoenas upon third parties in other jurisdictions in a manner that violates this Court's Order of December 18, 2006.

The grounds for this motion are set forth in detail in the accompanying brief in support.

Ex. 4/ p. 43

Dated: February 9, 2007

Respectfully submitted,

MERCEXCHANGE, L.L.C.,

By: _____

Gregory N. Stillman (VSB# 14308)
**HUNTON & WILLIAMS, LLP**
500 East Main Street
Suite 1000
Norfolk, Virginia 23510
Telephone (757) 640-5300
Facsimile: (757) 625-7720

Thomas J. Cawley (VSB# 04612)
David M. Young (VSB# 35997)
**HUNTON & WILLIAMS, LLP**
1751 Pinnacle Drive, Suite 1700
McLean, Virginia 22102
Telephone: (703) 714-7400
Facsimile: (703) 714-7410

Scott L. Robertson
Jennifer A. Albert
Brian M. Buroker (VSB # 39581)
**HUNTON & WILLIAMS, LLP**
1900 K Street, N.W.
Washington, D.C. 20006-1109
Telephone: (202) 955-1500
Facsimile: (202) 778-2201

Attorneys for Plaintiff
MercExchange, L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of February, 2007, I caused a copy of the foregoing **PLAINTIFF MERCEXCHANGE, L.L.C.'S MOTION TO ENFORCE COURT'S DECEMBER 18 ORDER AND FOR PROTECTIVE ORDER CONCERNING DEFENDANTS' OVERBROAD DISCOVERY REQUESTS AND ATTEMPTED ENFORCEMENT OF SUBPOENAS DUCES TECUM** to be served as follows:

**By Hand Upon:**

Robert W. McFarland, VSB No. 24021
McGuire Woods, LLP
World Trade Center
101 West Main Street, Suite 900
Norfolk, VA 23510-1655
(757) 640-3700

**By Overnight Mail Upon:**

Jeffrey G. Randall
Skadden, Arps, Slate, Meagher & Flom, LLP
525 University Avenue
Suite 1100
Palo Alto, CA 94301

Allan M. Soobert
Skadden, Arps, Slate, Meagher & Flom, LLP
1440 New York Avenue, NW
Washington, DC 20005

**Ex. 4/ p. 45**

3

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA

MERCEXCHANGE, L.L.C.,

        Plaintiff,

        Case NO. 2:01-CV-736

v.

eBAY, INC., and HALF.COM, INC.,

        Defendants.

## PLAINTIFF MERCEXCHANGE, L.L.C.'S BRIEF IN SUPPORT OF MOTION TO ENFORCE COURT'S DECEMBER 18 ORDER AND FOR PROTECTIVE ORDER CONCERNING DEFENDANTS' OVERBROAD DISCOVERY REQUESTS AND ATTEMPTED ENFORCEMENT OF SUBPOENAS DUCES TECUM

## I. INTRODUCTION

Plaintiff MercExchange, L.L.C. ("MercExchange") respectfully requests that the Court enter a protective order to limit defendants' subpoenas *duces tecum* and discovery requests on the grounds that they exceed the scope of discovery permitted by the Court's Order of December 18, 2006. MercExchange also requests that the Court preclude defendants from making further efforts to enforce their subpoenas in violation of Judge Friedman's Order.

This Court's December 18 Order expressly limited discovery only to that which is relevant to the two motions pending before the Court, specifically, MercExchange's request for a permanent injunction against infringement of the '265 Patent, and defendants' request for an indefinite stay of proceedings. In addition, this Court required the parties to contact Magistrate Judge Bradberry of this Court in the event of discovery disputes.

Notwithstanding the plain provisions of the Court's Order, defendants launched a half-dozen subpoenas *duces tecum* in five jurisdictions that substantially overreach. At least two of those subpoenas — issued upon MercExchange's law firm Fish & Richardson and its trial expert

Ex. 4/ p. 46

witness Dr. Weaver — seek documents that have nothing to do with the pending motions.

Examples of such overbroad requests include requests for virtually every document relating to

any of MercExchange's patents or patent applications, and any documents pertaining to any

possible infringement by defendants of any of MercExchange's patents. Defendants served

subpoenas *duces tecum* on MercExchange's law firm, Fish & Richardson, for virtually every

document relating to MercExchange, including all of its confidential and privileged patent files.

In an apparent effort to get a head start on discovery with respect to the yet-to-be-conducted '051

Patent trial, defendants served MercExchange's trial expert, Dr. Alfred Weaver, with a subpoena,

even though he has no connection with the two motions pending before the Court.

As discussed *infra,* all of the subpoenas and document requests are substantially

overbroad and, in the cases of the Fish & Richardson and Dr. Weaver subpoenas, are aimed

entirely at documents having no legitimate relationship with the limited issues for which this

Court permitted discovery. Defendants then filed five motions to compel in four separate courts

across the country with respect to their subpoenas without making any genuine effort to meet-

and-confer with counsel. In clear violation of this Court's Order, defendants also ignored this

Court's mandate that they contact Magistrate Judge Bradberry with respect to these disputes.

## II.  BACKGROUND

As this Court is aware, this litigation was initiated in September 2001. MercExchange

sued eBay for infringement of three patents, U.S. Patent No. 5,845,265 ("the '265 Patent"), U.S.

Patent No. 6,085,176 ("the '176 Patent"), and U.S. Patent No. 6,202,051 ("the '051 Patent").

The case was litigated extensively, culminating in a five-week jury trial in April and May of

2003. The jury determined that defendants willfully infringed MercExchange's '265 Patent, and

**Ex. 4/ p. 47**

the jury rejected defendants' invalidity defenses in their entirety.[1] The District Court entered

judgment on the jury verdict in August 2003, but at that time denied MercExchange's post-trial

motion for permanent injunction against continued infringement. *See generally MercExchange,*

*L.L.C. v. eBay, Inc.,* 275 F. Supp.2d 695, 711-15 (E.D. Va. 2003). Defendants appealed the

infringement and validity verdicts to the Federal Circuit, and MercExchange cross-appealed the

Court's denial of the permanent injunction and the ruling of summary judgment of invalidity

with respect to the '051 Patent. In March 2005, the Federal Circuit issued its ruling on the

appeal and affirmed the verdict of defendants' willful infringement and the validity of the '265

Patent. *See generally MercExchange, L.L.C. v. eBay, Inc.,* 401 F.3d 1323 (Fed. Cir. 2005). The

appellate court also reversed this Court's denial of permanent injunctive relief for

MercExchange, and it reversed this Court's holding of invalidity of the '051 Patent, directing

that the case be remanded for trial with respect to the '051 Patent.

     eBay subsequently petitioned the United States Supreme Court for a *writ of certiorari*

solely with respect to the permanent injunction issue. In May 2006, the Supreme Court issued its

ruling and held that both this Court and the Federal Circuit had failed to apply the correct

analysis with respect to that issue. *eBay, Inc. v. MercExchange, L.L.C.,* ___ U.S. ___, 126 S. Ct.

1837, 1840 (2006). The Court directed that this Court reconsider MercExchange's request for a

permanent injunction under the four-factor standard articulated in the Supreme Court's opinion.

*Id.* at 1839-41.

---

[1] Before trial, this Court held that MercExchange's '051 Patent was invalid under
Section 112 of the patent laws. As noted *infra*, that ruling was later reversed by the United
States Court of Appeals for the Federal Circuit. The jury also held that defendants had infringed
the '176 Patent, but the Federal Circuit held that the asserted claims of that patent were invalid.

Meanwhile, ten months after the jury verdict in this case, and while the appeal was pending before the Federal Circuit, eBay belatedly petitioned the Patent and Trademark Office ("PTO") for a reexamination of the '265, '176, and '051 Patents.[2] Those reexamination proceedings remain pending before the PTO and no final decision has been reached. However, this Court's affirmed judgment of defendants' infringement and validity of the '265 Patent cannot be affected by the PTO's decision. Moreover, even if the PTO Examiners render a negative decision with respect to the validity of any of the claims of MercExchange's patents, MercExchange would have the opportunity to appeal that decision to the PTO's Board of Patent Appeals and ultimately the Federal Circuit, the same Court that has already held the '265 Patent to be valid.

Following the Supreme Court's decision and the return of the mandate of this case from the Federal Circuit, this Court conducted a scheduling conference with the parties to determine what issues remained for resolution. The parties identified a number of issues yet to be resolved in this litigation, not the least of which includes a trial on the '051 Patent as well as an accounting and possible enhancement of damages for defendants' post-verdict infringement of the '265 Patent. *MercExchange,* 275 F. Supp.2d at 714-15 (stating that Court would consider enhancing damages if defendants continued to infringe). Importantly, however, this Court determined that it would *not* proceed with respect to all of these issues but that, instead, it would consider only two issues at this time, first, MercExchange's renewed motion for a permanent injunction and, second, defendants' request that the entire proceeding be stayed pending the

---

[2] Of course, by this time defendants' invalidity defenses with respect to the '265 Patent had already been rejected by the jury, and the Federal Circuit had defendants' appeal of that verdict before it. The Federal Circuit affirmed that verdict in March 2005, even after defendants informed the appellate court that they had requested reexamination of the patent.

**Ex. 4/ p. 49**

results of eBay's belatedly-sought reexamination.[3] Thus, for example, the Court determined that it would not yet proceed with the trial of the '051 Patent case, or the issue of an accounting or enhancement of damages for defendants' willful post-verdict infringement.

The parties then briefed the permanent injunction and stay issues to this Court. With its pleadings, MercExchange provided declarations addressed to the four-factor test for injunctions and specifically to the irreparable harm that would result to MercExchange if the Court did not enter an injunction, or if the Court were to stay the proceedings indefinitely without first enjoining defendants. MercExchange's trial expert, Dr. Alfred Weaver, was *not* one of those declarants.[4] Indeed, Dr. Weaver has no connection with either of the two motions pending before the Court. Rather, Dr. Weaver served as an expert witness at the trial of this case with respect to infringement and validity issues pertaining to the '265 Patent; these issues have been fully tried and affirmed on appeal. *See MercExchange,* 401 F.3d at 1327-31.

In this Court's Order and Opinion dated December 18, 2006, the Court held that it was proper for MercExchange to have submitted fresh evidence with respect to its need for a permanent injunction.[5] Exhibit A, Order and Opinion of Dec. 18, 2006 ("Post-Appeal Order") at 6-7. On defendants' request for discovery relating to this new evidence, however, the Court determined that it would permit very *limited* discovery. Specifically, the Court held, *"all*

---

[3] Reexamination proceedings have in some instances taken as many as ten years to resolve. eBay recently filed a request with the PTO seeking to initiate *another* reexamination proceeding, revealing that its reexamination gambit is nothing more than a delay tactic to prolong this litigation indefinitely.

[4] Dr. Weaver is a Professor of Computer Science at the University of Virginia.

[5] Although eBay contended that it was relevant that the PTO was considering post-trial reexaminations of the patents-in-suit, it argued that MercExchange's evidence should have been limited to that which existed at the trial of the case.

*discovery requests must be confined to the investigation into events occurring subsequent to*
*this Court's denial of MercExchange's initial Motion for an injunction.*" Post-Appeal Order
at 15-16 (emphasis added). The Court further emphasized, "[t]o reiterate, the permissible
discovery must relate to developments subsequent to August 6, 2003, that are relevant to
MercExchange's motions for an injunction and eBay's motion to stay the proceedings."

The Court also held that "[i]n the event that discovery disputes arise, the parties *must* contact
Magistrate Judge James Bradberry no later than February 6, 2007 to determine an expedited
discovery dispute procedure." *Id.* at 16 (emphasis added).

Notwithstanding the discovery limitations and protocols in the Court's December 18
Order, defendants served subpoenas on, *inter alia,* MercExchange's trial expert Dr. Weaver, and
MercExchange's law firm Fish & Richardson. Defendants also served subpoenas on Altitude
Capital Partners, a firm that had invested in MercExchange, Ubid, an internet company with
whom MercExchange had commercialized its patents, Kenneth Nahan, and Mr. Nahan's law
firm Nordlicht & Hand.[6]

## III. ARGUMENT

Defendants' subpoenas and their document requests upon MercExchange blatantly ignore
the limitations on the scope of discovery established by this Court's Post-Appeal Order. This
Court specifically limited the parties to discovery relevant to the two motions pending before the
Court, MercExchange's request for a permanent injunction, and defendants' request for a stay of
all proceedings. In light of the Court's decision to consider only these two motions, no issue of

---

[6] MercExchange's counsel, Hunton & Williams, represents Dr. Weaver, Mr. Nahan, Altitude Capital Partners, and Nordlicht & Hand in connection with these subpoenas. MercExchange is also authorized to represent that each of these respondents, as well as Fish & Richardson, join in this motion for a protective order.

6

**Ex. 4/ p. 51**

infringement or validity is currently before the Court. Indeed, defendants' willful infringement
of the '265 Patent stands conclusively adjudged.

With respect to MercExchange's law firm, Fish & Richardson, defendants have
requested, *inter alia,* literally every communication relating to any of MercExchange's patent
prosecution or reexamination matters. *See* Exhibit B (*e.g.,* request no. 5 ("[a]ll documents
relating to communications with the Patent Office from March 8, 2004 to the present").

Moreover, it is apparent from the tone and substance of defendants' subpoena that defendants are
attempting to relitigate their allegation that MercExchange violated the protective order in this
case by having its trial expert file declarations in the reexamination matters. *See id.,* (request
nos. 1-4, 7). However, this Court has already thoroughly considered and ruled on this issue in its
Post-Appeal Order, and it did not grant leave for defendants to take discovery in order to pursue
their unwarranted allegations. Post-Appeal Order at 22-29.

With respect to Dr. Weaver, the documents sought by defendants again have no relevance
to the limited issues currently pending before the Court. Defendants appear to be under the
misguided belief that this Court is giving them a new trial with respect to infringement of the
'265 Patent. Certainly, that is not the case. There is an affirmed jury verdict that defendants
willfully infringed MercExchange's '265 Patent, and no issue of defendants' infringement of that
patent is before the Court at this time. Likewise, as discussed *infra,* the remainder of defendants'
requests to Dr. Weaver are overbroad and improper.

Defendants' requests upon Altitude Capital are typically overbroad, but nonetheless this
company has already made a production of responsive documents on the same day that
defendants filed a motion to compel in the Southern District of New York. Respondents

Kenneth Nahan and Nordlicht & Hand are in the process of gathering responsive non-privileged documents and intend to produce them shortly.

## A. The Court Should Enter A Protective Order Precluding Defendants From Enforcing Their Overbroad Subpoenas In The Issuing Courts.

In an apparent effort to avoid this Court's limitations on the scope of discovery,

defendants have filed five motions to compel in four other federal district courts across the country. Notwithstanding Judge Friedman's crystal-clear order mandating that the parties bring any discovery disputes before Magistrate Judge Bradberry by February 6, 2007 (Post-Appeal Order at 16), defendants never contacted this Court with respect to these issues in order that this Court might obviate the need to involve multiple federal district courts to resolve these matters. And regrettably, defendants have made highly misleading arguments to these Courts about the scope of discovery that this Court permitted. *See infra* at 9-10. Therefore, MercExchange requires immediate relief from this Court with respect to defendants' attempt to enforce subpoenas in the Western District of Virginia (Dr. Weaver) and the Southern District of California (Fish & Richardson) for documents that are wholly outside the scope of this Court's Post-Appeal Order.[7]

Moreover, defendants made no genuine effort to meet-and-confer with counsel before filing their salvo of "emergency" motions, even though MercExchange's counsel specifically requested the opportunity to meet and confer. *See* Exhibits C and D. Instead, defendants falsely contended to the other courts that MercExchange refused to meet and confer, when in fact it sought the opportunity to do so.

---

[7] The respective courts have set dates for hearing and/or deciding defendants' motions on February 14 (W.D. Va.), February 15 (S.D. Cal.), and February 20 (S.D.N.Y.).

Ex. 4/ p. 53

Thus, as a threshold matter, MercExchange requests that the Court enter a protective order precluding defendants from seeking to enforce their overbroad subpoenas in other district courts in a manner that exceeds the scope of discovery permitted by the Post-Appeal Order. And clearly, this Court is in the best position to construe what its own order means. *Cf. Feller v. Brock*, 802 F.2d 722, 725-28 (4th Cir. 1986) ("prudence requires that whenever possible, coordinate courts should avoid issuing conflicting orders"); *Fincher v. Keller Indus., Inc.*, 129 F.R.D. 123, 125 (M.D.N.C. 1990) (while issuing courts have authority to enforce subpoenas, "parties' discovery rights in [the issuing] district can rise no higher than their level in the district of trial"). And as discussed *infra*, defendants have attempted to mislead these other courts with respect to the scope of discovery permitted by this Court. While MercExchange recognizes that the issuing courts have jurisdiction to enforce subpoenas issued from those courts, defendants should not be entitled to violate this Court's Post-Appeal Order by enforcing the subpoenas in an overbroad manner.

**B.    Defendants' Subpoena Upon Dr. Weaver Is Overbroad, Improper, And Should Be Quashed**

The subpoena upon MercExchange's trial expert witness, Dr. Weaver, seeks solely information that is irrelevant to either of the issues pending before the Court. Defendants' subpoena upon Dr. Weaver is an intentionally intrusive subpoena intended to invade upon the attorney-client privilege with respect to issues that are not even pending before this Court. Exhibit E (Weaver subpoena).

Remarkably, in a brief that defendants filed in support of their motion to compel in the Western District of Virginia, defendants represented that this Court had expressly authorized discovery of Dr. Weaver. Exhibit F (Defs' W.D. Va. Br.) at 5 ("the Discovery Order specifically authorizes discovery of Dr. Weaver"); 6 (referring to "the EDVA Court's express authorization

to take discovery of Mr. Weaver"); 8 ("the EDVA Court has granted eBay the opportunity to fully investigate Mr. Weaver's involvement in the reexamination and his post-trial work for MercExchange"). Of course, defendants provided no citation for this proposition and there is none. This Court made no such ruling. To the contrary, this Court *denied* defendants' request that MercExchange provide a control log for Dr. Weaver's communications pertaining to this case. *See infra* at 14-15.

In an equally baseless argument, defendants further contended in their brief (and presumably will do so here) that because Dr. Weaver was MercExchange's primary trial expert on infringement, his documents are likely to be essential to the pending issues before the Court because "eBay has since designed around this Patent". Defs' W.D.Va. Br. at 4. Defendants further contended that they must "determine the basis for MercExchange's allegation that eBay continues to infringe the '265 Patent. As MercExchange's leading expert of [sic] this issue, Mr. Weaver's evidence it [sic] central to the determination of whether or not the EDVA Court will issue a permanent injunction." *Id.*

This argument from defendants is wholly lacking in merit. There is an *affirmed* jury verdict of defendants' willful infringement of the '265 Patent. *MercExchange*, 401 F.3d at 1327-31. Apparently, notwithstanding this affirmed verdict of infringement, defendants believe that MercExchange is under a burden to *again* prove that defendants infringe the '265 Patent in order to have a remedy for that infringement.

The infringement trial in this case is *over* with respect to the '265 Patent and defendants have exhausted their appeals. As such, under the law with respect to permanent injunctions, it is of no moment that defendants hint that they may have subsequently designed around the patent

10

claims. A recent federal district court decision aptly summarizes the law with respect to this

point:

> [Defendant] first urges that the injunction should be denied because it has ceased
> to manufacture and sell the infringing product. Cessation of production and sales
> *is not in and of itself sufficient "sound reason" to deny a permanent injunction.*
> W.L. Gore & Associates, Inc. v. Garlock, Inc., 842 F.2d 1275, 1282 (Fed. Cir.
> 1988) (*"The mere fact that [infringer] was no longer making or selling the
> infringing filament and packing products is not a sufficient ground for denying
> an injunction against future infringement."*)   *Rather, the request for an
> injunction should be denied only when "the evidence is very persuasive that
> further infringement will not take place." Id.*   For example, where the infringer
> no longer had the manufacturing capacity to produce the infringing item, a
> permanent injunction was not appropriate. *Id.*  In this case, the only evidence of
> [defendant's] cessation of infringement is its own statement that it has done so. If
> this sufficed for the "very persuasive" evidence that infringement had
> permanently ceased, few permanent injunctions would issue.  As explained in
> *General Electric Co. v. New England Electric Mfg. Co.,* "The argument in such
> circumstances is very simple.  If the defendant be honest in his protestations an
> injunction will do him no harm; if he be dishonest, the court should place a strong
> hand upon him." 128 F. 738, 740 (2d Cir. 1904).

*Rosco, Inc. v. Mirror Lite Co.,* 2006 W.L. 2844400, * 4 (E.D.N.Y. Sept. 29, 2006) (emphasis

added) (attached as Exhibit G).

Accordingly, it is not only insufficient, it is legally irrelevant to the issues pending before

the Court that defendants suggest they may have ceased their willful infringement.

But defendants' arguments are all the more lacking in merit because, as this Court

observed in its December 18 Order, defendants presented no evidence or argument that they had

in fact designed-around the claims of the '265 Patent.  Although defendants publicly proclaimed

after the trial that they had designed around the patent, when it came time to brief the pending

issues before this Court, defendants failed to present any such evidence.  This Court took special

note of this, stating in its Post-Appeal Order, *"eBay appears to have failed to advance any*

*evidence nor even make the express, yet uncorroborated, claim that it has in fact designed*

*around the 265 Patent."*  Order at 12, n.9 (emphasis added).  In light of their failure to so much

11

as proffer an argument that they have ceased infringement of the '265 Patent, their present contention that they require discovery from Dr. Weaver in order to get a grasp of MercExchange's infringement theories is wholly without merit.

Thus, contrary to what defendants have represented to the Western District of Virginia, there is no issue of infringement currently being considered by this Court.[1] Defendants do not present any evidence or argument that they no longer infringe the '265 Patent, and even had they done so, under the governing law that would not impact on whether a permanent injunction should enter. MercExchange is under no burden to prove for a second time that defendants infringe the '265 Patent in order to be entitled to a remedy for the willful infringement proven at trial.

And as with the subpoena upon Fish & Richardson, discussed *infra,* defendants appear to seek to relitigate their protective order motion by having Dr. Weaver produce discovery relating to his declarations in connection with the reexaminations. Exhibit E (request nos. 1-4). For all the same reasons discussed *infra* at 14-15, these discovery requests are improper and beyond the scope of discovery of the December 18 Order. This Court held that Dr. Weaver's declarations did not violate the protective order, and this Court expressly denied defendants' request that Dr. Weaver provide a control log with respect to his communications. Post-Appeal Order at 23, 29. For defendants to demand this same information via subpoena — and contend to another federal district court that this Court authorized that which it expressly denied — plainly ignores this Court's Order with respect to the issue.

Finally, defendants' subpoena upon Dr. Weaver violates the expert witness discovery procedures established for this litigation. Throughout this litigation, the parties agreed that they would not require the exchange of draft reports of their expert witnesses, nor would they require

12

production of the communications between counsel and their respective expert witnesses. Indeed, throughout the five and one-half year course of this litigation, defendants have never provided drafts of their expert witnesses' reports, nor did they produce their communications with expert witnesses or even a privilege log with respect to their communications with their expert witnesses. In essence, defendants now insist that MercExchange provide such drafts and communications. There is no legitimate reason, however, why there should be one rule for MercExchange and a different rule for defendants.

### C. The Subpoena Upon MercExchange's Law Firm, Fish & Richardson, Seeks Information That Is Irrelevant To The Issues Pending Before The Court And Should Be Quashed In Its Entirety.

Defendants' subpoena upon MercExchange's law firm, Fish & Richardson, bears special scrutiny as it is clearly intended to intrude on information protected by the attorney-client privilege and work product doctrine. Defendants have requested, *inter alia,* literally every communication relating to MercExchange's patent prosecution or reexamination matters. *See* Exhibit A (*e.g.,* request no. 5 ("[a]ll documents relating to communications with the Patent Office from March 8, 2004 to the present").

MercExchange's internal communications with its counsel regarding patent prosecution and reexamination matters have no relevance to the two issues pending before the Court. The issues of infringement and validity of the '265 Patent have been tried and affirmed on appeal. And this Court has not yet authorized the parties to resume discovery with respect to the '051 Patent.

Defendants will undoubtedly argue that because they have invoked the PTO reexaminations of these two patents as a reason for this Court to stay all proceedings, this is the "camel's nose" that permits them to lift the tent off of all of MercExchange's communications with its patent counsel. However, the mere fact that defendants invoke the reexaminations as a

13

basis for granting a stay does not render relevant all manner of information pertaining to the conduct of the reexamination proceedings. Defendants have no right to participate in those *ex parte* reexamination proceedings (or MercExchange's other patent prosecution matters), and they have no cause for taking discovery in this Court for the purpose of those collateral administrative proceedings. Similarly, this Court has no power to resolve those proceedings before this Court.

The Court has before it the question whether to stay the case or not based on the fact that the reexaminations are ongoing but, stated simply, the parties are not going to "litigate" the reexaminations before this Court. Thus, all of defendants' discovery requests to Fish & Richardson are irrelevant to the issues before this Court. And clearly, much of this information will be privileged in any event.

It appears that defendants also intend to use this subpoena to relitigate another issue that this Court already resolved in its December 18 Order. Specifically, defendants made an unfounded allegation that MercExchange's expert witness Dr. Weaver violated the protective order in this case by serving declarations in the reexamination matters. With full knowledge that Dr. Weaver had served declarations in the reexamination proceedings, *defendants waited for two years without raising any objection in any manner whatsoever*. Without any attempt to meet-and-confer, defendants then sprung a motion for alleged violation of the protective order on MercExchange and asked that the Court sanction MercExchange.

The Court thoroughly considered and conclusively resolved this issue in its December 18 Order, holding that MercExchange had not violated the protective order, but also modifying the protective order to preclude Dr. Weaver from any further involvement in the reexamination proceedings. Post-Appeal Order at 22-29. Moreover, in response to a specific request from defendants that MercExchange provide a log of "all documents relating to communications with,

14

or analyses by, its experts regarding patent prosecution efforts," the Court *overruled* defendants'
request. *Id.* at 23, 29.

Defendants now demand this very same information and they also seek to relitigate this
issue by requesting production of literally every communication pertaining to the reexaminations
and specifically to the declarations filed in connection with the reexaminations. Exhibit L at 4-5.
Nothing in this Court's Order permitted discovery of this nature, and the Court should not permit
it now.

### D. Defendants Should Be Precluded From Exceeding The Scope Of This Court's Post-Appeal Order Through Their Subpoenas Upon Altitude Capital, Kenneth Nahan, and Nordlicht & Hand.

Defendants have moved in two other federal district courts to compel enforcement of
subpoenas upon Altitude Capital, Kenneth Nahan, and Nordlicht & Hand. Exhibits H, I and J
(attaching subpoenas). While each of these subpoenas is overbroad in various respects, each of
these respondents intends to produce responsive, non-privileged documents. Altitude Capital
produced responsive documents on February 5. Exhibit K. Mr. Nahan and Nordlicht & Hand
timely objected to the subpoenas, but are searching for responsive documents and they intend to
produce non-privileged documents to the extent they are found.

With respect to the scope of the latter two subpoenas, however, it appears defendants
intend to utilize this opportunity to relitigate another issue that is no longer before the Court,
specifically, the extent to which the so-called "Nahan or Honicorp system" constitutes prior art
to MercExchange's '265 Patent. Again, that issue has been conclusively resolved and is not
before the Court.

The sole issue before the Court pertinent to Mr. Nahan and his law firm Nordlicht &
Hand relates to a meeting they had with defendants' counsel shortly before the trial of this case.
*See generally* Post-Appeal Order at 17-21. After the close of discovery in this case and only one

15

**Ex. 4/ p. 60**

month before trial, defendants' counsel produced a videotape relating to Mr. Nahan's "Honicorp" system, and they represented to MercExchange and the Court that this video of the Honicorp system was a public "infomercial." Over MercExchange's objection, the Court then allowed this tape into evidence at trial as possible prior art. After the Nahans read press accounts about the trial verdict, they contacted MercExchange's counsel and told them they had contacted defendants' counsel before trial and had discussed the video. Mr. Nahan provided a declaration stating that he had told defendants' counsel before the trial that the video was confidential, *i.e.*, it was not a public "infomercial."[8]

MercExchange raised this issue as evidence of defendants' unclean hands, which weighed against defendants' request for the equitable relief of a stay of proceedings. In its December 18 Order, the Court permitted limited discovery with respect to this issue. Post-Appeal Order at 21. This Court made clear the limited purpose of the discovery, *viz.,* "such investigation is being permitted only as a result of eBay's tardy submission of the Newman video after the close of trial discovery." *Id.*

Thus, the issue before the Court is not whether defendants can now turn up some new evidence of prior art to belatedly bolster the defenses on which they lost at trial. Nor does it matter whether defendants can now dredge up some evidence of an earlier public disclosure of the Newman video or the Honicorp system generally. Rather, the issue is simply one of defendants' candor before this tribunal and what was communicated between the Nahans and defendants' counsel during their pretrial meeting. If defendants' representation to the Court was false when made, they cannot cure the falsity of their representation after the fact. Accordingly,

---

[8] Under well-settled patent law, if the video was confidential it could not constitute "prior art."

**Ex. 4/ p. 61**

discovery of Mr. Nahan and Nordlicht & Hand should be limited to the communications between the Nahans and defendants' counsel.

## IV.  CONCLUSION

For all the foregoing reasons, MercExchange respectfully requests that this Court enter a protective order precluding defendants from enforcing their subpoenas in other federal district courts in a manner that violates this Court's December 18 Order.  MercExchange further requests that this Court quash and/or limit the scope of the subpoenas in a manner consistent with the limitations of this Court's Order.

Ex. 4/ p. 62

Dated: February 9, 2007

Respectfully submitted,

MERCEXCHANGE, L.L.C.,

By: _____

Gregory N. Stillman (VSB# 14308)
**HUNTON & WILLIAMS, LLP**
500 East Main Street
Suite 1000
Norfolk, Virginia 23510
Telephone (757) 640-5300
Facsimile: (757) 625-7720

Thomas J. Cawley (VSB# 04612)
David M. Young (VSB# 35997)
**HUNTON & WILLIAMS, LLP**
1751 Pinnacle Drive, Suite 1700
McLean, Virginia 22102
Telephone: (703) 714-7400
Facsimile: (703) 714-7410

Scott L. Robertson
Jennifer A. Albert
Brian M. Buroker (VSB # 39581)
**HUNTON & WILLIAMS, LLP**
1900 K Street, N.W.
Washington, D.C. 20006-1109
Telephone: (202) 955-1500
Facsimile: (202) 778-2201

Attorneys for Plaintiff
MercExchange, L.L.C.

**Ex. 4/ p. 63**

18

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of February, 2007, I caused a copy of the foregoing **PLAINTIFF MERCEXCHANGE, L.L.C.'S BRIEF IN SUPPORT OF MOTION TO ENFORCE COURT'S DECEMBER 18 ORDER AND FOR PROTECTIVE ORDER CONCERNING DEFENDANTS' OVERBROAD DISCOVERY REQUESTS AND ATTEMPTED ENFORCEMENT OF SUBPOENAS DUCES TECUM** to be served as follows:

**By Hand Upon:**

Robert W. McFarland, VSB No. 24021
McGuire Woods, LLP
World Trade Center
101 West Main Street, Suite 900
Norfolk, VA 23510-1655
(757) 640-3700

**By Overnight Mail Upon:**

Jeffrey G. Randall
Skadden, Arps, Slate, Meagher & Flom, LLP
525 University Avenue
Suite 1100
Palo Alto, CA 94301

Allan M. Soobert
Skadden, Arps, Slate, Meagher & Flom, LLP
1440 New York Avenue, NW
Washington, DC 20005

**Ex. 4/ p. 64**

19

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

MERCEXCHANGE, L.L.C.,

        Plaintiff,

        Case No. 2:01-CV-736

v.

EBAY, INC. and HALF.COM, INC.,

        Defendants.


**DECLARATION OF GREGORY N. STILLMAN IN SUPPORT OF PLAINTIFF
MERCEXCHANGE, L.L.C.'S MOTION TO ENFORCE COURT'S DECEMBER 18
ORDER AND FOR PROTECTIVE ORDER CONCERNING DEFENDANTS'
OVERBROAD DISCOVERY REQUESTS AND ATTEMPTED ENFORCEMENT
<u>OF SUBPOENAS DUCES TECUM</u>**

I, Gregory N. Stillman, declare:

1.     I am an attorney at the law firm of Hunton & Williams LLP, counsel of record for MercExchange, L.L.C. ("MercExchange") in this action. I am a member in good standing of the State Bar of Virginia. I have personal knowledge of the facts set forth in this Declaration

and, if called as a witness, could and would testify competently to such facts under oath.

2.     Attached as Exhibit A is a true and correct copy of this Court's Order and Opinion of December 18, 2006.

3.     Attached as Exhibit B is a true and correct copy of defendants' subpoena *duces tecum* upon Fish & Richardson.

4.     Attached as Exhibit C are true and correct copies of letters that I sent to defendants' counsel on January 19 and 22, 2007, requesting a meet-and-confer with respect to the present discovery issues.

5.     Attached as Exhibit D is a true and correct copy of an e-mail that I sent to defendants' counsel on January 23, 2007, requesting a meet-and-confer with respect to the present discovery issues.

6.     Attached as Exhibit E is a true and correct copy of defendants' subpoena upon Dr. Alfred Weaver.

7.     Attached as Exhibit F is a true and correct copy (without exhibits) of defendants' brief filed in the Western District of Virginia in support of their motion to compel enforcement of the subpoena upon Dr. Weaver.

8.     Attached as Exhibit G is a true and correct copy of the Westlaw opinion for *Rosco, Inc. v. Mirror Lite Co.*, 2006 W.L. 2844400, * 4 (E.D.N.Y. Sept. 29, 2006).

9.    Attached as Exhibit H is a true and correct copy of defendants' subpoena on Altitude Capital Partners.

10.    Attached as Exhibit I is a true and correct copy of defendants' subpoena upon Mr. Kenneth Nahan.

11.    Attached as Exhibit J is a true and correct copy of defendants' subpoena on Nordlicht & Hand.

12.    Attached as Exhibit K is a true and correct copy of an email that I sent to defendant's counsel on February 5, 2007, regarding the production of documents on behalf of Altitude Capital Partners.

13.    Attached as Exhibit L is a true and correct copy of defendants' document requests served upon MercExchange.

Executed on February 9, 2007, at Norfolk, Virginia.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Gregory N. Stillman

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of February, 2007, I caused a copy of the foregoing **DECLARATION OF GREGORY N. STILLMAN IN SUPPORT OF PLAINTIFF MERCEXCHANGE, L.L.C.'S MOTION TO ENFORCE COURT'S DECEMBER 18 ORDER AND FOR PROTECTIVE ORDER CONCERNING DEFENDANTS' OVERBROAD DISCOVERY REQUESTS AND ATTEMPTED ENFORCEMENT OF SUBPOENAS DUCES TECUM** to be served as follows:

**By hand:**

Robert W. McFarland, VSB No. 24021
McGuire Woods, LLP
World Trade Center
101 West Main Street, Suite 900
Norfolk, VA 23510-1655
(757) 640-3700

**By Overnight Mail:**

Jeffrey G. Randall
Skadden, Arps, Slate, Meagher & Flom, LLP
525 University Avenue
Suite 1100
Palo Alto, CA 94301

Allan M. Soobert
Skadden, Arps, Slate, Meagher & Flam, LLP
1440 New York Avenue, N.W.
Washington, DC 20005

3

**EXHIBIT 5**



UNITED STATES PATENT AND TRADEMARK OFFICE

COMMISSIONER FOR PATENTS
UNITED STATES PATENT AND TRADEMARK OFFICE
P.O. BOX 1450
ALEXANDRIA, VA 22313-1450
www.uspto.gov

John C. Phillips                                    (For Patent Owner)
Fish & Richardson P.C.
12390 El Camino Real
San Diego, CA 92130

Jay B. Monahan                                     (For Requester)
EBay Inc.                                          MAILED
2145 Hamilton Avenue
San Jose, CA 95125                                 AUG 1 7 2005

                                                   REEXAM UNIT

In re MercExchange LLC                 :
  Reexamination Proceeding             : DECISION
Control No. 90/006,956                 : DISMISSING
Filed: March 8 2004                    : PETITION
For: U.S. Patent No. 5,845,265        :


This is a decision on the April 22, 2005 third party requester petition filed pursuant to 37 CFR 1.182. In this petition, petitioner requests that the Office take notice of prior findings alleged to have been arrived at during the course of prosecution of eighteen (18) related patent applications and apply these findings consistently in present reexamination proceeding.

The petition is before the Office of Patent Legal Administration for consideration of the above petition.

Petitioner has paid a petition fee under 37 CFR 1.17(h) of $130.00. However, effective November 22, 2004, the petition fee required for a petition under 37 CFR 1.182 is the fee set forth in 37 CFR 1.17(f). That fee is $400.00. Petitioner paid the $130.00 by check, and has not provided authorization to charge any fee deficiency to a Deposit Account.

### DECISION

The required petition fee of $400.00 has not been paid directly, or through authorization. Accordingly, the petition is dismissed. [1]

---

[1] See 37 CFR 1.181(d)

```
ERROR: ioerror
OFFENDING COMMAND: imagemask

STACK:

-dictionary-
-savelevel-
```