1  Jeffrey G. Randall (CA Bar No. 130811)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  525 University Avenue
   Palo Alto, CA 94301
3  (650) 470-4500
   Email: jrandall@skadden.com
4
   Allan M. Soobert (*pro hac vice*)
5  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   1440 New York Avenue
6  Washington, DC 20005
   (202) 371-7000
7  Email: asoobert@skadden.com

8  David Peyman (CA Bar No. 234268)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
9  300 South Grand Avenue, Suite 3400
   Los Angeles, CA 90071
10 (213) 687-5000

11 Attorneys for Defendants
   eBay Inc. and Half.com, Inc.
12

13

14                     IN THE UNITED STATES DISTRICT COURT

15                        SOUTHERN DISTRICT OF CALIFORNIA

16

17  MERCEXCHANGE, L.L.C.,                )   Case No. 3:07-CV-231
                                         )
18          Plaintiff,                   )   (Case No. 2:01-CV-736 Pending in the
                                         )   United States District Court for the Eastern
19      v.                               )   District of Virginia)
                                         )
20  eBAY INC. AND HALF.COM, INC.,        )
                                         )   **DEFENDANTS EBAY INC.'S AND**
21          Defendants.                  )   **HALF.COM, INC.'S REPLY IN**
                                         )   **SUPPORT OF THEIR MOTION TO**
22                                       )   **COMPEL FISH & RICHARDSON P.C.**
                                         )   **TO COMPLY WITH A SUBPOENA**
23                                       )   ***DUCES TECUM***

24

25

26

27

28
                                            **DEFENDANTS' REPLY SUPPORTING MTN TO COMPEL FISH &**
                                            **RICHARDSON TO COMPLY WITH SUBPOENA *DUCES TECUM***
                                            **Case No. 3:07-CV-231**

I. **INTRODUCTION**

Neither Fish & Richardson ("Fish") nor MercExchange[1] offers any legitimate reason to deny eBay Inc and Half.com, Inc's (collectively "eBay") request for discovery into issues the United States District Court for the Eastern District of Virginia ("EDVA Court") has expressly held relevant to the motions before it:

- First, Fish's blanket assertion that somehow "all of Defendant's discovery requests to Fish are irrelevant to the issues before the EDVA Court" is flatly refuted by the EDVA Court's Order that "***the PTO reexamination proceedings . . . are plainly pertinent to both the motion to stay and motion for an injunction.***" Fish has handled every aspect of these "plainly pertinent" reexamination proceedings. While the status of those proceedings may be determined from the public record, a host of discoverable documents remain within Fish's possession. For example, a FOIA request has revealed that substantive communications between Fish and the PATENT OFFICE have not been made of record in the reexaminations. Such communications bear on the scope of the patents at issue and the proper scope of the injunction MercExchange now seeks in Virginia. Also, MercExchange has relied exclusively upon a third-party declaration from Kenneth Nahan in support of an equitable argument before the EDVA Court. That declaration was originally prepared and submitted by Fish in the reexamination proceedings and documents in its possession are relevant to its veracity and corroboration.

- Second, Fish's similarly sweeping privilege objection is based on an apparent misunderstanding of eBay's request, the attorney client privilege, and its obligations under the Federal Rules of Civil Procedure. eBay is not seeking all communications between Fish and its client. Indeed, the only request Fish cites on this point is expressly directed to "communications *with the Patent Office*." Communications with third-parties such as an administrative agency or factual and expert declarants are beyond any claim of privilege or work product immunity. To the extent Fish possesses responsive documents that are privileged, it is incumbent upon them to provide a privilege log as called for by the subpoena and the Federal Rules.

- Third, Fish's attempt to invoke a purported stipulation between eBay and MercExchange regarding litigation materials is of no moment to eBay's request for the production of patent prosecution materials. Fish and MercExchange cannot shield relevant information from discovery by electing to use the same experts in its litigation and prosecution efforts—a practice the EDVA Court found improper and modified its protective order to expressly prohibit.

---

[1] MercExchange's attempt to supplement Fish's opposition with its own "opposition" is procedurally improper. Rule 45 of the Federal Rules of Civil Procedure includes no provision for a litigant to oppose its opponent's motion to compel compliance with a third-party subpoena. If MercExchange wished to be heard, the proper vehicle would have been a *timely* motion to quash or for protective order. MercExchange has sought neither from this Court and its brief should be stricken. eBay is concurrently filing a opposition to MercExchange's February 9, 2007 Motion to Quash because the motion is untimely and barred by Rule 45.

1

**DEFENDANTS' REPLY SUPPORTING MTN TO COMPEL FISH & RICHARDSON TO COMPLY WITH SUBPOENA *DUCES TECUM*
Case No. 3:07-CV-231**

- Fourth, Fish and MercExchange's argument that objections to a subpoena duly issued from this District to a California resident must be resolved by the EDVA Court misreads that court's Discovery Order. The cited provision explains that "*the parties must contact Magistrate Judge James Bradberry no later than February 6, 2007 to determine an expedited discovery dispute procedure.*" This is obviously limited to setting a protocol for disputes regarding the parties' discovery to each other, as the EDVA Court does not have jurisdiction to order third parties outside the district to comply with subpoenas issued outside the district. Fish's argument would effectively put it in a position where no court had jurisdiction to enforce eBay's subpoena. Such a result is nonsensical and contrary to the Federal Rules. Indeed, the United States District Court for the District of Connecticut recently granted a similar motion to compel after reviewing the same Discovery Order at issue here. *See MercExchange L.L.C v. eBay Inc.*, 3:07mc38 (D. Conn. Feb. 9, 2007) (Exh. 1 attached to the Declaration of Jeffrey G. Randall ("Randall Decl.")).

Fish and MercExchange have interfered with the discovery the EDVA Court ordered that eBay receive long enough. eBay served its subpoena over a month ago and Fish has yet to produce a single document despite its mid-January representation that it had begun the production process. The Court should not endorse MercExchange's efforts to prejudice eBay by leveraging an expedited schedule that MercExchange itself requested.

**II. NONE OF FISH'S ARGUMENTS JUSTIFY ITS BLANKET REFUSAL TO PRODUCE A SINGLE DOCUMENT**

**A. The EDVA Court Expressly Stated That the Discovery Sought is "Plainly Pertinent" to the Motions Before It**

Fish remarkably contends that "all of Defendant's discovery requests to Fish are irrelevant to the issues before the Virginia Court." Fish Opp. at 5. However, the EDVA Court's Discovery Order unambiguously explained that "***the PTO reexamination proceedings . . . are plainly pertinent to both the motion to stay and motion for an injunction.***" *See MercExchange, L.L.C. v. eBay Inc.*, 2006 U.S. Dist. LEXIS 91059 at *40 (E.D. Va. 2006)(emphasis added) (Peyman Decl. Exh. 1). Fish concedes that eBay's document requests are directed to these reexamination proceedings, which Fish has handled in their entirety. Thus, the relevance of such discovery is beyond any serious dispute.

Although one of the two motions before the EDVA Court is expressly premised upon the reexaminations, eBay is not relying upon that fact alone as the basis for its requests or seeking to participate or "litigate" the reexaminations as Fish contends. To be sure, the status of the

2

**DEFENDANTS' REPLY SUPPORTING MTN TO COMPEL FISH & RICHARDSON TO COMPLY WITH SUBPOENA *DUCES TECUM*
Case No. 3:07-CV-231**

reexaminations can be generally determined form the public record.  However, Fish possesses a host of relevant documents that are not otherwise available.

For example, Fish correctly notes that all communications with a United States Patent and Trademark Office ("Patent Office") examiner regarding a reexamination should be made part of the official prosecution record.  However, Fish has not done so here.  Documents provided by the Patent Office in response to a FOIA request have revealed that Fish and MercExchange have engaged in substantive off-the-record communications with the Patent Office examiner during the reexaminations.  Statements by the patentee in such communications bear directly on the proper scope of a patent's coverage and, therefore, the proper scope of the injunction MercExchange now seeks in the EDVA Court.

In addition, MercExchange has relied upon declarations from two third-parties—Kenneth Nahan and a vice-president of its licensee, uBid—in the motions pending in Virginia.  With respect to the Nahan declaration, the EDVA Court has noted its veracity and corroboration were questionable and that this was an appropriate subject of discovery.  *MercExchange, L.L.C.*, 2006 U.S. Dist. LEXIS 91059 at *36 (emphasis added) (Peyman Decl. Exh. 1) ("[T]he court recognizes not only that the declaration includes hearsay, but that Mr. Nahan has minimal corroboration for his position,"); *id.* at *39 ("[I]f eBay chooses to use one if its five depositions on Mr. Nahan, it may do so.").  The Nahan declaration in question was prepared and originally submitted to the Patent Office in the reexamination proceedings by Fish.  Thus, eBay is entitled to discovery surrounding its preparation and any documents supporting or refuting the statements it contains.  Fish also prepared and submitted a declaration from uBid's CEO during the reexaminations.  This declaration did not include the specific assertions that MercExchange included and relied upon in the uBid vice president's declaration, which is presently before the EDVA Court.  MercExchange has placed its relationship with uBid specifically at issue in its request for an injunction and eBay is

entitled to discovery of documents relating to the uBid declaration that Fish prepared, particularly in view of the differences between it and the declaration submitted to the EDVA Court.[2]

eBay's requests relating to uBid and Altitude Capital are similarly relevant to both the motion for permanent injunction and the motion for stay. As discussed *supra*, MercExchange's purported relationship with uBid is one of the central pieces of evidence that MercExchange relies on in its motion for a permanent injunction. Further, its relationship with Altitude Capital is similarly relevant, as MercExchange has put its financial viability absent an injunction at issue without disclosing that Altitude Capital recently invested millions of dollars in MercExchange.

Finally, MercExchange cannot dismiss the applicable relevance standard under Rule 26 as mere "boilerplate." Merc. Opp. at 5. It is settled that "a request for discovery would be considered relevant if there was 'any possibility' that the information sought may be relevant to the subject matter to the action." *Garrett v. Sprint PCS*, 2002 U.S. Dist. LEXIS 1914 at *3 (D. Kan. Jan. 31, 2002) (citations omitted) (Peyman Decl. Exh. 7) "Thus . . . a request for discovery should be allowed unless it is clear that the information sought can have no possible bearing on the claim or defense of any party." *Id.* at at *4. As set forth above and in eBay's opening brief, the discovery sought undeniably satisfies this threshold.[3]

### B. Fish's Blanket Privilege Objection Misreads the Plain Language of eBay's Requests and Does Not Relieve it of its Obligations Under the Subpoena

As with its unfounded, blanket relevance objection, Fish sweepingly concludes that it should not have to comply with the subpoena because "much of this information is privileged in any event." Fish Opp. at 5. Fish cannot possibly claim that every document requested by eBay is protected by either the attorney-client privilege or work product protection. As noted above and

---

[2] Indeed, Fish is intimately involved in this case. MercExchange's lead reexamination counsel, Fish attorney John Phillips, is a co-owner of MercExchange.

[3] While eBay disagrees with Fish's misstatement that Request No. 3 seeks the same information requested in Virginia, eBay withdraws that request from its subpoena solely to expedite the prompt production of documents that are relevant and responsive to its other requests. eBay additionally notes that such accommodation may have been had earlier if Fish and MercExchange actually conferred with eBay regarding the requests rather than categorically refusing to produce any documents.

4

**DEFENDANTS' REPLY SUPPORTING MTN TO COMPEL FISH & RICHARDSON TO COMPLY WITH SUBPOENA *DUCES TECUM*
Case No. 3:07-CV-231**

conceded by Fish, many of the requests are directed to documents regarding Fish's dealings with the Patent Office, a public agency, and third-party declarants to which no privilege or work product protection can apply. Indeed, Fish plainly misreads the only document request it cites to support its blanket privilege objection, as that request is expressly limited to "***communications with the Patent Office***." *See* Fish Opp. at 4 (emphasis added). More fundamentally, Fish's possession of some privileged documents does not relieve it from producing any non-privileged documents or a privilege log recording its claims to protection.

### C. Fish's Reliance upon a Stipulation Regarding Litigation Materials to Refuse Production of Relevant Patent Prosecution Materials is a Nonstarter

Fish irrelevantly relies upon a purported stipulation that eBay and MercExchange entered to not produce communications with their litigation experts or draft expert reports. Ignoring that Fish was not a party to any such stipulation, an agreement regarding production of expert-related materials in a litigation, where virtually all of counsel's work is done in anticipation of litigation, has no bearing on patent prosecution materials. MercExchange's improper use of its litigation experts in patent prosecution does not render relevant, non-privileged prosecution materials immune from discovery.[4] Fish's attempt to obscure this fact by accusing eBay of relitigating a protective order issue and by focusing on draft expert "reports" is unavailing. Request No. 2 of eBay's subpoena is not limited to "reports" but also requests "declarations" submitted in the reexaminations. Request No. 4 similarly seeks documents relating to "expert declarations filed with the Patent Office during the reexaminations of the patents in suit." Documents relating to declarations drafted for submission to the Patent Office are not prepared in anticipation of litigation and are not subject to the attorney client privilege. Moreover, because the declarations take positions regarding what the patents cover and do not cover, they are relevant to the proper scope of the injunction MercExchange now seeks.

---

[4] Although Fish emphasizes that the EDVA Court did not find MercExchange's experts to have violated the Protective Order by participating in the prosecution of the reexaminations, the court nonetheless modified the Protective Order *sua sponte* to prohibit any further participation.

**D. Fish's Argument that its Objections May Only Be Ruled Upon by a Court that has no Jurisdiction Over Fish Misreads the EDVA Court's Order and Contradicts the Federal Rules of Civil Procedure**

Despite the extremely compressed discovery schedule eBay faces, Fish now asks the Court to defer ruling on eBay's motion based on a provision of the EDVA Court's Order directed to discovery disputes between *the parties*. Recognizing the burdens of MercExchange's request for accelerated discovery, the EDVA Court provided that "the parties must contact Magistrate Judge James Bradberry ***no later than February 6, 2007*** to determine an expedited discovery dispute procedure." *MercExchange, L.L.C.*, 2006 U.S. Dist. LEXIS 91059 at *29 (emphasis added) (Peyman Decl. Exh. 1) (emphasis added). The emphasized language, which Fish notably omits from its citation, makes clear that the parties were to determine a dispute procedure to be applied prospectively to any disputes that arise between the parties before the March 2, 2007 discovery cutoff.[5] The Order says nothing about having to raise all discovery disputes, regardless of district, to the Magistrate first. Indeed, Fish and MercExchange's interpretation would require that any disputes arising after February 6, 2007 should have be raised to the Magistrate before they even occurred. Such a result is nonsensical. Moreover, the notion that the EDVA Court ordered that all disputes regarding subpoenas issued from other districts be resolved by a court without jurisdiction over the third parties' compliance is equally far-fetched.

The cited provision is obviously limited to setting a protocol for disputes regarding the *parties'* discovery to each other, as the EDVA Court does not have jurisdiction to order third parties outside the district to comply with subpoenas issued outside the district. Fish's argument would effectively put it in a position where no court had jurisdiction to enforce eBay's subpoena. Such a scenario is contrary to the Federal Rules of Civil Procedure and would turn the EDVA Court's Order, which grants eBay the right to discovery, on its head.

---

[5] Consistent with this requirement, on February 6, 2007, eBay proposed that party-discovery disputes be presented by two-page letter brief to the Magistrate. Randall Decl. Exh. 2. MercExchange offered no alternative protocol, yet proceeded with filing a 17-page brief seeking a protective order and a hearing on one-day's notice nearly a month after it received copies of eBay's subpoenas.

6

**DEFENDANTS' REPLY SUPPORTING MTN TO COMPEL FISH & RICHARDSON TO COMPLY WITH SUBPOENA *DUCES TECUM*
Case No. 3:07-CV-231**

1    Notably, the United States District Court for the District of Connecticut apparently does not share Fish's interpretation, as it recently granted a similar motion to compel after reviewing the same Discovery Order at issue here. *See MercExchange L.L.C v. eBay Inc.*, 3:07mc38 (D. Conn. Feb. 9, 2007) (Randall Decl. Exh. 1).

### III.  IT APPEARS FISH HAS LARGELY IGNORED ITS DUTY TO COMPLY WITH EBAY'S SUBPOENA

Contrary to Fish's opposition, eBay has no interest in portraying Fish as a "good guy," "bad guy," or anything else. Fish Opp. at 3. eBay merely seeks timely production of the discovery to which it is clearly entitled under the EDVA Court's Order and Rule 45. To that end, eBay served its subpoena pursuant to the EDVA Court's schedule on January 12, 2007, requesting that responsive documents be produced on January 24, 2007.[6] Peyman Decl. Exh. 2  On January 16, 2007, eBay received a letter from Fish & Richardson stating general objections to eBay's document requests. Peyman Decl. Exh. 4. The letter further promised that Fish would "review [its] files to determine if [the firm has] any material responsive to the subpoena" and "provide a privilege log identifying any documents being withheld." *Id.*

eBay accepted this representation and expected that Fish would produce responsive materials as called for in the subpoena on January 24, 2007. It is unclear if Fish now contends that eBay should have repeatedly contacted Fish in the interim to ensure it was doing what it said. Regardless, Fish's refusal to comply with the subpoena or its own representations left eBay with a single procedural avenue to pursue the requested discovery under Rule 45, a motion to compel, which eBay filed on February 2, 2007. Even after filing the motion, eBay continued its efforts to meet and confer in the hopes of reaching some agreement for production or to narrow the issues before the Court. However, on February 6, 2007—three weeks after agreeing to review its files for responsive documents and to produce a log of withheld documents—Fish was unable to confirm whether it would do so. Randall Decl. Exh. 3. The same day, MercExchange "conferred" with

---

[6]  Although the compressed schedule MercExchange requested forced eBay to request production in twelve days rather than the fourteen typically provided for in Rule 45, the District of Connecticut has ruled that this period was sufficient given the circumstances. *MercExchange L.L.C. v. eBay Inc.*, 3:07mc38 at 2 (D. Conn. Feb. 9, 2007) (Randall Decl. Exh. 1).

eBay regarding the subpoenas by proclaiming that "nothing eBay has requested pertaining to the reexam process is relevant." Randall Decl. Exh. 4. Thus, it is inescapable that eBay was never getting any documents in response to its subpoena without a motion to compel. Indeed, to date, Fish has produced no documents and no privilege log and has given no indication that it has even undertaken a search for responsive documents. The situation is only exacerbated by the compressed discovery schedule the EDVA Court imposed upon eBay *at MercExchange's request*.

### IV. FISH AND MERCEXCHANGE CANNOT COMPLAIN ABOUT MOTIONS TO COMPEL THAT THEY FORCED EBAY TO FILE

MercExchange and Fish remarkably complain about eBay filing "emergency" motions to compel its subpoenas in the districts that issued them. The motions are a direct result of MercExchange's attempts to delay and interfere with eBay's discovery efforts. Such discovery is only necessary because MercExchange elected to proffer a host of new declarations and arguments in support of its request for an injunction. Moreover, eBay is only under the strict scheduling restraints ordered by the EDVA Court because MercExchange requested them. Thus, the breadth and urgency of eBay's requests are a direct result of MercExchange's own conduct. Nonetheless, MercExchange now seeks to leverage the EDVA Court's scheduling accommodation to prevent eBay from receiving the fair opportunity for discovery that Court ordered.

MercExchange's instructions to Fish to not comply with the subpoena (Fish Opp. at 2) have been dutifully followed and are consistent with MercExchange's conduct in connection with eBay's other subpoenas. eBay served document subpoenas on six third-parties. Five of those third-parties, including Fish, are represented by or admittedly acting at the direction of MercExchange's counsel, Hunton & Williams. Randall Decl. Exhs. 5-8. None of those five parties had produced a single document or privilege log until eBay filed its motions to compel and only one has produced any documents since. Neither Fish nor the four third-parties represented by MercExchange's counsel intimated that the EDVA Court was the proper venue for the subpoenas in their objections. Indeed, the argument was raised for the first time by MercExchange last Friday in its motion for a protective order—nearly a month after eBay served its subpoenas and a week after eBay filed motions to compel, one of which has been granted with the rest scheduled for

hearings this week and next. *MercExchange L.L.C v. eBay Inc.*, 3:07mc38 (D. Conn. Feb. 9, 2007) (Randall Decl. Exh. 1).

eBay had no interest in filing these motions, it was forced by MercExchange to do so. eBay still must analyze any documents it receives to prepare for depositions that must be completed by March 2, 2007. Indeed, the one other third-party that was not represented by MercExchange's counsel, uBid, has already produced documents after working with eBay to resolve confidentiality concerns without any need to resort to motion practice. MercExchange and Fish should not be heard to complain that eBay filed motions their own positions necessitated.

## V. THE COURT SHOULD REQUIRE FISH & RICHARDSON TO COMPLY WITH THE SUBPOENA BY FEBRUARY 19, 2007

As noted above, eBay must analyze any documents produced and complete depositions by March 2, 2007. It has been a month since Fish received eBay's subpoena and since Fish represented that it would review its files for responsive documents and produce a privilege log. Thus, Fish has had ample time to prepare its response and the Court should order compliance with eBay's subpoena by February 19, 2007.

## VI. CONCLUSION

For the foregoing reasons, eBay Inc. and Half.com, Inc. respectfully request that this Court compel Fish & Richardson to comply with the subpoena *duces tecum*.

Dated: February 13, 2007                    Respectfully submitted,

                                            **s/ Jeffrey G. Randall**
                                            Jeffrey G. Randall (CA Bar No. 130811)

                                            Attorneys for Defendants
                                            eBay Inc. and Half.com, Inc.