Jeffrey G. Randall (CA Bar No. 130811)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, CA 94301
(650) 470-4500
Email: jrandall@skadden.com

Allan M. Soobert (*pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue
Washington, DC 20005
(202) 371-7000
Email: asoobert@skadden.com

David Peyman (CA Bar No. 234268)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
(213) 687-5000

Attorneys for Defendants
eBay Inc. and Half.com, Inc.

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCEXCHANGE, L.L.C., | Case No. 3:07-CV-231 |
| Plaintiff, | (Case No. 2:01-CV-736 Pending in the United States District Court for the Eastern District of Virginia) |
| v. | |
| eBAY INC. AND HALF.COM, INC., | **DEFENDANTS EBAY INC. AND HALF.COM, INC.'S OPPOSITION TO PLAINTIFF MERCEXCHANGE, L.L.C.'S MOTION TO QUASH SUBPOENA *DUCES TECUM* UPON FISH & RICHARDSON P.C.** |
| Defendants. | |

I.   **INTRODUCTION AND STATEMENT OF FACTS**

Plaintiff MercExchange, L.L.C.'s ("MercExchange") motion to quash ("Motion") the subpoena *duces tecum* served by Defendants eBay and Half.com (collectively, "eBay") upon Fish & Richardson ("Fish") is procedurally improper and should be denied.

1

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO
QUASH SUBPOENA *DUCES TECUM*
Case No. 3:07-CV-231

The background and facts of this case have been recited in eBay's motion to compel and reply before this court. The relevant facts for this opposition are briefly stated as:

- January 12, 2007: eBay served the subpoena at issue on Fish (Peyman Decl. Exh. 2), a copy of which was provided to MercExchange's counsel. The subpoena commanded documents to be produced on January 24, 2007;

- January 16, 2007: Fish objected by letter to the subpoena (Peyman Decl. Exh. 4); and

- February 9, 2007: MercExchange filed a motion to quash the subpoena in this Court.

## II.   ARGUMENT

### A.   MercExchange's Motion to Quash is Untimely Under Rule 45

Federal Rule of Civil Procedure 45 ("Rule 45") requires a "timely motion" to quash a subpoena. Fed. R. Civ. P. 45(c)(3). Courts have interpreted "timely" to require a party to file their motion by the date specified on the subpoena for compliance. *See, e.g.*, 9 Moore's Fed. Pract. 45.50 ("[C]ourts have required that the motion be made before the date specified by the subpoena for compliance . . ."); *Del Campo v. Kennedy*, 236 F.R.D. 454, 459 (N.D. Cal. 2006) (holding a party's motion to quash untimely because it was filed over a month after service of the subpoena); *Motorsports Merch. Antitrust Litig.*, 186 F.R.D. 344, 350 (W.D. Va. 1999) (a motion to quash filed 36 days after corporate representatives became aware of subpoena and two months after it was due is untimely). By failing to bring their motion until 28 days after service and 16 days after the date specified on the subpoena for compliance, MercExchange's motion to quash is untimely and procedurally barred.

Further, MercExchange provides no basis for failing to timely move to quash, nor can it. MercExchange received prompt notice of the subpoena yet failed to act for nearly a month in spite of the compressed discovery deadlines imposed by the Eastern District of Virginia Court ("EDVA Court") for this phase of the litigation—timelines that were imposed to accommodate MercExchange. *See MercExchange, L.L.C. v. eBay Inc.*, 2006 U.S. Dist. LEXIS 91059 at *30, n.11 (E.D. Va. Dec. 8, 2006) (Peyman Decl. Exh. 1). MercExchange's tardy filing of this Motion only serves to delay the discovery eBay needs to defend itself against the new factual assertions MercExchange relies upon in motions pending before the EDVA Court, as is outlined in eBay's

motion to compel and reply. *See also MercExchange*, 2006 U.S. Dist. LEXIS 91059 at *26, n.10 (Peyman Decl. Exh. 1) ("Although MercExchange firmly opposes reopening discovery . . ., it was MercExchange that submitted numerous expert reports . . . and a declaration . . . . The court's decision to consider such materials necessitates that eBay be permitted the opportunity to investigate them.") Therefore, MercExchange should be given no leniency in their delayed filing of this motion, as it is merely another attempt to impede eBay's righteous discovery efforts.

### B.  The Fish Subpoena Seeks Information Relevant to Matters Pending before the EDVA Court

Even if MercExchange's Motion is procedurally proper, this Court should deny the Motion based on the arguments set forth in eBay's motion to compel and reply, which eBay hereby incorporates by reference. Specifically, the documents eBay requests are relevant to whether an injunction or stay should issue in this case. In fact, the EDVA Court in its Post-Appeal Order stated that "***the PTO reexamination proceedings . . . are plainly pertinent to both the motion to stay and motion for an injunction.***" *MercExchange*, 2006 U.S. Dist. LEXIS 91059 at *40 (emphasis added) (Peyman Decl. Exh. 1). Since Fish is representing MercExchange in the reexamination proceedings, eBay's subpoena to Fish is fully consistent with the scope of discovery the EDVA Court's Order contemplated.

### III.  CONCLUSION

For the foregoing reasons, eBay Inc. and Half.com, Inc. respectfully request that this Court deny MercExchange's motion to quash because it is untimely and directly contravenes the EDVA Court's Order.

Dated: February 13, 2007                             Respectfully submitted,

**s/ Jeffrey G. Randall**
Jeffrey G. Randall (CA Bar No. 130811)

Attorneys for Defendants
eBay Inc. and Half.com, Inc.